**Lewis R. Landau** (CA Bar No. 143391)
**Attorney at Law**
23564 Calabasas Road, Suite 104
Calabasas, California 91302
Voice and Fax: (888)822-4340

Proposed Attorney for
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Valley MHP, LLC,<br><br>        Debtor. | Case No.: 1:10-bk-20599-GM<br><br>Chapter 11<br><br>**STATUS REPORT RE CHAPTER 11 CASE**<br><br>Date:  October 12, 2010<br>Time:  10:00 a.m.<br>Place: Courtroom 303; Judge Mund<br>         US Bankruptcy Court<br>         21041 Burbank Blvd., 3rd Floor<br>         Woodland Hills, California 91367 |

Valley MHP, LLC, a California limited liability company, debtor in possession ("Debtor"), herein files the Debtor's status report pursuant to the Court's September 15, 2010 Order Setting Scheduling and Case Management Conference and true and correct copy of which is attached hereto as Exhibit 1. Debtor's status report is as follows as keyed to the requests for information contained on pages 3 and 4 of the Court's order:

**1. Brief description of the Debtor's business and principal assets and liabilities**.

The Debtor owns and manages a 27 unit mobile home park located at 7936 Woodley Avenue, Van Nuys, California 91406 ("Property"). The Debtor values the Property at $1.4 million in its amended schedules and an updated appraisal is in process. Debtor's principal liability is a first mortgage to Remedy Investors, LLC ("Remedy") with a balance of approximately $1 million.

**2. What precipitated the bankruptcy filing?**

The Debtor filed its chapter 11 case due to an imminent foreclosure by Remedy.

**3. What does the Debtor hope to accomplish in the case?**

Through the chapter 11 process, the Debtor will seek to stabilize rents by completing an electrical system upgrade and reduce default interest expense toward confirming a feasible reorganization plan.

**4. What are the principal disputes or problems to solve?**

The Property has a total of 27 units of which only 11 are rented. The Debtor's current income is approximately $5,000 monthly from the rental of eleven (11) mobile home lots which is sufficient to cover operational expenses but not debt service. The Debtor's property manager also occupies one additional lot. The Debtor cannot rent more than one (1) additional lot as burdening the electrical system with more than thirteen (13) units will overload the current electrical system. However, achieving full occupancy, which is very feasible in the current market, cannot be accomplished until the electrical system is upgraded.

Thus, the Debtor's principal problem is to complete its electrical upgrades so it can go to full occupancy. The Debtor is working to secure $100,000 in financing to complete the upgrades.

**5. What is the best method to expeditiously and cost-effectively resolve the disputes?**

The Debtor is working to secure $100,000 in financing to complete the upgrades. It will take two (2) months to complete the upgrades once financing is secured.

**6. Is the Debtor in full compliance with all rules, regulations and UST requirements?**

Debtor in Possession counsel was retained on September 24, 2010 and is confirming that Debtor is in full compliance. As far as Debtor in Possession counsel is aware, Debtor is in compliance.

**7. Identification of professionals retained or to be retained and budget.**

Lewis R. Landau is Debtor's general bankruptcy counsel. An employment application was filed on September 28, 2010 [docket # 20]. Debtor in Possession counsel received a $25,000 retainer and absent unforeseen litigation, counsel should be able to conclude the case for the retainer amount.

**8. Cash collateral issue description.**

Rents collected from tenants are subject to Remedy's interest in cash collateral. The Debtor has general and cash collateral DIP accounts. Since the August 25, 2010 commencement of the case, the Debtor collected approximately $5,000 in September rents. Due to the Debtor failing to close its prepetition account, the following prepetition expenses were erroneously paid postpetition: Consolidated Disposal $504.06, Bank of America $535.06, CA Fair Plan $166.13, First Insurance Fund $613.16, PLM Service $2,985.30, Markest, Inc. $53.14, Parasec $448.00. Since the Markest $53.14 payment was a payment to an insider, the funds will be refunded into the newly opened cash collateral account by Markest.

