1

**Lewis R. Landau** (SBN 143391)
**Attorney at Law**
23564 Calabasas Road, Suite 104
Calabasas, CA  91302
Voice and Fax:  888-822-4340
Email: Lew@Landaunet.com

2

3

4

Attorney for Debtor in Possession

5

6

7

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**SAN FERNANDO VALLEY DIVISION**

11

| | |
|---|---|
| In re | Case No.: 1:10-bk-20599 GM |
| Valley MHP, LLC, | In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.) |
| Debtor | **DEBTOR'S ORIGINAL DISCLOSURE STATEMENT DESCRIBING ORIGINAL CHAPTER 11 PLAN** |

12

13

14

15

16

**Disclosure Statement Hearing**

17

Date:   January 11, 2011
Time:  10:00 a.m.
Place:  Courtroom 303; Judge Mund
          US Bankruptcy Court
          21041 Burbank Blvd., 3rd Floor
          Woodland Hills, CA 91367

18

19

20

**Plan Confirmation Hearing**

21

Date:      To Be Set
Time:      To Be Set
Crtrm.:   303; 3rd Floor
             US Bankruptcy Court; Judge Mund
             21041 Burbank Blvd., 3rd Floor
             Woodland Hills, CA 91367

22

23

24

25

26

27

28

LEWIS R. LANDAU
ATTORNEY AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS R. LANDAU
ATTORNEY AT LAW

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 2

   A.   Purpose of This Document. ................................................................................ 2

   B.   Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing. ................. 3
       1.   Time and Place of the Confirmation Hearing. ............................................... 3
       2.   Deadline For Voting For or Against the Plan. ............................................... 3
       3.   Deadline For Objecting to the Confirmation of the Plan. ................................ 4
       4.   Identity of Person to Contact for More Information Regarding the Plan. ........... 4

   C.   Disclaimer. .................................................................................................... 4

II. BACKGROUND ....................................................................................................... 4

   A.   Description and History of the Debtor's Business. ................................................ 4

   B.   Principals/Affiliates of Debtor's Business. .......................................................... 4

   C.   Management of the Debtor Before and After the Bankruptcy. ................................ 4

   D.   Events Leading to Chapter 11 Filing. ................................................................ 5

   E.   Significant Events During the Bankruptcy. ......................................................... 5
       1.   Bankruptcy Proceedings. .......................................................................... 5
       2.   Other Legal Proceedings. ......................................................................... 7
       3.   Actual and Projected Recovery of Preferential or Fraudulent Transfers. .......... 7
       4.   Procedures Implemented to Resolve Financial Problems. ............................... 7
       5.   Current and Historical Financial Conditions. ................................................ 7

III. SUMMARY OF THE PLAN OF REORGANIZATION ............................................... 7

   A.   What Creditors and Interest Holders Will Receive Under The Proposed Plan. ........... 7

   B.   Unclassified Claims. ....................................................................................... 8
       1.   Administrative Expenses. .......................................................................... 8
       2.   Priority Tax Claims. ................................................................................. 9

   C.   Classified Claims and Interests. ....................................................................... 9
       1.   Classes of Secured Claims. ........................................................................ 9
       2.   Classes of Priority Unsecured Claims. ....................................................... 10
       3.   Classes of General Unsecured Claims. ....................................................... 10
       4.   Class(es) of Interest Holders. ................................................................... 11

   D.   Means of Effectuating the Plan. ...................................................................... 12
       1.   Funding for the Plan. .............................................................................. 12
       2.   Post-confirmation Management. ............................................................... 12
       3.   Disbursing Agent. .................................................................................. 12

   E.   Risk Factors. ............................................................................................... 12

   F.   Other Provisions of the Plan. .......................................................................... 12

1. Executory Contracts and Unexpired Leases. .................................................................. 12
2. Changes in Rates Subject to Regulatory Commission Approval. .................................. 13
3. Retention of Jurisdiction. ............................................................................................ 13

G. Tax Consequences of Plan. ................................................................................................ 13

## IV. CONFIRMATION REQUIREMENTS AND PROCEDURES ................................................ 13

A. Who May Vote or Object. .................................................................................................. 14
1. Who May Object to Confirmation of the Plan. ............................................................ 14
2. Who May Vote to Accept/Reject the Plan. .................................................................. 14
3. Who is Not Entitled to Vote. ....................................................................................... 15
4. Who Can Vote in More Than One Class. ..................................................................... 15
5. Votes Necessary to Confirm the Plan. ......................................................................... 15
6. Votes Necessary for a Class to Accept the Plan. .......................................................... 16
7. Treatment of Nonaccepting Classes. ........................................................................... 16
8. Request for Confirmation Despite Nonacceptance by Impaired Class(es). ................... 16

B. Liquidation Analysis. ........................................................................................................ 16

C. Feasibility. ........................................................................................................................ 19

## V. EFFECT OF CONFIRMATION OF PLAN ............................................................................ 20

A. Discharge. ......................................................................................................................... 20

B. Revesting of Property in the Debtor. ................................................................................. 20

C. Modification of Plan. ......................................................................................................... 20

D. Post-Confirmation Status Report. ..................................................................................... 20

E. Post-Confirmation Conversion/Dismissal. ......................................................................... 21

F. Final Decree. ..................................................................................................................... 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS R. LANDAU
ATTORNEY AT LAW

# I.

## INTRODUCTION

Valley MHP, LLC ("Debtor") is the Debtor in a Chapter 11 bankruptcy case.  On August 25, 2010, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a plan of reorganization ("Plan").  The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  The Debtor is the party proposing the Plan sent to you in the same envelope as this document.  THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.

This is a plan of reorganization.  In other words, the Proponent seeks to accomplish payments under the Plan by paying creditors from revenues generated by future operations.  The Effective Date of the proposed Plan is May 1, 2011.

### A.    Purpose of This Document.

This Disclosure Statement summarizes what is in the Plan, and tells you certain information relating to the Plan and the process the Court follows in determining whether or not to confirm the Plan.

READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:

(1)    WHO CAN VOTE OR OBJECT,

(2)    WHAT THE TREATMENT OF YOUR CLAIM IS (i.e., what your claim will receive if the Plan is confirmed), AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION,

(3)    THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY,

(4)    WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN,

(5)    WHAT IS THE EFFECT OF CONFIRMATION, AND

LEWIS R. LANDAU
ATTORNEY AT LAW

**(6)    WHETHER THIS PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights.  You should consider consulting your own lawyer to obtain more specific advice on how this Plan will affect you and what is the best course of action for you.

Be sure to read the Plan as well as the Disclosure Statement.  If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern.

The Code requires a Disclosure Statement to contain "adequate information" concerning the Plan.  The Bankruptcy Court ("Court") has approved this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan.  Any party can now solicit votes for or against the Plan.

**B.    Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing.**

THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS DISCLOSURE STATEMENT. IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT YET BINDING ON ANYONE.  HOWEVER, IF THE COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ON ALL CREDITORS AND INTEREST HOLDERS IN THIS CASE.

**1.    Time and Place of the Confirmation Hearing.**

The hearing where the Court will determine whether or not to confirm the Plan will take place on the date set forth in the accompanying notice, once set, in Courtroom 303, 3rd Floor, 21041 Burbank Blvd., Woodland Hills, CA 91367.

**2.    Deadline For Voting For or Against the Plan.**

If you are entitled to vote, it is in your best interest to timely vote on the enclosed ballot and return the ballot in the enclosed envelope to Lewis R. Landau, Attorney at Law, 23564 Calabasas Road, Suite 104, Calabasas, CA 91302.

Your ballot must be received by the date set forth in the accompanying notice or it will not be counted.

LEWIS R. LANDAU
ATTORNEY AT LAW

**3.    Deadline For Objecting to the Confirmation of the Plan.**

Objections to the confirmation of the Plan must be filed with the Court and served upon

Lewis R. Landau, Attorney at Law, 23564 Calabasas Road, Suite 104, Calabasas, CA 91302 by

the date set forth in the accompanying notice.

**4.    Identity of Person to Contact for More Information Regarding the Plan.**

Any interested party desiring further information about the Plan should contact Lewis R.

Landau, Attorney at Law, 23564 Calabasas Road, Suite 104, Calabasas, CA 91302, voice and fax:

888-822-4340, email Lew@Landaunet.com.

**C.    Disclaimer.**

The financial data relied upon in formulating the Plan is based on the Debtor's books and

records.  The information contained in this Disclosure Statement is provided by the Debtor.  The

Plan Proponent represents that everything stated in the Disclosure Statement is true to the

Proponent's best knowledge.  The Court has not yet determined whether or not the Plan is

confirmable and makes no recommendation as to whether or not you should support or oppose the

Plan.

**II.**

**BACKGROUND**

**A.    Description and History of the Debtor's Business.**

Valley MHP, LLC is a Nevada limited liability company, having been formed on

December 19, 2007.  The Debtor case is a single asset real estate entity in that all of the Debtor's

income is generated from the operation of a 27 unit mobile home park located at 7936 Woodley

Avenue, Van Nuys, California 91406 ("Property").  The Debtor filed its chapter 11 case due to an

imminent foreclosure by Remedy Investors, LLC ("Remedy").