Debtor has received one additional $550 rent payment which has been deposited into the Debtor's general account to be transferred into the cash collateral account upon clearance. In connection with the receipt of October rents, all such rents will be deposited into the general account and transferred into the cash collateral account upon clearance.

Debtor will shortly be requesting a stipulation to use cash collateral from Remedy. If no such consent is forthcoming for basic operational expenses (similar to those shown above) then the Debtor will move the Court for approval to use cash collateral. No further cash will be used absent consent or a Court order.

**9. Status of FRBP 1007 compliance and UST compliance.**

Debtor is in compliance.

**10. Single asset real estate case issues.**

Debtor is a single asset real estate debtor.

**11. Small business case issues.**

Debtor is not a small business case because Debtor's primary business is operating real property.

**12. Identification of executory contracts and leases and Debtor's intentions.**

Debtor's executory contracts are its tenant leases that will be assumed in, or ride through, the chapter 11 plan.

1     **13. Proposed deadlines for claims, objections, avoidance actions and plan.**

2     Claims deadline:    November 15, 2010;

3     Objections filing deadline:    January 31, 2010;

4     Plan filing deadline:    November 23, 2010;

5     Avoidance action deadline:    Concurrently with plan confirmation.

6     **14. Identification of any environmental issues.**

7     None.

8     Dated: October 1, 2010    **Lewis R. Landau**
    **Attorney at Law**

9

10     By:*/s/ Lewis R. Landau*
    Lewis R. Landau

11     Proposed Attorney for the Debtor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

FILED & ENTERED

SEP 15 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ___ DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Valley MHP, LLC.,<br><br>Debtor(s). | Case No: 1:10-bk-20599-GM<br><br>Chapter: 11<br><br>**ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE AND FILING OF MONTHLY REPORTS**<br><br>Hearing Date: October 12, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 303<br> 21041 Burbank Blvd.<br> Woodland Hills, CA 91367 |

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. § 105(d), the Court will conduct a status conference in the above-referenced case at the date and time set forth above, in Courtroom 303 of the U.S. Bankruptcy Court, 21041 Burbank Blvd, Woodland Hills, CA 91367.

**PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence presented at the status conference, the Court may take any of the following actions at the status conference (or at any continued hearing) without further notice:

1. Dismiss the case;

2. Convert the case to another chapter;

3. Order appointment of a chapter 11 trustee or an examiner;

4. Establish deadlines for filing claims, requests for payment of administrative expenses, and/or objections to claims;

5. Set deadlines for filing of a proposed plan and disclosure statement by the Debtor or any other interested party;

6. Set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the Debtor or any other interested party;

7. Fix the scope and format of the notice to be provided regarding the hearing on the approval of the disclosure statement;

8. Provide that the hearing on the approval of the disclosure statement may be combined with the hearing on the confirmation of the plan;

9. Set a deadline for confirmation of a plan;

10. Set deadlines for compliance with reporting and other chapter 11 debtor-in-possession requirements;

11. Set deadlines for assuming or rejecting executory contracts or unexpired leases; and/or

12. Refer matters to mediation.

**IT IS ALSO HEREBY ORDERED** as follows:

1. The Debtor(s) or its principal officer, and the Debtor's counsel, shall personally appear in person at the status conference;

2. The debtor-in-possession (or the Chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or the twenty (20) largest creditors, if no committee has been appointed), and any parties that have requested special notice in the case, no later than twenty-four (24) days prior to the date scheduled for the status conference;

3. The debtor-in-possession (or the chapter 11 trustee, if one has been appointed) shall file with the Court and serve on the parties identified in the preceding

paragraph no later than eleven (11) days prior to the status conference date a written status report that includes the following information:

a.  Brief description of the Debtor's business, if any, and the principal assets and liabilities of the estate.

b.  Brief answer to these questions:

  i.  What precipitated the bankruptcy filing?

  ii.  What does the Debtor hope to accomplish in the Chapter 11 case? Does the Debtor anticipate this will be a reorganization or liquidation?