**B.    Principals/Affiliates of Debtor's Business.**

The Debtor is wholly owned by Hedamar Development, Inc. ("Hedamar").

**C.    Management of the Debtor Before and After the Bankruptcy.**

The Debtor's managing member is Markest, Inc. and its principal Mark Magna.

**D.    Events Leading to Chapter 11 Filing.**

Here is a brief summary of the circumstances that led to the filing of this Chapter 11 case:

The Debtor case is a single asset real estate entity in that all of the Debtor's income is generated from the operation of a 27 unit mobile home park located at 7936 Woodley Avenue, Van Nuys, California 91406 ("Property").

The original business plan for the Property involved eliminating the mobile home park and constructing a self-storage facility. At that time, the relocation fee for mobile home residents was $8,000 per unit. After the Debtor's parent company originally acquired the Property, the relocation fees were increased by the City of Los Angeles to $20,000 per unit. This change made the transition to self-storage infeasible. Thus, the Debtor has refocused on stabilizing its mobile home park rents to reorganize its affairs.

The Property was appraised by a bank in June, 2006 for $1.7 million. The Property suffers from a deficient electrical distribution system that restricts the Debtor's ability to achieve full occupancy. The Debtor's current income is approximately $5,000 monthly from the rental of eleven (11) mobile home lots which is sufficient to cover operational expenses but not debt service. The Debtor's property manager also occupies one additional lot. The Debtor cannot rent more than one (1) additional lot as burdening the electrical system with more than thirteen (13) mobile home units will overload the deficient system.

In order to achieve rent stabilization and full occupancy, the Debtor will need to repair and upgrade its electrical distribution system. The Debtor is presently upgrading the system and expects to have the repairs completed and occupancy beginning to increase in February, 2011.

The Debtor defaulted on its bank loan presently held by Remedy and the chapter 11 case was filed due to Remedy's imminent foreclosure sale. The Debtor has since settled its defaults with Remedy per the Term Sheet attached hereto as Exhibit 2.

**E.    Significant Events During the Bankruptcy.**

**1.    Bankruptcy Proceedings.**

The following is a chronological list of significant events which have occurred in the case:

1.    On August 25, 2010 the Debtor filed its voluntary chapter 11 petition.

2.      On September 28, 2010 the Debtor moved to approve the employment of Lewis R. Landau as general bankruptcy counsel.  On October 20, 2010, the Court entered its order approving the employment of Lewis R. Landau as the Debtor's general bankruptcy counsel.

3.      The Debtor has filed all schedules, statements, lists and initial and monthly operating reports required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedures and United States Trustee guidelines.

4.      The Court Clerk set the Debtor's 341(a) meeting of creditors for September 196, 2010.  The meeting of creditors was conducted and concluded on that date.

5.      On September 15, 2010 the Court entered its order setting a chapter 11 status conference for October 12, 2010.  On October 12, 2010 the Court conducted the initial status conference and the status conference has been continued to the presently scheduled date of December 7, 2010.

6.      Upon filing its case, the Debtor failed to immediately close its pre-petition account and approximately $4,000 in checks for pre-petition expenses cleared against September rents.  Other than the foregoing, no cash collateral has been used.  The Debtor is funding operating expenses and the electrical repairs from equity contributions to the Debtor.  Rents are accruing in the Debtor's cash collateral account and will be used to retire the December 10, 2010 real property tax payment.

7.      On September 21, 2010 Remedy moved for relief from stay.  The motion was continued to December 7, 2010 and is now settled per the Exhibit 2 Term Sheet hereto.

8.      On September 24, 2010, Community Commerce Bank moved for relief from stay in regard to unrelated property that was transferred to the Debtor without the Debtor's knowledge or consent.  Such relief from stay was granted per order entered October 22, 2010.

9.      On November 16, 2010 various tenants moved for relief from stay to continue Superior Court litigation against the Debtor which is addressed through insurance coverage.  See the next section herein regarding adversary proceedings for more detail.

10.     The Court authorized the Debtor to set a November 15, 2010 as a claims bar date. All claims have now been filed and are reflected on the claims register attached as Exhibit 3.

**2.      Other Legal Proceedings.**

The Debtor's only pre-petition legal proceeding was the tenant lawsuit described in one of the sample tenant proofs of claims attached hereto as Exhibit 4.  The proceeding is presently stayed, but the Debtor anticipates consenting to relief from stay to permit the Superior Court action to proceed based on the claimants waiver of claims against the estate and pursuit of insurance recovery only.

The tenants have also filed adversary proceeding number 1:10-ap-01496-GM in this Court for the determination of a non-dischargeable debt under 11 U.S.C. § 523(a)(2).  As only individuals receive bankruptcy discharges, the Debtor believes this action will be dismissed in due course in favor of having the tenant disputes resolved in the Los Angeles Superior Court action.

**3.      Actual and Projected Recovery of Preferential or Fraudulent Transfers.**

The Debtor shall not pursue preference or fraudulent transfer recoveries.

**4.      Procedures Implemented to Resolve Financial Problems.**

The Debtor has worked to resolve its disputes with Remedy and repair its electrical system in order to stabilize its rental income and is now in a position to cure Remedy's mortgage defaults and pay other claims over the term of the Plan.

**5.      Current and Historical Financial Conditions.**

The Debtor's 2009 financial statements are attached hereto as Exhibit 1.  Exhibit 1 also includes projections for the terms of the Plan.

**III.**

**SUMMARY OF THE PLAN OF REORGANIZATION**

**A.      What Creditors and Interest Holders Will Receive Under The Proposed Plan.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive.

Lewis R. Landau
Attorney At Law

**B.    Unclassified Claims.**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class.

**1.    Administrative Expenses.**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(2).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's anticipated unpaid 507(a)(2) administrative claims for chapter 11 professionals, the Bankruptcy Court clerk's office and the Office of the United States Trustee and their treatment under the Plan:

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Lewis R. Landau | $TBD (addressed by retainer) | Paid in Full on Effective Date |
| Clerk's Office Fees | $TBD (de minimis) | Paid in Full on Effective Date |
| Office of the U.S. Trustee Fees | Current | Paid in Full on Effective Date |
|  | TOTAL $TBD |  |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before the fees will be owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

As indicated above, the Debtor will need to pay certain administrative claims on the Effective Date of the Plan in amounts to be determined.  As indicated elsewhere in this Disclosure Statement, Debtor will have a sufficient amount of cash on hand on the Effective Date of the Plan.  The source of this cash will be proceeds in the Debtor's accounts.

**2.    Priority Tax Claims.**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date with interest at the most favorable rate offered to other creditors in the Plan.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| •   Name= <br> •   CA FTB per POC 1-1 | $2,108.16 (subject to adjustment) | •   Pymt interval: <br> •   Pymt amt/interval: | = Monthly <br> = $45 |
| •   Type of tax = <br>     Bank and Corporation <br> •   Date tax assessed= <br> •   Various | | •   Begin date: <br> •   End date: <br> •   Interest Rate % <br> •   Total Payout Amount 100% | 5/1/11 <br> 11/1/14 <br> = 5% <br> = 100% |

**C.    Classified Claims and Interests.**

**1.    Classes of Secured Claims.**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's ***non-insider*** secured pre-petition claims and their treatment under this Plan (insider secured claims are included in class 4):

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of:  Remedy Investors, LLC | N | Y | •  Pymt interval = See Term Sheet Exhibit 2. |
| | •   Name= LA County | | | •  Pymt amt/interval = 100%. |
| | •   Collateral description = Real Estate. | | | •  Balloon pymt = N/A. |
| | •   Collateral value = <br> •   TBD if necessary. | | | •  Begin date = Per Term Sheet Exhibit 2. |
| | •   Priority of security int. = 1 | | | •  End date = Per Term Sheet Exhibit 2. |
| | •   Principal owed = $1,043,308.90 per POC 3-1. | | | •  Interest rate % = Per Term Sheet Exhibit 2. |

LEWIS R. LANDAU
ATTORNEY AT LAW

| | | | | |
|---|---|---|---|---|
| | • Pre-pet. Arrearage amount = N/A. | | | • Total payout = 100%. |
| | • Post-pet. Arrearage amount = N/A. | | | • Treatment of Lien = unaltered. |
| | • Total claim amount = $1,043,308.90 per POC 3-1. | | | |

**2.    Classes of Priority Unsecured Claims.**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.  The Debtor has no priority unsecured claims.