  iii.  What are the principal disputes or problems to be resolved?

  iv.  What is the best method to resolve those disputes or problems expeditiously and cost-effectively?

c.  Whether the debtor complied with all of its duties under 11 U.S.C. §§308 (if applicable), 521, 1106, 1116 (if applicable), F.R.B.P. 4002, and all applicable guidelines of the Office of the United States Trustee, and if not, why not?

  i.  Identification of professionals retained by or intended to be retained by the estate, a general description of the type of services to be rendered, and a budget for their estimated services and expenses;

  ii.  Identification of and accounting for all post-petition cash collateral pursuant to 11 U.S.C. §§361 and 363, specifically including any written consents or court orders governing its permitted use;

   iii. A representation that there has been of full compliance with F.R.B.P. Rule 1007 regarding the filing of schedules and statements of financial affairs, full compliance with all reporting and administrative requirements established by the United States Trustee or a detailed explanation of why compliance is not complete;

   iv. Whether the debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. §101(51B);

   v. Whether the debtor is a "small business debtor" requiring treatment as a "small business case." See 11 U.S.C. §§101(51C); 1102(a)(3), 1121(e) 1125(f) + 1129(e);

   vi. Identification of any unexpired leases and executory contracts to which the Debtor is a party and the Debtor's intention with regard to these leases and contracts.

13. Proposed deadlines for filing:
 a. Claims;
 b. Objections to claims;
 c. Avoidance Actions;
 d. Plan of reorganization and disclosure statement.

   viii. Whether the estate includes any property that could potentially give rise to claims or litigation based upon federal or state environmental laws;

4. The debtor must file, with the court, a copy of each operational, management, and financial report required by LBR 2015-2. The debtor must file these reports electronically with the court on the same day it files them with the United States

    Trustee. The debtor should not serve the court with courtesy copies of these reports.

5. Any party may request that the court enter an order consistent with Federal Rule of Evidence 502(d). A party requesting such order should file a motion and serve that motion on the trustee or Debtor in Possession, US Trustee, and the twenty largest creditors.

6. Debtor and debtor's counsel must appear personally. Any other party may appear telephonically as long as the necessary arrangements are made by 3pm the day before the status conference.

**IT IS FURTHER ORDERED** that, unless the Court orders otherwise upon motion by the Debtor or other interested parties, all plans and disclosure statements filed in this case shall be prepared in accordance with the current chapter 11 Disclosure Statement form and chapter 11 plan form approved by the Court for use in this district.

###

DATED: September 15, 2010

*/s/ Geraldine Mund*
United States Bankruptcy Judge

| In re: Valley MHP, LLC | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
23564 Calabasas Road, Suite 104
Calabasas, CA 91302

A true and correct copy of the foregoing document described as  Status Report re Chapter 11 Case
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  10/1/10  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  10/1/10  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Judge Mund, US Bankruptcy Court, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/1/10 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                      **F 9013-3.1**

| | |
|---|---|
| In re: Valley MHP, LLC | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Scott C Clarkson on behalf of Creditor Remedy Investors, LLC
sclarkson@lawcgm.com

Glen Dresser on behalf of Creditor Community Commerce Bank
gombd@aol.com

Eve A Marsella on behalf of Creditor Remedy Investors, LLC
emarsella@lawcgm.com

Robert Reganyan on behalf of Debtor Valley MHP, LLC.
reganyanlawfirm@gmail.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

Hedamar Development Inc
1500 Washington Blvd
Montebello, CA 90640-5402

JLAB 613 Holdings Inc
23013 Hummingbird Way
Calabasas, CA 91302-1840

Joseph A Magna
PO Box 1485
Whittier, CA 90609-1485

LA DWP
111 N Hope St
Los Angeles, CA 90012-2607

Markest Inc
1516 Washington Blvd
Montebello, CA 90640-5402

Additional:
Robert L. Starr
Law Offices of Robert L. Starr
23277 Ventura Blvd
Woodland Hills, CA 91364