**3.    Classes of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| **Class** | **Description** | **Impaired (Y/N)** | **Treatment** |
|---|---|---|---|
| 2 | General Unsecured Non-Tenant Non-Insider Claims | Yes | Payment Interval = Monthly. |
| | Total amount of claims = DWP $20,687.87 per POC 2-1. | | Payment amt/interval = $345. |
| | | | Begin date = Effective Date. |
| | | | End date =  60 months. |
| | | | Interest rate: N/A. |
| | | | Total payout =  100%. |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 3 | General Unsecured Tenant Claims | No | Payment Interval = None. |
| | Total amount of claims = Per POCs 4-1 to 26-1 (see Exhibit 3 hereto). | | Payment amt/interval = None. |
| | | | Begin date = Not applicable. |
| | | | End date = Not applicable. |
| | | | Interest rate: Not applicable. |
| | | | Total payout = Subject to insurance recovery. |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 4 | All insider claims (secured or unsecured) | Yes | Payment Interval = Monthly, if sufficient net operating income is present and subordinated in payment to all priority tax and Class 1 and 2 claims. |
| | Total amount of claims = JLAB 613 Holdings, Inc.:     $600,000 Joseph A. Magna:             $250,000 Hedamar Development, Inc.: $365,985 Markets, Inc.:                   $125,225 (all per Schedule D and F) | | Payment amt/interval = 75% of net operating income as calculated per Exhibit 1 distributed pro rata to all unsecured claims. |
| | | | Begin date = Effective Date. |
| | | | End date = None. |
| | | | Interest rate: N/A |
| | | | Total payout = Subject to results of cash flow performance. |

## 4.    Class(es) of Interest Holders.

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | Equity Holders | No | Unimpaired. |

Lewis R. Landau
Attorney At Law

**D.      Means of Effectuating the Plan.**

   **1.      Funding for the Plan.**

The Plan will be funded by the following and will be implemented pursuant to the following steps:

   1.      The Debtor will continue to operate its business and pay unclassified claims and classes 1, 2 and 4 from future rents.

   2.      The Court will retain jurisdiction over the post confirmation estate until such estate is fully administered and a final decree is entered.

   **2.      Post-confirmation Management.**

The Debtor will be revested with all property of the estate and shall manage all post-confirmation affairs.  Post-confirmation management will remain unchanged.

   **3.      Disbursing Agent.**

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The disbursing agent shall serve without bond and shall receive no additional compensation for distribution services rendered pursuant to the Plan.

**E.      Risk Factors.**

The proposed Plan has the following risks:  The primary Plan risk is that revenues necessary to fund the plan are not achieved due to general economic conditions and market factors.  The Debtor does not believe that this risk prevents Plan feasibility.

**F.      Other Provisions of the Plan.**

   **1.      Executory Contracts and Unexpired Leases.**

      **a.      Assumptions.**

There are no unexpired leases or executory contracts to be assumed.  Any and all executory contracts shall ride through the plan process and remain in effect and unimpaired by the Plan.

1

2

3

4

   **b.      Rejections.**

   There are no unexpired leases or executory contracts to be rejected.  Any and all
executory contracts shall ride through the Plan process and remain in effect and unimpaired by
the Plan.

5

6

   **2.      Changes in Rates Subject to Regulatory Commission Approval.**

   This Debtor is not subject to governmental regulatory commission approval of its rates.

7

8

   **3.      Retention of Jurisdiction.**

   The Court will retain jurisdiction to the extent provided by law.

9

**G.   Tax Consequences of Plan.**

10

11

12

13

14

15

16

17

   CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN
MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN
ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS. The following disclosure of possible
tax consequences is intended solely for the purpose of alerting readers about possible tax issues
this Plan may present to the Debtor.  The Proponent CANNOT and DOES NOT represent that the
tax consequences contained below are the only tax consequences of the Plan because the Tax
Code embodies many complicated rules which make it difficult to state completely and accurately
all the tax implications of any action.

18

19

   The following are the tax consequences which the Plan will have on the Debtors tax
liability:  None.

20

21

                                    **IV.**

**CONFIRMATION REQUIREMENTS AND PROCEDURES**

22

23

24

25

26

27

   PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OR THIS PLAN
SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON
CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following
discussion is intended solely for the purpose of alerting readers about basic confirmation issues,
which they may wish to consider, as well as certain deadlines for filing claims. The proponent
CANNOT and DOES NOT represent that the discussion contained below is a complete summary
of the law on this topic.

28

LEWIS R. LANDAU
ATTORNEY AT LAW

Many requirements must be met before the Court can confirm a Plan. Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and whether the Plan is feasible. These requirements are not the only requirements for confirmation.

**A.    Who May Vote or Object.**

**1.    Who May Object to Confirmation of the Plan.**

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

**2.    Who May Vote to Accept/Reject the Plan.**

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim which is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

**a.    What Is an Allowed Claim/Interest.**

As noted above, a creditor or interest holder must first have an allowed claim or interest to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings a motion objecting to the claim. When an objection to a claim or interest is filed, the creditor or interest holder holding the claim or interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or interest for voting purposes.

THE BAR DATE FOR FILING A PROOFS OF CLAIMS WAS NOVEMBER 15, 2010. A creditor or interest holder may have an allowed claim or interest even if a proof of claim or interest was not timely filed. A claim is deemed allowed if (1) it is scheduled on the Debtor's schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no party in interest has objected to the interest. All claims are specified in the classification section of this disclosure statement.

**b.     What Is an Impaired Claim/Interest.**

As noted above, an allowed claim or interest only has the right to vote if it is in a class that is impaired under the Plan. A class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class. For example, a class comprised of general unsecured claims is impaired if the Plan fails to pay the members of that class 100% of what they are owed.

In this case, the Proponent believes that classes 1, 2 and 4 are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.  Parties who dispute the Proponent's characterization of their claim or interest as being impaired or unimpaired may file an objection to the Plan contending that the Proponent has incorrectly characterized the class.

**3.     Who is Not Entitled to Vote.**

The following four types of claims are not entitled to vote: (1) claims that have been disallowed; (2) claims in unimpaired classes; (3) claims entitled to priority pursuant to Code sections 507(a)(1), (a)(2), and (a)(8); and (4) claims in classes that do not receive or retain any value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes are deemed to have accepted the Plan. Claims entitled to priority pursuant to Code sections 507(a)(1), (a)(2), and (a)(7) are not entitled to vote because such claims are not placed in classes and they are required to receive certain treatment specified by the Code. Claims in classes that do not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan.  EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

**4.     Who Can Vote in More Than One Class.**

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for the unsecured claim.

**5.     Votes Necessary to Confirm the Plan.**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class,

and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be

confirmed by a cramdown on non-accepting classes, as discussed later in Section IV(A)(8).

**6.    Votes Necessary for a Class to Accept the Plan.**

A class of claims is considered to have accepted the Plan when more than one-half (1/2) in

number and at least two-thirds (2/3) in dollar amount of the claims which actually voted, voted in

favor of the Plan.  A class of interests is considered to have accepted the Plan when at least two-

thirds (2/3) in amount of the interest-holders of such class which actually voted, voted to accept

the Plan.

**7.    Treatment of Nonaccepting Classes.**

As noted above, even if all impaired classes do not accept the proposed Plan, the Court

may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner required

by the Code.  The process by which nonaccepting classes are forced to be bound by the terms of

the Plan is commonly referred to as a cramdown.  The Code allows the Plan to be crammed down

on nonaccepting classes of claims or interests if it meets all consensual requirements except the

voting requirements of 1129(a)(8) and if the Plan does not discriminate unfairly and is fair and

equitable toward each impaired class that has not voted to accept the Plan as referred to in 11

U.S.C. § 1129(b) and applicable case law.

**8.    Request for Confirmation Despite Nonacceptance by Impaired Class(es).**

The party proposing this Plan will ask the Court to confirm this Plan by cramdown on

impaired classes 1, 2, 3 and 4 if these classes do not vote to accept the Plan.

Please note that the proposed Plan treatment described by this Disclosure Statement

cannot be crammed down on the following classes: None.  AS A RESULT, IF ANY OF THESE

CLASSES DOES NOT VOTE TO ACCEPT THE PLAN, THE PLAN WILL NOT BE

CONFIRMED.

**B.    Liquidation Analysis.**

Another confirmation requirement is the "Best Interest Test", which requires a liquidation

analysis.  Under the Best Interest Test, if a claimant or interest holder is in an impaired class and

that claimant or interest holder does not vote to accept the Plan, then that claimant or interest

holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, the Debtor's assets are usually sold by a Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien.  Administrative claims are paid next.  Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority.  Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims. Finally, interest holders receive the balance that remains after all creditors are paid, if any.

For the Court to be able to confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation. The Plan Proponent maintains that this requirement is met here for the following reasons:  The plan pays allowed creditors either in full or the liquidation value of all assets of the chapter 11 estate, unless they consent otherwise.

Below is a demonstration, in balance sheet format, that all creditors and interest holders will receive at least as much under the Plan as such creditor or interest holder would receive under a Chapter 7 liquidation.  This information is provided by the Debtor.

**ASSETS VALUED AT LIQUIDATION VALUES (per schedules unless otherwise indicated):**

CURRENT ASSETS

| | | |
|---|---|---|
| a. | Cash on hand | $0 |
| b. | Accounts receivable | $0 |
| c. | Inventories | $0 |
| | TOTAL CURRENT ASSETS | $48,813 |

FIXED ASSETS

| | | |
|---|---|---|
| a. | Office furniture & equipment | $0 |
| b. | Machinery & equipment | $0 |
| c. | Automobiles | $0 |
| d. | Building & Land | $1,400,000 |
| | TOTAL FIXED ASSETS | $1,400,000 |

LEWIS R. LANDAU
ATTORNEY AT LAW

OTHER ASSETS
a.       Customer list       $0
b.       Other intangibles       $0
       TOTAL OTHER ASSETS
       _____
       $0

**TOTAL ASSETS AT LIQUIDATION VALUE**   **$1,400,000**
   ===========

**Less:**
Secured creditor recovery   $1,043,309
**Less:**
Chapter 7 trustee fees and expenses (Based on 100% distribution to all
allowed claimants 5% Trustee fee; 6% broker; legal $30,000)   $200,000
**Less:**
Chapter 11 administrative expenses ($50 plus 1 quarter of UST fees)   $375
**Less:**
Priority claims (tax and other),   $1,720
excluding administrative expense claims
**Less:**
Debtor's claimed exemptions   $N/A
   ===========

(1)   Balance for unsecured claims   $154,596
(2)   Total amt of unsecured claims (class 2 and 4 claims)   $1,391,867

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR
   RETAIN IN A CH. 7 LIQUIDATION: = 8%**
**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR
   RETAIN UNDER THIS PLAN: = 100%**

---

[1/]   Note:   The deficiency portion of a secured recourse claim must be added to the total amount of unsecured claims.
[2/]   Note:   If this percentage is greater than the amount to be paid to the unsecured creditors on a "present value basis" under the Plan,
   the Plan is not confirmable unless Proponent obtains acceptance by every creditor in the general unsecured class.

Below is a demonstration, in tabular format, that all creditors and interest holders will

receive at least as much under the Plan as such creditor or holder would receive under a Chapter 7

liquidation.

| **CLAIMS & CLASSES** | **PAYOUT PERCENTAGE UNDER THE PLAN** | **PAYOUT PERCENTAGE IN CHAPTER 7 LIQUIDATION** |
|---|---|---|
| Administrative Claims | 100% | 100% |
| Priority Tax Claims | 100% | 100% |
| Class 1 – Remedy | 100% | 100% |
| Class 2 - General Unsecured | 100% | 8% |
| Class 3 – Tenants | Per Insurance Recovery | Per Insurance Recovery |
| Class 4 – Insiders | 100% | 8% |
| Class 5 – Interests | Unimpaired. | Unimpaired. |

## C.    Feasibility.

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two important aspects of a feasibility analysis.  The first aspect considers whether the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such date.  The Plan Proponent maintains that this aspect of feasibility is satisfied as illustrated here:

| | | |
|---|---|---|
| Cash Debtor will have on hand by Effective Date (projected to 5/1/11): | | $30,000 |
| **To Pay:** | Administrative claims | -$0 |
| **To Pay:** | Statutory costs & charges (1 quarter of UST fees) | -$325 |
| **To Pay:** | Other Plan Payments due on Effective Date | -$3,390 |
| Balance (due) after paying these amounts .................................................... | | $26,610 |

The sources of the cash Debtor will have on hand by the Effective Date, as shown above are:

| | |
|---|---|
| $0 | Cash in DIP Account (after payment of 12/10/10 RE taxes) |
| $30,000 | Additional cash DIP will accumulate from net earnings between now and Effective Date |
| N/A | Capital Contributions |
| $0 | Other |
| $30,000 | |

The second aspect considers whether the Proponent will have enough cash over the life of the Plan to make the required Plan payments.  Attached to the Disclosure Statement as Exhibit 1 are cash flow projections for the term of the Plan showing the Plan is feasible.

YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL

ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO THESE FINANCIAL

STATEMENTS.

## V.

## EFFECT OF CONFIRMATION OF PLAN

**A.    Discharge.**

This Plan provides that the Debtor shall be discharged of liability for payment of debts

incurred before confirmation of the Plan, as specified in 11 U.S.C. § 1141.  The terms of the Plan

will bind all creditors and parties in interest to the provisions thereof.

**B.    Revesting of Property in the Debtor.**

Except as provided in Section V(E) and except as provided elsewhere in the Plan, the

confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.    Modification of Plan.**

The Proponent of the Plan may modify the Plan at any time before confirmation.

However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation

only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the

proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report.**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a

status report with the Court explaining what progress has been made toward consummation of the

confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest

unsecured creditors, and those parties who have requested special notice. Further status reports

shall be filed every 120 days and served on the same entities.

The reorganized debtor's post-confirmation status reports shall reflect all income and

disbursements for each quarter or portion thereof while the case remains open, and the

reorganized debtor shall timely pay U.S. Trustee Quarterly Fees pursuant to 28 U.S.C.

§ 1930(a)(6).

**E.**     **Post-Confirmation Conversion/Dismissal.**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**F.**     **Final Decree.**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Dated:  November 23, 2010                          **Lewis R. Landau**
                                                   **Attorney at Law**


                                                   By:*/s/ Lewis R. Landau*
                                                   Lewis R. Landau
                                                   Attorney for Debtor

LEWIS R. LANDAU
ATTORNEY AT LAW

**EXHIBIT 1**

Woodley Trailer Park
Rent Roll

| Unit | Rent |
|------|------|
| 1 | $595.00 |
| 2 | $524.08 |
| 3 | $595.00 |
| 4 | $595.00 |
| 5 | $595.00 |
| 6 | $477.30 |
| 7 | $498.16 |
| 8 | $595.00 |
| 9 | $595.00 |
| 10 | $513.10 |
| 11 | $595.00 |
| 12 | $463.40 |
| 13 | $477.30 |
| 14 | $447.47 |
| 15 | $595.00 |
| 16 | $595.00 |
| 17 | $595.00 |
| 18 | $595.00 |
| 19 | $595.00 |
| 20 | $447.47 |
| 21 | $595.00 |
| 22 | $550.29 |
| 23 | $477.30 |
| 24 | $595.00 |
| 25 | $595.00 |
| 26 | $595.00 |
| A | $749.84 |
| B | $595.00 |
| C | $595.00 |
| | $16,335.71 |

| | Jan-11 | Feb-11 | Mar-11 | Apr-11 | May-11 | Jun-11 | Jul-11 | Aug-11 | Sep-11 | Oct-11 | Nov-11 | Dec-11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rent | 4,875.00 | 7,500.00 | 10,000.00 | $12,500.00 | $16,335.71 | 16,335.71 | 16,335.71 | 16,335.71 | 16,335.71 | 16,335.71 | 16,335.71 | 16,335.71 |
| Laundry | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 |
| Total | 6,955.00 | 9,580.00 | 12,080.00 | 14,580.00 | 18,415.71 | 18,415.71 | 18,415.71 | 18,415.71 | 18,415.71 | 18,415.71 | 18,415.71 | 18,415.71 |
| **Expenses** | | | | | | | | | | | | |
| Accountant | | | | | | | | | | | | |
| Legal | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Bank Charges | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Mortgage Interest | - | - | - | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 |
| Finance Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lic., Fee, Permits | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Insurance | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 |
| Prop Tax | - | - | - | 11,000.00 | - | - | - | - | - | - | - | 11,000.00 |
| Elec/Wtr/Sew | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 |
| Gas | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trash | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Billing | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| M & R | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Total | 4,155.00 | 4,155.00 | 4,155.00 | 21,010.00 | 10,810.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 |
| Net Income | 2,800.00 | 5,425.00 | 7,925.00 | (6,430.00) | 7,605.71 | 8,405.71 | 8,405.71 | 8,405.71 | 8,405.71 | 8,405.71 | 8,405.71 | (2,594.29) |
| Remedy Additional | | | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| FTB | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 |
| DWP | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 |
| Adjusted NOI | 2,410.00 | 5,035.00 | 7,535.00 | (6,820.00) | 4,215.71 | 5,015.71 | 5,015.71 | 5,015.71 | 5,015.71 | 5,015.71 | 5,015.71 | (5,984.29) |

8,160.00

| | Jan-12 | Feb-12 | Mar-12 | Apr-12 | May-12 | Jun-12 | Jul-12 | Aug-12 | Sep-12 | Oct-12 | Nov-12 | Dec-12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rent | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 | 16,825.78 |
| Laundry | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 |
| Total | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 | 18,905.78 |
| **Expenses** | | | | | | | | | | | | |
| Accountant | - | - | - | - | 800.00 | - | - | - | - | - | - | - |
| Legal | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Bank Charges | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Mortgage Interest | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 |
| Finance Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lic., Fee, Permits | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Insurance | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 |
| Prop Tax | - | - | - | 11,000.00 | - | - | - | - | - | - | - | 11,000.00 |
| Elec/Wtr/Sew | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 |
| Gas | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trash | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Billing | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| M & R | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Total | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 | 10,810.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 |
| Net Income | 8,895.78 | 8,895.78 | 8,895.78 | (2,104.22) | 8,095.78 | 8,895.78 | 8,895.78 | 8,895.78 | 8,895.78 | 8,895.78 | 8,895.78 | (2,104.22) |
| Remedy Additional | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| FTB | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 |
| DWP | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 |
| Adjusted NOI | 5,505.78 | 5,505.78 | 5,505.78 | (5,494.22) | 4,705.78 | 5,505.78 | 5,505.78 | 5,505.78 | 5,505.78 | 5,505.78 | 5,505.78 | (5,494.22) |

| | Jan-13 | Feb-13 | Mar-13 | Apr-13 | May-13 | Jun-13 | Jul-13 | Aug-13 | Sep-13 | Oct-13 | Nov-13 | Dec-13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rent | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 | 17,330.55 |
| Laundry | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 |
| Total | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 | 19,410.55 |
| **Expenses** | | | | | | | | | | | | |
| Accountant | - | - | - | - | 800.00 | - | - | - | - | - | - | - |
| Legal | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Bank Charges | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Mortgage Interest | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 |
| Finance Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lic., Fee, Permits | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Insurance | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 |
| Prop Tax | - | - | - | 11,000.00 | - | - | - | - | - | - | - | 11,000.00 |
| Elec/Wtr/Sew | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 |
| Gas | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trash | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Billing | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| M & R | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Total | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 | 10,810.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 |
| **Net Income** | 9,400.55 | 9,400.55 | 9,400.55 | (1,599.45) | 8,600.55 | 9,400.55 | 9,400.55 | 9,400.55 | 9,400.55 | 9,400.55 | 9,400.55 | (1,599.45) |
| Remedy Additional | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| FTB | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 |
| DWP | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 |
| **Adjusted NOI** | 6,010.55 | 6,010.55 | 6,010.55 | (4,989.45) | 5,210.55 | 6,010.55 | 6,010.55 | 6,010.55 | 6,010.55 | 6,010.55 | 6,010.55 | (4,989.45) |

| | Jan-14 | Feb-14 | Mar-14 | Apr-14 | May-14 | Jun-14 | Jul-14 | Aug-14 | Sep-14 | Oct-14 | Nov-14 | Dec-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rent | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 | 17,850.47 |
| Laundry | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 |
| Total | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 | 19,930.47 |
| | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | |
| Accountant | - | - | - | - | 800.00 | - | - | - | - | - | - | |
| Legal | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Bank Charges | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Mortgage Interest | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 |
| Finance Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lic., Fee, Permits | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Insurance | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 |
| Prop Tax | | | | 11,000.00 | | | | | | | | 11,000.00 |
| Elec/Wtr/Sew | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 |
| Gas | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trash | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Billing | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| M & R | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Total | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 | 10,810.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 |
| | | | | | | | | | | | | |
| Net Income | 9,920.47 | 9,920.47 | 9,920.47 | (1,079.53) | 9,120.47 | 9,920.47 | 9,920.47 | 9,920.47 | 9,920.47 | 9,920.47 | 9,920.47 | (1,079.53) |
| | | | | | | | | | | | | |
| Remedy Additional | | | | | | | | | | | | |
| FTB | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | |
| DWP | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 |
| | | | | | | | | | | | | |
| Adjusted NOI | 9,530.47 | 9,530.47 | 9,530.47 | (1,469.53) | 8,730.47 | 9,530.47 | 9,530.47 | 9,530.47 | 9,530.47 | 9,530.47 | 9,530.47 | (1,424.53) |

| | Jan-15 | Feb-15 | Mar-15 | Apr-15 | May-15 | Jun-15 | Jul-15 | Aug-15 | Sep-15 | Oct-15 | Nov-15 | Dec-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Rent | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 | 18,385.99 |
| Laundry | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Utilities | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 | 1,980.00 |
| Total | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 | 20,465.99 |
| | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | |
| Accountant | - | - | - | | | - | | | | | | |
| Legal | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Bank Charges | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 | 40.00 |
| Mortgage Interest | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 | 5,855.00 |
| Finance Charges | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lic., Fee, Permits | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Insurance | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 | 605.00 |
| Prop Tax | | | | 11,000.00 | 800.00 | | | | | | | 11,000.00 |
| Elec/Wtr/Sew | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 | 2,200.00 |
| Gas | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trash | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Billing | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| M & R | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Total | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 | 10,810.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 10,010.00 | 21,010.00 |
| | | | | | | | | | | | | |
| Net Income | 10,455.99 | 10,455.99 | 10,455.99 | (544.01) | 9,655.99 | 10,455.99 | 10,455.99 | 10,455.99 | 10,455.99 | 10,455.99 | 10,455.99 | (544.01) |
| | | | | | | | | | | | | |
| Remedy Additional | | | | | | | | | | | | |
| FTB | | | | | | | | | | | | |
| DWP | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 | 345.00 |
| | | | | | | | | | | | | |
| Adjusted NOI | 10,110.99 | 10,110.99 | 10,110.99 | (889.01) | 9,310.99 | 10,110.99 | 10,110.99 | 10,110.99 | 10,110.99 | 10,110.99 | 10,110.99 | (889.01) |

# Woodley Trailer Park
## Balance Sheet
**As of August 25, 2010**

|  | Aug 25, 10 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1013 · Checking - CNB Valley MHP LLC | -4,996.40 |
| **Total Checking/Savings** | -4,996.40 |
| | |
| **Fixed Assets** | |
| 2336 · Woodley Trailer Park | 1,700,000.00 |
| **Total Fixed Assets** | 1,700,000.00 |
| | |
| **TOTAL ASSETS** | 1,695,003.60 |
| | |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 4000 · Bills Due | 0.00 |
| **Total Accounts Payable** | 0.00 |
| | |
| **Total Current Liabilities** | 0.00 |
| | |
| **Long Term Liabilities** | |
| 4311 · Hedamar Development, Inc. | 365,985.00 |
| 4319 · JLAB 613 Holdings, LLC | 600,000.00 |
| 4320 · Magna & Magna, Inc. | 250,000.00 |
| 4321 · Markest, Inc. | 125,225.00 |
| 4322 · Union Bank - WTP | 952,644.97 |
| **Total Long Term Liabilities** | 2,293,854.97 |
| | |
| **Total Liabilities** | 2,293,854.97 |
| | |
| **Equity** | |
| 6100 · Opening Bal Equity | 492,750.20 |
| 6200 · Retained Earnings (Retained Earnings) | -346,446.53 |
| Net Income | -7,885.11 |
| **Total Equity** | 138,418.56 |
| | |
| **TOTAL LIABILITIES & EQUITY** | 2,432,273.53 |

**Woodley Trailer Park**

**Profit & Loss**

January 1 through August 25, 2010

|  | Jan 1 - Aug 25, 10 |
|---|---|
| **Income** |  |
| 7200 · Rent | 44,392.18 |
| 7231 · Laundry | 374.64 |
| 7232 · Utility Reimburse | 4,286.25 |
| 7995 · Misc. Income | 3,968.43 |
| **Total Income** | 53,021.50 |
|  |  |
| **Expense** |  |
| 8002 · Accountant | 50.00 |
| 8003 · Legal | 6,197.44 |
| 8005 · Bank Charges | 294.38 |
| 8010 · Mortgage Interest | 8,596.43 |
| 8011 · Finance Charge | 26,001.95 |
| 8013 · Membership, Subcriptions & Dues | 310.50 |
| 8014 · License, Fees & Permits | 1,394.30 |
| 8060 · Insurance |  |
| 8061 · Liability/Hazard | 7,358.67 |
| Total 8060 · Insurance | 7,358.67 |
|  |  |
| 8075 · Tax |  |
| 8078 · Property | 1,857.97 |
| Total 8075 · Tax | 1,857.97 |
|  |  |
| 8080 · Utilities |  |
| 8081 · Electric | 783.99 |
| 8082 · Water | 719.61 |
| 8083 · Gas | 1,110.47 |
| 8084 · Trash | 3,896.94 |
| 8092 · HOA Dues | 486.00 |
| 8095 · Sewer | 456.75 |
| Total 8080 · Utilities | 7,453.76 |
|  |  |
| 8207 · Maint. & Repair | 1,391.21 |
| **Total Expense** | 60,906.61 |
|  |  |
| **Net Income** | **-7,885.11** |

**EXHIBIT 2**

# Loan Modification
# Term Sheet

October 8, 2010

Re:   Loan with Remedy Investors, LLC (Lender) and Valley MHP, LLC (Borrower)
      Property located at 7936 Woodley Ave., Los Angeles, CA 91406

1. Lender to waive all existing defaults once Capital Improvement Account has be established and funded as per item #2 below.
2. Borrower to deposit by Nov. 30, 2010, an amount to be determined as below into a DIP account labeled "Capital Improvement Account" for the capital improvements. Borrower to pay expenses through this account for the Capital improvements for the property as provided by the 3rd party contractor. Borrower to provide a more detailed work proposal by a 3rd party contractor for the capital improvements to be performed. The amount of the work proposal as provided by the 3rd party contractor shall be the amount required to be deposited into the newly established DIP account labeled "Capital Improvement Account".
3. Borrower to pay Lender a flat fee of $10,000 to cover any and all expenses that Lender has incurred regarding this loan modification, BK and foreclosure proceedings. This $10,000 will be added to the Past Due Balance as described below in item # 4.
4. Past due balance to be calculated as follows: Past due regular monthly payments to be calculated as only the interest only portion, 7.375% on the outstanding principal balance of $952,608.90 - $5,854.57 per month for Feb 2010 thru March 2011. Past due escrow account of $4,576.29. Per item #3 above – reimbursable fees of $10,000 to Lender. Total past due balance is $96,540.27.
5. All past default interest and late fees are waived by Lender provided Borrower does not miss two consecutive past due payments in the amount of $3,000 and once Borrower has paid past due balance in full (as per item # 6 below).
6. Borrower to begin on May 1, 2011 making equal monthly payments on the past due balance to Lender, above and beyond the regular monthly mortgage payment as described below, at $3,000 per month until past due balance is paid in full, which can be no later than 2/1/14.
7. New monthly mortgage payments to be calculated on the outstanding principal balance of $952,608.90 at 7.375%, with interest only payments. Borrower to resume the regular monthly mortgage payments starting April 1, 2011. Beginning with Feb. 1, 2014 or when past due balance is $0.00, whichever occurs first, the monthly mortgage payment will become fully amortized. Borrower shall begin to make fully amortized payments of $7,360.16 to Lender.
8. Borrower to provide monthly operating statements and rent roll within 15 days of month-end.
9. Borrower or Lender, at their own discretion, may order an appraisal for their own use, not for use in this loan modification or bankruptcy.
10. Lender and Borrower shall handle the motion by Lender to non-consent to cash collateral separately from this loan modification.
11. Borrower and Lender agree to have our respective attorneys to postpone the hearing that is scheduled for Oct. 12, 2010 and set a new hearing date for the first available date after Nov. 30, 2010 to confirm this loan modification in court.

12. This term sheet is confidential until approved and requires bankruptcy court approval to become effective.

13. Attached to this modification is the schedule of payments.


Agreed:

Borrower                                        Lender

_____                _____

Mark Magna, Manager                             Kyle Jeffers
Valley MHP, LLC                                 Remedy Investors, LLC

REMEDY INVESTORS
WOODLEY RV PARK
LOAN MODIFICATION PROPOSAL

| | |
|---|---|
| Current Principal | $ 952,608.90 |
| Payment on Past Due | $ 3,000.00 |
| Interest Rate | 7.375% |

| Payment Due Date | Past Due Amount | Actual Payments | Outstanding Past Due |
|---|---|---|---|
| Remedy Cost | | | $ 10,000.00 |
| Tax Advance | 4,576.29 | | $ 14,576.29 |
| 2/1/2010 | 5,854.57 | | $ 20,430.86 |
| 3/1/2010 | 5,854.57 | | $ 26,285.43 |
| 4/1/2010 | 5,854.57 | | $ 32,140.00 |
| 5/1/2010 | 5,854.57 | | $ [illegible] |
| 6/1/2010 | 5,854.57 | | $ [illegible] |
| 7/1/2010 | 5,854.57 | | $ [illegible] |
| 8/1/2010 | 5,854.57 | | $ 55,558.28 |
| 9/1/2010 | 5,854.57 | | $ 61,412.85 |
| 10/1/2010 | 5,854.57 | | $ 67,267.42 |
| 11/1/2010 | 5,854.57 | | $ 73,121.99 |
| 12/1/2010 | 5,854.57 | | $ 78,976.56 |
| 1/1/2011 | 5,854.57 | | $ 84,831.13 |
| 2/1/2011 | 5,854.57 | | $ 90,685.70 |
| 3/1/2011 | | | $ 96,540.27 |
| 4/1/2011 | | | $ [illegible] |
| 5/1/2011 | | $3,000.00 | $ 93,540.27 |
| 6/1/2011 | | $3,000.00 | $ 90,540.27 |
| 7/1/2011 | | $3,000.00 | $ 87,540.27 |
| 8/1/2011 | | $3,000.00 | $ 84,540.27 |
| 9/1/2011 | | $3,000.00 | $ 81,540.27 |
| 10/1/2011 | | $3,000.00 | $ 78,540.27 |
| 11/1/2011 | | $3,000.00 | $ 75,540.27 |
| 12/1/2011 | | $3,000.00 | $ 72,540.27 |
| 1/1/2012 | | $3,000.00 | $ 69,540.27 |
| 2/1/2012 | | $3,000.00 | $ 66,540.27 |
| 3/1/2012 | | $3,000.00 | $ 63,540.27 |
| 4/1/2012 | | $3,000.00 | $ 60,540.27 |
| 5/1/2012 | | [illegible] | $ 57,540.27 |
| 6/1/2012 | | [illegible] | $ 54,540.27 |
| 7/1/2012 | | $3,000.00 | $ 51,540.27 |
| 8/1/2012 | | $3,000.00 | $ 48,540.27 |
| 9/1/2012 | | $3,000.00 | $ 45,540.27 |
| 10/1/2012 | | $3,000.00 | $ 42,540.27 |
| 11/1/2012 | | $3,000.00 | $ 39,540.27 |
| 12/1/2012 | | $3,000.00 | $ 36,540.27 |
| 1/1/2013 | | $3,000.00 | $ 33,540.27 |
| 2/1/2013 | | $3,000.00 | $ 30,540.27 |
| 3/1/2013 | | $3,000.00 | $ 27,540.27 |
| 4/1/2013 | | $3,000.00 | $ 24,540.27 |
| 5/1/2013 | | $3,000.00 | $ 21,540.27 |
| 6/1/2013 | | $3,000.00 | $ 18,540.27 |
| 7/1/2013 | | $3,000.00 | $ [illegible] |
| 8/1/2013 | | $ (3,000.00) | $ [illegible] |
| 9/1/2013 | | $ (3,000.00) | $ [illegible] |
| 10/1/2013 | | (3,000.00) | $ [illegible] |
| 11/1/2013 | | $ (3,000.00) | $ [illegible] |
| 12/1/2013 | | $ (3,000.00) | $ 540.27 |
| 1/1/2014 | | $ (540.27) | $ - |

| Payment Due Date | Accural | Interest Payments | Principal Payments | Outstanding Balance |
|---|---|---|---|---|
| | | | | $ 952,608.90 |
| 2/1/2010 | | | | $ 952,608.90 |
| 3/1/2010 | | | | $ 952,608.90 |
| 4/1/2010 | | | | $ 952,608.90 |
| 5/1/2010 | | | | [illegible] |
| 6/1/2010 | | | | [illegible] |
| 7/1/2010 | | | | $ 952,608.90 |
| 8/1/2010 | | | | $ 952,608.90 |
| 9/1/2010 | | | | $ 952,608.90 |
| 10/1/2010 | | | | $ 952,608.90 |
| 11/1/2010 | | | | $ 952,608.90 |
| 12/1/2010 | | | | $ 952,608.90 |
| 1/1/2011 | | | | $ 952,608.90 |
| 2/1/2011 | | | | $ 952,608.90 |
| 3/1/2011 | | | | $ 952,608.90 |
| 4/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 5/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 |
| 6/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 7/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 8/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 9/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 10/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 11/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 12/1/2011 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 1/1/2012 | $ 5,854.58 | $ (5,854.58) | | [illegible] |
| 2/1/2012 | $ 5,854.58 | $ (5,854.58) | | |
| 3/1/2012 | $ 5,854.58 | $ (5,854.58) | | |
| 4/1/2012 | $ 5,854.58 | $ (5,854.58) | | |
| | 5,854.58 | | | |
| | 5,854.58 | | | |
| | 5,854.58 | | | |
| | 5,854.58 | | | |
| | 5,854.58 | | | |

| | | | | |
|---|---|---|---|---|
| [illegible] | $ 7,360.16 | | | |
| [illegible] | $ 7,360.16 | | | |
| [illegible]2014 | $7,360.16 | | | |
| [illegible] | $7,360.16 | | | |
| [illegible]2014 | $7,360.16 | $ (5,[illegible]) | $ (1,[illegible]) | $ [illegible] |
| [illegible]2014 | $7,360.16 | | | |
| [illegible] | $7,360.16 | | | |
| [illegible] | $7,360.16 | | | |

| | | | | |
|---|---|---|---|---|
| [illegible]/2015 | $7,360.16 | $ [illegible] | $ [illegible] | $ [illegible] |
| 4/1/2015 | $7,360.16 | $ [illegible] | $ [illegible] | $ [illegible] |
| 5/1/2015 | $7,360.16 | $ [illegible] | $ [illegible] | $ [illegible] |
| 6/1/2015 | $7,360.16 | $ (5,699.50) | $ (1,660.66) | $ [illegible] |
| 7/1/2015 | $7,360.16 | $ (5,689.30) | $ (1,670.86) | $ 914,045.[illegible] |
| 8/1/2015 | $7,360.16 | $ (5,679.03) | $ (1,681.13) | $ 912,364.03 |
| 9/1/2015 | $7,360.16 | $ (5,668.70) | $ (1,691.46) | $ 910,672.57 |
| 10/1/2015 | $7,360.16 | $ [illegible] | $ [illegible] | $ [illegible] |
| 11/1/2015 | $7,360.16 | $ (5,647.8[illegible]) | $ [illegible] | $ [illegible] |
| 12/1/2015 | $7,360.16 | $ (5,637.3[illegible]) | $ [illegible] | $ [illegible] |
| 1/1/2016 | $7,360.16 | $ (5,626.[illegible]) | $ [illegible] | $ [illegible] |
| 2/1/2016 | $7,360.16 | $ (5,616.[illegible]) | $ [illegible] | $ [illegible] |
| 3/1/2016 | $7,360.16 | $ (5,605.36) | $ (1,754.80) | $ [illegible] |
| 4/1/2016 | $7,360.16 | $ (5,594.[illegible]) | $ [illegible] | $ [illegible] |
| 5/1/2016 | $7,360.16 | $ (5,583.72) | $ (1,776.44) | $ 906,751.20 |
| 6/1/2016 | $7,360.16 | $ (5,572.80) | $ [illegible] | $ [illegible] |
| 7/1/2016 | $7,360.16 | $ (5,561.82) | $ (1,798.34) | $ 903,175.50 |
| 8/1/2016 | $7,360.16 | $ (5,550.77) | $ (1,809.39) | $ 901,366.11 |
| 9/1/2016 | $7,360.16 | $ (5,539.65) | $ (1,820.51) | $ 899,545.60 |
| 10/1/2016 | $7,360.16 | $ (5,528.46) | $ (1,831.70) | $ 897,713.89 |

etc. Maturity Date is Aug 2037

# EXHIBIT 3

# Central District Of California
# Claims Register

### 1:10-bk-20599-GM Valley MHP, LLC.

**Judge:** Geraldine Mund     **Chapter:** 11
**Office:** San Fernando Valley     **Last Date to file claims:**
**Trustee:**     **Last Date to file (Govt):**

| | | |
|---|---|---|
| *Creditor:* (27613800)<br>FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>PO BOX 2952<br>SACRAMENTO CA 95812-2952 | **Claim No: 1**<br>*Original Filed Date:* 10/04/2010<br>*Original Entered Date:* 10/06/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Briggs, Victoria<br>*Modified:* |

Unsecured claimed:    $387.48
Priority    claimed: $1720.68
**Total    claimed: $2108.16**

*History:*
Details 🖲 1-1   10/04/2010 Claim #1 filed by FRANCHISE TAX BOARD, total amount claimed: $2108.16 (Briggs, Victoria )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (27761733)<br>Department of Water and Power<br>City of Los Angeles<br>Attn Bankruptcy<br>PO Box 51111<br>Los Angeles CA 90051 5700 | **Claim No: 2**<br>*Original Filed Date:* 10/25/2010<br>*Original Entered Date:* 10/25/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |

Unsecured claimed:   $20687.87
**Total    claimed: $20687.87**

*History:*
Details 🖲 2-1   10/25/2010 Claim #2 filed by Department of Water and Power, total amount claimed: $20687.87 (Bever, Sabine )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (27265271)<br>Remedy Investors LLC<br>2633 Lincoln Blvd #517<br>Santa Monica, CA 90405 | **Claim No: 3**<br>*Original Filed Date:* 11/05/2010<br>*Original Entered Date:* 11/05/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Marsella, Eve<br>*Modified:* |

Unsecured claimed:    $0.00
Secured    claimed: $1043308.90

| Total | claimed: **$1043308.90** |
|---|---|

**History:**

Details 🔵 3-1  11/05/2010 Claim #3 filed by Remedy Investors LLC, total amount claimed: $1043308.9 (Marsella, Eve )

*Description:* (3-1) 7936 Woodley Ave. Los Angeles, CA 91406

*Remarks:*

---

| *Creditor:* (27962390)<br>Dawn Couch<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 4**<br>*Original Filed Date:* 11/15/2010<br>*Original Entered Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed: $300000.00

**Total** claimed: **$300000.00**

*History:*

Details 🔵 4-1  11/15/2010 Claim #4 filed by Dawn Couch, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

---

| *Creditor:* (27962460)<br>David Riggins<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 5**<br>*Original Filed Date:* 11/15/2010<br>*Original Entered Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed: $300000.00

**Total** claimed: **$300000.00**

*History:*

Details 🔵 5-1  11/15/2010 Claim #5 filed by David Riggins, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

---

| *Creditor:* (27962475)<br>William Bill Bela Bosesta<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 6**<br>*Original Filed Date:* 11/15/2010<br>*Original Entered Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed: $300000.00

**Total** claimed: **$300000.00**

*History:*

Details 🔵 6-1  11/15/2010 Claim #6 filed by William Bill Bela Bosesta, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| Creditor: (27962481)<br>Eric Arias<br>Guardian Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | Claim No: 7<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status*:<br>*Filed by*: CR<br>*Entered by*: Bever, Sabine<br>*Modified*: |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details 🔘 7-1   11/15/2010 Claim #7 filed by Eric Arias, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| Creditor: (27962570)<br>Luis Arias<br>Guardian Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | Claim No: 8<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status*:<br>*Filed by*: CR<br>*Entered by*: Bever, Sabine<br>*Modified*: |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details 🔘 8-1   11/15/2010 Claim #8 filed by Luis Arias, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| Creditor: (27962591)<br>William Strong<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | Claim No: 9<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status*:<br>*Filed by*: CR<br>*Entered by*: Bever, Sabine<br>*Modified*: |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details 🔘 9-1   11/15/2010 Claim #9 filed by William Strong, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| Creditor: (27962606)<br>Lucien Bauer<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | Claim No: 10<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status*:<br>*Filed by*: CR<br>*Entered by*: Bever, Sabine<br>*Modified*: |
|---|---|---|

| Unsecured claimed: $300000.00 | | |
|---|---|---|
| **Total**    claimed: **$300000.00** | | |
| *History:* | | |
| Details 🔘 10-1  11/15/2010 Claim #10 filed by Lucien Bauer, total amount claimed: $300000 (Bever, Sabine ) | | |
| *Description:* | | |
| *Remarks:* | | |

| *Creditor:*    (27962630)<br>Maria Carrion<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 11**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered*<br>*Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $300000.00 | | |
| **Total**    claimed: **$300000.00** | | |
| *History:* | | |
| Details 🔘 11-1  11/15/2010 Claim #11 filed by Maria Carrion, total amount claimed: $300000 (Bever, Sabine ) | | |
| *Description:* | | |
| *Remarks:* | | |

| *Creditor:*    (27962630)<br>Maria Carrion<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 12**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered*<br>*Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $300000.00 | | |
| **Total**    claimed: **$300000.00** | | |
| *History:* | | |
| Details 🔘 12-1  11/15/2010 Claim #12 filed by Maria Carrion, total amount claimed: $300000 (Bever, Sabine ) | | |
| *Description:* | | |
| *Remarks:* | | |

| *Creditor:*    (27962682)<br>Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 13**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered*<br>*Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|
| Unsecured claimed: $300000.00 | | |
| **Total**    claimed: **$300000.00** | | |
| *History:* | | |
| Details 🔘 13-1  11/15/2010 Claim #13 filed by Esperanza Cortez, total amount claimed: $300000 (Bever, Sabine ) | | |
| *Description:* | | |

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (27962685)<br>Mario Carrion<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 14**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered*<br>*Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |

Unsecured claimed:  $300000.00
**Total       claimed: $300000.00**

*History:*

Details ⊙ 14-1  11/15/2010 Claim #14 filed by Mario Carrion, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (27962690)<br>Rodolfo Ramirez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 15**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered*<br>*Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |

Unsecured claimed:  $300000.00
**Total       claimed: $300000.00**

*History:*

Details ⊙ 15-1  11/15/2010 Claim #15 filed by Rodolfo Ramirez, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (27962692)<br>Guadalupe Machado<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 16**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered*<br>*Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |

Unsecured claimed:  $300000.00
**Total       claimed: $300000.00**

*History:*

Details ⊙ 16-1  11/15/2010 Claim #16 filed by Guadalupe Machado, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (27963710)<br>Sandi Jones<br>Law Office of Robert Starr<br>23277 Ventura Blvd | **Claim No: 17**<br>*Original Filed*<br>*Date:* 11/15/2010<br>*Original Entered* | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |

| Woodland Hills CA 91364 | *Date*: 11/19/2010 | |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details ● 17-1  11/15/2010 Claim #17 filed by Sandi Jones, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| *Creditor:*        (27963750)<br>Jorge Aguilar<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 18**<br>*Original Filed*<br>*Date*: 11/19/2010<br>*Original Entered*<br>*Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details ● 18-1  11/19/2010 Claim #18 filed by Jorge Aguilar, total amount claimed: $300000 (Bever, Sabine )

*Description:*

*Remarks:*

| *Creditor:*        (27963761)<br>Bertha Fabela<br>C/O Law office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 19**<br>*Original Filed*<br>*Date*: 11/15/2010<br>*Original Entered*<br>*Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cardoza, Helen<br>*Modified:* |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details ● 19-1  11/15/2010 Claim #19 filed by Bertha Fabela, total amount claimed: $300000 (Cardoza, Helen )

*Description:*

*Remarks:*

| *Creditor:*        (27963762)<br>Elsa Arias<br>Guardian Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 20**<br>*Original Filed*<br>*Date*: 11/15/2010<br>*Original Entered*<br>*Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed: $300000.00

**Total        claimed: $300000.00**

*History:*

Details  ● 20-1  11/15/2010 Claim #20 filed by Elsa Arias, total amount claimed: $300000 (Bever, Sabine )

| Description: |
| --- |
| Remarks: |

---

| Creditor: (27963773) Osmin Ramirez, by and through his guardian ad litem, Bertha Fabela C/O Law offices of Robert Starr 23277 Ventura Blvd Woodland Hills CA 91364 | Claim No: 21 Original Filed Date: 11/15/2010 Original Entered Date: 11/19/2010 | Status: Filed by: CR Entered by: Cardoza, Helen Modified: |
| --- | --- | --- |

Unsecured claimed:  $300000.00
**Total  claimed: $300000.00**

| History: |
| --- |
| Details  ● 21-1  11/15/2010 Claim #21 filed by Osmin Ramirez, by and through his, total amount claimed: $300000 (Cardoza, Helen ) |
| Description: |
| Remarks: |

---

| Creditor: (27963775) Michael Capps Law Office of Robert Starr 23277 Ventura Blvd Woodland Hills CA 91364 | Claim No: 22 Original Filed Date: 11/15/2010 Original Entered Date: 11/19/2010 | Status: Filed by: CR Entered by: Bever, Sabine Modified: |
| --- | --- | --- |

Unsecured claimed:  $300000.00
**Total  claimed: $300000.00**

| History: |
| --- |
| Details  ● 22-1  11/15/2010 Claim #22 filed by Michael Capps, total amount claimed: $300000 (Bever, Sabine ) |
| Description: |
| Remarks: |

---

| Creditor: (27963812) Rudy Ramirez, by and through his guardian ad litem, Berth Fabela C/O Law offices of Robert Starr 23277 Ventura Blvd Woodland Hills Ca 91364 | Claim No: 23 Original Filed Date: 11/15/2010 Original Entered Date: 11/19/2010 | Status: Filed by: CR Entered by: Cardoza, Helen Modified: |
| --- | --- | --- |

Unsecured claimed:  $300000.00
**Total  claimed: $300000.00**

| History: |
| --- |
| Details  ● 23-1  11/15/2010 Claim #23 filed by Rudy Ramirez, by and through his, total amount claimed: $300000 (Cardoza, Helen ) |
| Description: |
| Remarks: |

| Creditor:        (27968284)<br>Maria Guzman<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills Ca 91364 | **Claim No: 24**<br>*Original Filed<br>Date:* 11/15/2010<br>*Original Entered<br>Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Briggs, Victoria<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $200000.00<br>**Total          claimed: $200000.00** |
|---|

| *History:* |
|---|
| Details ⊕ 24-1  11/15/2010 Claim #24 filed by Maria Guzman, total amount claimed: $200000 (Briggs, Victoria ) |
| *Description:* |
| *Remarks:* |

| Creditor:        (27968338)<br>Keith Meinke<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 25**<br>*Original Filed<br>Date:* 11/15/2010<br>*Original Entered<br>Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Briggs, Victoria<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $200000.00<br>**Total          claimed: $200000.00** |
|---|

| *History:* |
|---|
| Details ⊕ 25-1  11/15/2010 Claim #25 filed by Keith Meinke, total amount claimed: $200000 (Briggs, Victoria ) |
| *Description:* |
| *Remarks:* |

| Creditor:        (27970943)<br>Dilan Ramirez<br>Law Office of Rober Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 26**<br>*Original Filed<br>Date:* 11/15/2010<br>*Original Entered<br>Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Garcia, Patty<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300.00<br>**Total          claimed: $300.00** |
|---|

| *History:* |
|---|
| Details ⊕ 26-1  11/15/2010 Claim #26 filed by Dilan Ramirez, total amount claimed: $300 (Garcia, Patty ) |
| *Description:* |
| *Remarks:* |

## Claims Register Summary

**Case Name:** Valley MHP, LLC.
**Case Number:** 1:10-bk-20599-GM
**Chapter:** 11
**Date Filed:** 08/25/2010
**Total Number Of Claims:** 26

**EXHIBIT 4**

B10 (Official Form 10) (04/10) - Page 1

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Valley MHP, LLC | Case Number: 1:10-bk-20599-GM |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Mario Carrion

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
Law Office of Robert Starr
23277 Ventura Blvd.
Woodland Hills, CA 91364

Telephone number: (818) 225-9040

**Court Claim Number:** _____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above):




Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 300,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Pending Civil Lawsuit
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 8984

**3a. Debtor may have scheduled account as:** Woodley Trailer Park
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:**$_____   **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See Instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 11/14/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Madeline Garadjian
Attorney For Creditor | FOR COURT USE ONLY

NOV 15 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).** If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____DEFINITIONS_____ 

**Debtor**
A debtor is the person, corporation, or entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____ 

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Summary of Pending Civil Lawsuit:

Creditor is a current resident of Woodley Trailer Park, located at 7939 Woodley Ave., in Van Nuys, California. Creditor, as well as other similarly situated tenants, are all Plaintiffs in a lawsuit filed in the Los Angeles Superior Court - Unlimited Jurisdiction, venued at the Central District, LASC Case Number BC420382. Plaintiffs/Creditors allege a number of causes of action against Defendant owners of the Park, including: Nuisance, Negligence, Negligence per se, Breach of Implied Warranty of Habitability and Covenant of Quiet Enjoyment, Unfair Business Practices, Malicious Prosecution, Retaliatory Eviction, and Elder Financial Abuse.

The Park has had and still has a number of habitability and code violation issues, including, but not limited to a faulty plumbing and sewer, faulty electrical system, failure to provide each lot with a drinking water outlet leaving residents to access water through a garden hose, failure to maintain the grounds, and multiple other violations.

Some examples of violations in the Park ownership have included, but are not limited to the following: Constant power outages, lasting for days at a time in some instances, and power fluctuations, destroying some of the residents' appliances. There has also been live, active, and exposed electrical wiring throughout the Park, emitting sparks, and creating obvious fire hazards. Further, the owner and management has been unresponsive during and after power failures in the Park.

In addition, the Park has had several instances of open and exposed sewer lines, pooling human fecal matter on the grounds, and there is a constant sewer smell throughout the Park. Furthermore, several residents have reported that the drinking water tastes like sewer, and most residents have reported that their drinking water was fed through and provided by garden hoses, which at times, have allegedly been contaminated with raw sewage. Furthermore, there has been issues with the residents' garden and drinking water hoses leaking continuously, creating pools of stagnant water, and attracting insects and rodents.

The Park's street and parking pads have large potholes, creating problems of mobility for wheelchair bound residents, and severe trip hazards for all the residents. There have also been problems with the owner not allowing the residents to access the common areas of the Park, like the recreational room and the laundry room, and with the owner removing all washing machines and dryers from the laundry room for months after a suspicious fire in the recreational room, and refusing to clean up or close off the debris from the fire damage for months afterwards. The trees, branches, weeds, and roots throughout the Park are hardly trimmed, causing brush and trash to linger throughout the Park. The security gate has been broken for years, and the surrounding fence around the Park is rotten and breaking apart. Several of the residents have absolutely no gas hook up to their units, due to the owners abandoning the gas system entirely.

There is a massive insect, cockroach, and rodent infestation, as well as stray animals lingering throughout Park. There are constantly massive piles of trash everywhere throughout the Park, especially near the dumpsters and the entrance and driveway areas, as well as in the laundry room, as the trash is not picked up for months at a time at times causing all the trash and filth to

overflow everywhere. The Park itself is never cleaned or maintained, causing the overall condition of the Park to deteriorate enormously.

Despite all problems, at some point, though all residents continued to make timely rent payments, the owner and management refused to accept the residents' rent payments. In fact, after the manager told the residents that she was ordered by the owner not to accept any of their rent checks, the residents began to mail their checks via certified mail to the owner; however, all their rent checks were returned to them unopened by the owner. After months of maliciously and intentionally not accepting their rent, some residents were then forced to pay all the months of unaccepted "back rent" at once, including several $25 late fees; in fact, the owner actually filed groundless unlawful detainer actions to try to illegally evict some of the residents, but never showed up to court to pursue the actions.

With regard to the malicious prosecution and retaliatory eviction causes of action, Claimant also contends that Claimant complained to debtor and governmental entities about the terrible condition of the Park. In response, the debtor wrongfully, unlawfully, and without any justification, tried to evict claimant from the Park. This wrongful conduct resulted in Claimant suffering general and special damages. Furthermore, Claimant seeks to recover punitive damages as a result of this wrongful conduct.

At this time, the lawsuit against the debtor at issue is pending, and all fact based discovery has not yet been completed. There is insurance which claimant believes provides coverage relating to this matter.

At this time this Claimant calculates Claimant's damages as $300,000.00. This amount may change based upon further factual discovery.

| In re: Valley MHP, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

23564 Calabasas Road, Suite 104
Calabasas, CA 91302

A true and correct copy of the foregoing document described as  Debtor's Original Disclosure Statement
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  11/23/10  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  11/23/10  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Judge Mund, US Bankruptcy Court, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/23/10 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                      **F 9013-3.1**

In re: Valley MHP, LLC

Debtor(s).

CHAPTER: 11

CASE NUMBER: 1:10-bk-20599 GM

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Scott C Clarkson on behalf of Creditor Remedy Investors, LLC
sclarkson@lawcgm.com

Glen Dresser on behalf of Creditor Community Commerce Bank
gombd@aol.com

Lewis R Landau on behalf of Debtor Valley MHP, LLC.
lew@landaunet.com

Eve A Marsella on behalf of Creditor Remedy Investors, LLC
emarsella@lawcgm.com

John E Nuelle on behalf of Interested Party Courtesy NEF
jnuelle@greenhall.com

Robert Reganyan on behalf of Debtor Valley MHP, LLC.
reganyanlawfirm@gmail.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                    **F 9013-3.1**