1 | **Lewis R. Landau** (CA Bar No. 143391)
   | **Attorney at Law**
2 | 23564 Calabasas Road, Suite 104
   | Calabasas, California 91302
3 | Voice & Fax: (888)822-4340
   | Email: Lew@Landaunet.com
4 |
   | Attorney for
5 | Valley MHP, LLC

6 |

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SAN FERNANDO VALLEY DIVISION**

10 |

11 | In re                                    Case No.: 1:10-bk-20599 GM

12 | Valley MHP, LLC.                          Chapter 11

13 |          Debtor and Debtor in       **STIPULATION REGARDING INTERIM**
    |          Possession.               **USE OF CASH COLLATERAL FROM**
14 |                                     **MARCH 1, 2011 TO MAY 31, 2011, MOTION**
    |                                     **FOR RELIEF FROM STAY, AND**
15 |                                     **ADEQUATE PROTECTION**

16 |                                     Date:      March 8, 2011
    |                                     Time:      10:00 a.m.
17 |                                     Place:     Courtroom 303; Judge Mund
    |                                                21041 Burbank Blvd
18 |                                                Woodland Hills, CA 91367

19 |

20 |          Valley MHP, LLC, Chapter 11 Debtor and Debtor in Possession (the "Debtor") on one

21 | hand, and Remedy Investors, LLC, successor in interest to Union Bank, on the other hand

22 | (hereinafter "Lender"), enter into this Stipulation Regarding Use of Cash Collateral, Motion for

23 | Relief from Stay, and Adequate Protection ("Stipulation") based upon the following facts:

24 |          1.      Valley MHP, LLC (the "Debtor") is the debtor in the above captioned case. The

25 | Debtor filed its voluntary chapter 11 petition commencing its case on August 25, 2010. The

26 | Debtor continues to manage and operate the estate as a Debtor in Possession. No creditors'

27 | committee has been appointed in this case.

28 |

2.     The Debtor holds title to real property located at 7936 Woodley Avenue, Los Angeles, California 91406 ("Subject Property"). The Subject Property is a multifamily mobile home park with approximately 27 spaces.

3.     Hedamar Development, Inc., a California corporation ("Hedamar") owns 100% of the equity interests in the Debtor.

4.     On July 21, 2006, Hedamar executed a "Promissory Note Secured by Deed of Trust (Adjustable Rate Note – Fixed / 6 Mo. Libor IO)" ("the Note"), by which it promised to pay Lender the principal sum of $960,000.00 plus interest on the unpaid principal. The Note is secured by a first deed of trust on the Property and an assignment of rents and fixture filing pursuant to the "Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing" (the "Deed of Trust").

5.     Thus, Lender has a first deed of trust with assignments of rents clauses on the Subject Property. The rents, royalties, issues, profits, security deposits, and income of the Subject Property (the "Cash Collateral") constitute cash collateral within the meaning of 11 U.S.C. section 363(a). Lender is entitled to the benefits of § 506(b) of the Bankruptcy Code. By virtue of Lender's perfected security interests in the Cash Collateral, Lender has an interest in the Cash Collateral within the meaning of 11 U.S.C. § 363(b).

6.     After the Debtor failed to perform under the terms of the Note and Deed of Trust, Lender elected to declare all sums immediately due and payable. As of the date that this Stipulation was signed on behalf of Lender, Lender contends that the principal balance of the loan secured by the Subject Property was $952,608.90 plus interest, applicable late charges, foreclosure fees and costs, collection costs, or attorney's fees and costs recoverable under the terms of the Note and Deed of Trust (the "Indebtedness") and that all such amounts were due and payable.

7.     Lender contends that it has duly performed any conditions precedent on its part to be performed under the Note and Deed of Trust.

8.     The Debtor represents that other than real estate taxes, no consensual liens or encumbrances senior to those of Lender exist against the Subject Property and acknowledges that Lender has specifically relied on this representation in its consent to this Stipulation. Invalidity of

2

1    this representation is a specific event of default under this Stipulation, giving rise to the Lender's

2    remedies set forth below.

3        9.      On September 2, 2010, Lender served on the Debtor its *Notice of Non-Consent of*

4    *Use of Cash Collateral* [Docket No. 10] (the "Notice of Non-Consent"), which gave notice that it

5    did not consent to the Debtor's use of Cash Collateral and perfected and made choate "all rights of

6    Lender in the rents, issues, and profits of the property described in the Deed of Trust, Security

7    Agreement, Assignment of Rents and Fixture Filing ('Deed of Trust')." Notice of Non-Consent at

8    p. 1. The Debtor does not dispute that Lender has a fully perfected lien on Subject Property and

9    the Cash Collateral.

10       10.     On September 14, 2010, Lender filed its *Motion for Relief from Automatic Stay*

11   *under 11 U.S.C. § 362* (the "Motion") [Docket No. 14] with respect to the Subject Property.

12       11.     On October 8, 2010, representatives of Lender and the Debtor executed that certain

13   Loan Modification Term Sheet (the "Term Sheet"), a true and correct copy of which is attached

14   hereto as **Exhibit "A."** Pursuant to the Term Sheet, if it were approved by the Court, the Debtor

15   was required to take certain actions by certain deadlines. However, Lender and the Debtor have

16   agreed to cancel the Term Sheet (if it was binding) and to enter this Stipulation to reflect their

17   agreement regarding the matters addressed herein.

18       12.     At the hearing on the Motion and status conference, which occurred on October 12,

19   2010, the Bankruptcy Court determined and stated on the record that this case is a single asset real

20   estate ("SARE") case.

21       13.     The Debtor filed the *Debtor's Original Chapter 11 Plan* [Docket No. 38] (the

22   "Plan") and *Debtor's Original Disclosure Statement Describing Original Chapter 11 Plan*

23   [Docket No. 39] (the "Disclosure Statement") on November 23, 2010. The parties have entered a

24   stipulation to continue the hearings on the Motion and the Disclosure Statement to April 12, 2011.

25       14.     The Debtor asserts that it needs to use the Cash Collateral to maintain the Subject

26   Property and asserts that by doing so, the Subject Property will continue to generate rents.

27       15.     Prior to execution of this Stipulation, Lender has agreed to certain specific

28   payments of Cash Collateral submitted to Lender by the Debtor in writing and otherwise has not

3

1   agreed to use of Cash Collateral.

2       16.    The Debtor and Lender negotiated and entered into this Stipulation to allow the

3   Debtor's interim use of Cash Collateral for an initial period commencing March 1, 2011 through

4   May 31, 2011.

5       17.    Lender and the Debtor have also agreed to additional terms and conditions, which

6   are described herein, in order to provide adequate protection to Lender and to ensure that Lender's

7   security is not affected.

8       *NOW THEREFORE*, the Debtor and Lender enter into following agreement regarding

9   Cash Collateral, adequate protection of Lender, and the other issues addressed herein, on the

10  following terms:

11      1.    Definitions.

12          A.    The term "cash collateral" shall have the same meaning as provided by 11

13      U.S.C. section 363(a).

14          B.    The terms "rents," "royalties," "issues," "profits," "security deposits," and

15      "income" shall have the same meanings as provided by the Deed of Trust.

16      2.    Existing Agreements.

17      Except as modified by this Stipulation, all terms, conditions and provisions of the Note and

18  Deed of Trust shall remain in full force and effect. This Stipulation, the Term Sheet (to the extent

19  it was enforceable) and any other document executed by Debtor and Lender shall be considered to

20  supplement and not replace any agreement previously entered into between Lender and the

21  Debtor. The recitals set forth above are incorporated by this reference.

22      3.    The Debtor acknowledges that it is not aware of any grounds to challenge the

23  validity, enforceability, or priority of the Lender's pre-petition claims or liens against the Subject

24  Property.

25      4.    Terms and Conditions for the Use of Cash Collateral.

26          A.    Subject to the terms and conditions herein, the Debtor shall be entitled to

27      use the Cash Collateral and to pay certain of the Debtor's actual and necessary operating

28      expenses incurred after the petition date as set forth in the budget, which is attached hereto

as **Exhibit "B"** (the "Budget"), through the term that this Stipulation provides for cash collateral.

    B.    All Cash Collateral heretofore collected and in the possession or under the control of the Debtor, and all Cash Collateral hereafter collected by the Debtor, shall be deposited into a debtor in possession bank account (the "Cash Collateral Account") and kept separate from any other funds of the Debtor.

    C.    From the Cash Collateral Account, the Debtor may transfer to its general account and pay those actual expenses set forth on Exhibit B, which are incurred in the ordinary course of the Debtor's business and which are consistent with the terms of this Stipulation.

    D.    Without the written consent of the Lender, (a) the total payments for monthly expenses shall not exceed five percent (5%) of the cumulative total for all categories of expenses set forth in Exhibit B, and (b) the Debtor's actual expenditures shall not exceed the budgeted expenditures in the Budget by more than five percent (5%) per line item in Exhibit B. No other payments or expenditures shall be made except as the Lender may specifically authorize in writing. Any unused sum remaining in any one category of expense may not be rolled over to a subsequent month, unless such rollover is because payment of an expense category was not yet due or made in such prior month but such expense was nonetheless incurred.

    5.    The Debtor further agrees that any turnover to the Lender of the Cash Collateral pursuant to this Stipulation is voluntarily made. The Debtor agrees that any turnover to Lender of any Cash Collateral and any application of the same by Lender to the Indebtedness shall not be deemed, in any manner, to constitute a setoff or other "action" as that term is used or defined in section 726 of the California Code of Civil Procedure, constitute a violation of the "one action rule" or be considered an effort by the Lender to collect a deficiency judgment.

    6.    Post-Petition Liens; Adequate Protection.

    A.    By virtue of, among other things, the provisions of the Deed of Trust and the Notice of Non-Consent, the Lender asserts that it holds a valid, duly perfected,

enforceable and non-avoidable senior-most security interest in the Cash Collateral and the

Subject Property. As further partial adequate protection for the continued use by the

Debtor of the cash collateral as provided for under this Stipulation, the Lender shall be

granted a valid, duly perfected, enforceable and non-avoidable replacement lien and

security interest of the same priority in all post-petition Cash Collateral. The Debtor shall

execute such documents as the Lender may require to perfect its security interest hereunder

and/or under the Deed of Trust or other agreement between the Debtor and Lender, but

entry of the court's order approving this Stipulation shall constitute a validly perfected first

lien and security interest upon the Cash Collateral generated after the petition date and no

filing, recordation or other act in accordance with any applicable local, state or federal law

shall be necessary to create or perfect such lien and security interest.

       B.     The post-petition liens in favor of the Lender shall secure repayment to the

Lender of the actual amount of Cash Collateral spent by the Debtor from and after the

petition date. The post-petition liens granted hereby shall not in any way reduce, eliminate

or supersede any security interest previously granted to the Lender, but shall instead be a

continuation thereof, from and after the petition date.

7.     Reporting Requirements.

The Debtor shall prepare and maintain and upon reasonable notice provide to the Lender

for examination the following records:

       A.     All records required to be kept or maintained by the Debtor, including those

required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the rules of

this Court and the United States Trustee.

       B.     All records required to be kept or maintained by the terms and conditions of

this Stipulation, and any other agreement executed by the Debtor in favor of the Lender.

       C.     In addition, the Debtor shall provide to the Lender the following reports in a

timely manner.

           1.     On or before execution of this Stipulation, the Debtor shall provide

the Lender with copies of all non-confidential documents filed by the Debtor with

the Office of the U.S. Trustee.

    2.    Monthly, the Debtor shall account to Lender for receipts, disbursements and accruals for the prior month. Such accounting shall include (but not be limited to) a rent roll and the related amounts received from each tenant.

    3.    The Debtor shall also provide the Lender in a timely and prompt fashion all reports or other information required by the Note, the Deed of Trust, and any other agreement executed by the Debtor in favor of the Lender or any other agreement which may in the future be executed by the Debtor in favor of the Lender.

D.    Inspection Rights. The Lender is authorized, in its discretion, to reasonably audit the Debtor's books and records, and to inspect the Subject Property. The Lender or its designated representative or agent shall be entitled on reasonable notice to inspect the books and records of the Debtor at any time during normal business hours. The Lender shall be entitled to have its appraiser visit the Subject Property upon reasonable notice to inspect and appraise the Subject Property.

E.    In addition to the foregoing inspection rights, the Lender shall have and be entitled to all inspections or other information required by the Note, the Deed of Trust, and any other agreement executed by the Debtor in favor of the Lender or any other agreement which may in the future be executed by the Debtor in favor of the Lender.

F.    Insurance. The Debtor shall maintain insurance in accordance with the requirements of the Office of the United States Trustee at all times for the Subject Property and shall provide evidence of the same to the Lender within 15 days after Lender's written request therefor.

8.    Agreement regarding Loan Repayment.

    A.    The Debtor and Lender agree to the following:

        a.    The Debtor and Lender acknowledge that the Term Sheet has been canceled and is of no force or effect.

b.  The Debtor and Lender agree that when they entered the Term Sheet, certain repairs were needed to make capital improvements to the electrical system on the Subject Property.  The Debtor and Lender reserve their rights with respect to whether such repairs have been completed satisfactorily.  If the Housing Authority approves the repairs to the electrical system as adequate to allow all of the spaces to be used by tenants, then Lender agrees that the Debtor has cured any default that was related to the electrical system; provided, however, that this shall not waive or otherwise affect any default(s), which are addressed below, and defaults that occur hereafter will not be waived by the Debtor complying with this subparagraph.

c.  The Debtor and Lender agree to the schedule of payments listed in **Exhibit "C"** (which is attached hereto).  That schedule is summarized as follows:

    i.  From January 1, 2010 through July 1, 2011, the total amount of unpaid nondefault payments ($ $99,528), legal fees to be paid by Debtor ($20,000), and unpaid escrow account balance ($4,576.29) will be $$124,103.98 (the "Past Due Balance").

    ii.  Beginning on July 1, 2011 and continuing through December 1, 2013, the Debtor shall pay Lender monthly payments equal to $5,854.58, which is interest of 7.375% on the outstanding principal balance ($952,608.90) (the "Interest Only Monthly Payment") plus the additional amounts described in the following subparagraph iii, and beginning on January 1, 2014 and continuing through June 1, 2014, the Debtor shall pay Lender monthly payments equal to $$7,360.16, which is principal and interest under the Note, plus the additional amounts described in the following subparagraph iii.

    iii.  Beginning on July 1, 2011 and continuing until the Past Due Balance ($124,103.98) is paid in full, the Debtor shall pay Lender $3,500 per month (or if less, the unpaid amount of the Past Due

Balance) (the "Additional Payment") in addition to the applicable payment due under paragraph i above; the applicable amount due each month is the "Monthly Payment" herein. Thus, from July 1, 2011 through December 1, 2013, the Monthly Payment will be $ $9,354.58, and from January 1, 2013 through May 1, 2014, the Monthly Payment will be $ $10,860.16, and the Monthly Payment due onJune 1, 2014 will be $ $7,430.68. If the Debtor makes all of the Monthly Payments required by the foregoing schedule (from July 1, 2011 through June 1, 2014) on time or within the cure period provided by this Stipulation, then upon the payment of the Unpaid Balance in full under the terms and conditions provided herein, Lender waives the default interest, attorneys' fees in excess of $20,000, trustee's fees, and late fees, which will total $ 82,153.83 as of June 1, 2011 (the "Default Amounts Due"). **If any Monthly Payment is late and not timely cured as required by Paragraph 9.C below, then the Default Amounts Due will not be waived by Lender, and the Default Amounts Due will be added to the unpaid principal owed to Lender under the Note and Lender will be entitled to relief from stay as provided below.**

iv. Beginning on July 1, 2014 and continuing until the outstanding principal and related interest are paid in full, the Debtor shall pay Lender monthly payments equal to $7,360.16, which is the fully amortized payment that includes principal and interest under the Note (the "Amortized Monthly Payment"). Other than as expressly provided above, the Note and Deed of Trust shall not be amended. The Note and Deed of Trust shall survive and continue in full force and effect.

d. All payments hereunder (such as Monthly Payments) by the Debtor to Lender shall be made by ACH or wire transfer and will be effective when received in Lender's account.

e. This Stipulation shall be effective upon entry of an order approving this Stipulation.

f. The Debtor shall file an amended Plan and an amended Disclosure Statement that reflect this Stipulation and incorporate this Stipulation as an exhibit to the Plan by March 5, 2011 and shall seek approval thereof at a hearing set for April 12, 2011. Upon a Plan that is consistent with this Stipulation becoming effective, all defaults arising under the Note and Deed of Trust shall be deemed cured and/or waived as of the effective date of such Plan; provided, however, that the fact that such a Plan becomes effective shall <u>not</u> be deemed a cure or waiver of any default by the Debtor or any right or remedy of Lender under this Stipulation. Thus, the fact that such a Plan becomes effective will not cure or waive any default by the Debtor in failing to make any Monthly Payment timely and, if the Debtor fails to timely cure any late Monthly Payment, will not waive the right of Lender to the Default Amounts Due (as set forth above) and to obtain relief from stay as provided below.

B. The foregoing requirements in Paragraph A above, together with the Debtor's representation that other than real estate taxes, no consensual liens or encumbrances senior to those of Lender exist against the Subject Property, are the "Conditions" herein.

9. Default; Remedies Upon Default.

A. Any failure of the Debtor to perform fully or satisfy the promises, duties, covenants, provisions or terms of this Stipulation (including but not limited to the Conditions), the Note, the Deed of Trust, or any other agreement between the parties, or any breach of a representation or warranty therein, shall be an event of default under this

1    Stipulation unless timely cured. In addition to the other defaults identified herein, each of

2    the following shall also constitute a default:

3          a.  entry of an order by the Bankruptcy Court converting or dismissing

4              Debtor's Bankruptcy case or appointing a Chapter 11 Trustee or Chapter 7

5              Trustee;

6          b.  reversal, vacatur, stay amendment, supplementation or other modification of

7              this Stipulation (without Lender's consent) in any manner which shall, in

8              the sole opinion Lender, materially and adversely affect the rights of Lender

9              hereunder, or shall materially and adversely affect the priority of any or all

10             Lender's collateral or security interests;

11         c.  entry of an order granting any party relief from the automatic stay with

12             respect to the Subject Property or Cash Collateral;

13         d.  if any person or entity shall have obtained an order permitting the use of

14             Lender's Cash Collateral without Lender's express written consent; or

15         e.  if the Debtor shall knowingly furnish or knowingly make any false,

16             inaccurate or materially incomplete representation, warranty, certificate,

17             report or summary in connection with or pursuant to this Stipulation.

18        B.     Any default under this Stipulation or any other agreement between the

19    parties, shall constitute a "default" under all agreements between the parties.

20        C.     In the event of a default, Lender may provide the Debtor with written notice

21    stating that a default has occurred, which notice may be given by providing both facsimile

22    transmission to the Debtor at (323) 720-1922 and email to the Debtor at

23    mark@markestinc.com and trslawyer@prodigy.net and, until entry of a final decree in the

24    Debtor's case, to counsel for the Debtor by facsimile to (888)822-4340 or email to

25    lew@landaunet.com; such facsimile numbers and email addresses may be updated by the

26    Debtor or its counsel by sending email to Lender at jeffers@coastalcra.com or any email

27    address or facsimile number that Lender provides to the Debtor and its counsel at such

28

1    email addresses. Upon the failure of the Debtor to cure such default by 5:00 p.m. on the

2    tenth calendar day following the day on which such notice is given:

3    (a) the Debtor's right under this Stipulation to use cash collateral shall

4    terminate, and, unless the Court orders otherwise, the Debtor shall immediately

5    stop using the Cash Collateral and the Debtor shall immediately sequester all Cash

6    Collateral received, i.e., no deductions for the expenses identified on Exhibit B; and

7    (b) Lender shall have the right to obtain relief from the automatic stay with

8    respect to the Subject Property for all purposes solely by filing with the Court and

9    serving on the Debtor's counsel a declaration that Lender served the Debtor (or its

10    counsel) a notice of such default and such default was not cured as required by this

11    Stipulation, in which case no further hearing shall be required and the stay shall be

12    lifted upon entry of the related order.

13    10.    Bankruptcy Court Approval.

14    The Debtor shall file with the bankruptcy court an appropriate emergency motion seeking

15    approval of this Stipulation on or before March 5, 2011, and shall otherwise diligently seek

16    approval thereof.

17    11.    Term for use of Cash Collateral.

18    Upon the entry of an order by the bankruptcy court approving the terms of this Stipulation,

19    the Debtor's right to use the Lender's cash collateral shall become effective as of March 1, 2011

20    and shall continue in effect until the earlier of (a) May 31, 2011 (the "Termination Date"), (b) an

21    event of default, or (c) further order of the Court regarding Cash Collateral.

22    12.    Reservation of Rights.

23    Lender shall have the right to waive any of the rights, remedies or powers granted herein

24    and shall have no obligation or duty to any other person or party with respect to the exercise of

25    said rights, remedies or duties. Delay in or failure to exercise any rights, remedies or duties shall

26    not subject Lender to any liability to any other person or party, nor shall any other person or party

27    rely upon, or in any way assert as a defense to any obligation owing to Lender such delay or

28    failure. All of Lender's rights and remedies in law and equity are specifically reserved.

13.    Nothing contained in this Stipulation or the order approving this Stipulation shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Lender to seek additional or different adequate protection of its interest under the Note and Deed of Trust, or to take any other action in this Chapter 11 case including but not limited to seeking relief from stay at an earlier date. Nothing contained in this Stipulation or the order approving this Stipulation shall be deemed or construed to be an admission that the Lender is adequately protected.

15.    The Debtor and Lender are hereby authorized to execute any documentation necessary to effectuate and/or carry out the terms and conditions of this Stipulation

16.    This Stipulation may be executed by the parties' counsel on their behalf in any number of counterparts, each of which shall be deemed an original instrument for all purposes and all of which together shall constitute this Stipulation.

17.    The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation and the related order in order to resolve any disputes in connection with the rights and duties specified above.

18.    The provisions of this Stipulation regarding Cash Collateral may be further extended by the Debtor and Lender in a writing filed with the Bankruptcy Court without a further order of the Bankruptcy Court. Lender's agreement to any such extension shall be in its sole and absolute discretion.

19.    This Stipulation shall be valid and binding on, and will inure to the benefit of, the successors and assigns of the Debtor and Lender and any Chapter 7 trustee (if one is appointed in the Debtor's case), notwithstanding any conversion of this case to chapter 7.

*NOW THEREFORE*, the parties stipulate to the foregoing.

Dated: March 4 , 2011

**Lewis R. Landau**
**Attorney at Law**

By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Debtor
lew@landaunet.com

///

1  Dated: March **4** , 2011

2

SMITH | CAMPBELL | CLIFFORD | KEARNEY |
GORE, A Professional Law Corporation

3

4  By: *Christine M. Fitzgerald*
Barry R. Gore
Christine M. Fitzgerald

5  Attorney for Remedy Investors, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# Loan Modification
# Term Sheet

October 8, 2010

Re:     Loan with Remedy Investors, LLC (Lender) and Valley MHP, LLC (Borrower)
         Property located at 7936 Woodley Ave., Los Angeles, CA 91406

1. Lender to waive all existing defaults once Capital Improvement Account has be established and funded as per item #2 below.
2. Borrower to deposit by Nov. 30, 2010, an amount to be determined as below into a DIP account labeled "Capital Improvement Account" for the capital improvements. Borrower to pay expenses through this account for the Capital improvements for the property as provided by the 3rd party contractor. Borrower to provide a more detailed work proposal by a 3rd party contractor for the capital improvements to be performed. The amount of the work proposal as provided by the 3rd party contractor shall be the amount required to be deposited into the newly established DIP account labeled "Capital Improvement Account".
3. Borrower to pay Lender a flat fee of $10,000 to cover any and all expenses that Lender has incurred regarding this loan modification, BK and foreclosure proceedings. This $10,000 will be added to the Past Due Balance as described below in item # 4.
4. Past due balance to be calculated as follows:  Past due regular monthly payments to be calculated as only the interest only portion, 7.375% on the outstanding principal balance of $952,608.90 - $5,854.57 per month for Feb 2010 thru March 2011. Past due escrow account of $4,576.29. Per item #3 above – reimbursable fees of $10,000 to Lender. Total past due balance is $96,540.27.
5. All past default interest and late fees are waived by Lender provided Borrower does not miss two consecutive past due payments in the amount of $3,000 and once Borrower has paid past due balance in full (as per item # 6 below).
6. Borrower to begin on May 1, 2011 making equal monthly payments on the past due balance to Lender, above and beyond the regular monthly mortgage payment as described below, at $3,000 per month until past due balance is paid in full, which can be no later than 2/1/14.
7. New monthly mortgage payments to be calculated on the outstanding principal balance of $952,608.90 at 7.375%, with interest only payments. Borrower to resume the regular monthly mortgage payments starting April 1, 2011. Beginning with Feb. 1, 2014 or when past due balance is $0.00, whichever occurs first, the monthly mortgage payment will become fully amortized. Borrower shall begin to make fully amortized payments of $7,360.16 to Lender.
8. Borrower to provide monthly operating statements and rent roll within 15 days of month-end.
9. Borrower or Lender, at their own discretion, may order an appraisal for their own use, not for use in this loan modification or bankruptcy.
10. Lender and Borrower shall handle the motion by Lender to non-consent to cash collateral separately from this loan modification.
11. Borrower and Lender agree to have our respective attorneys to postpone the hearing that is scheduled for Oct. 12, 2010 and set a new hearing date for the first available date after Nov. 30, 2010 to confirm this loan modification in court.

12. This term sheet is confidential until approved and requires bankruptcy court approval to become effective.

13. Attached to this modification is the schedule of payments.


Agreed:

Borrower                                    Lender


_____            _____

Mark Magna, Manager                         _____
Valley MHP, LLC                             Remedic Investors, LLC

12. This term sheet is confidential until approved and requires bankruptcy court approval to become effective.
13. Attached to this modification is the schedule of payments.

Agreed:

Borrower                                        Lender

Mark Magna, Manager                             Kyle Jeffers
Valley MHP, LLC                                 Remedy Investors, LLC

# EXHIBIT B

Exhibit "B"
Valley MHP, LLC

| Expenses | 1 Sep-10 | 2 Oct-10 | 3 Nov-10 | 4 Dec-10 | 5 Jan-11 | 6 Feb-11 | 7 Mar-11 | 8 Apr-11 | 9 May-11 | 10 Jun-11 | 11 Jul-11 | 12 Aug-11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accountant | - | - | - | - | - | - | 800 | - | - | - | - | - |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
| Mortgage | - | - | - | - | - | - | - | - | - | - | 3,500 | 3,500 |
| Mtg Int - Additional | - | - | - | - | - | - | - | - | - | - | 5,855 | 5,855 |
| Finance Charges | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Lic., Fee, Permits | - | - | - | - | 1,000 | 450 | - | - | - | - | - | - |
| Insurance | 650 | 650 | 650 | 650 | 650 | 650 | 2,309 | 650 | 650 | 650 | 650 | 650 |
| Prop Tax | - | - | - | - | - | - | - | - | - | - | - | - |
| State Tax | - | - | - | - | - | - | 800 | - | - | - | - | - |
| Electric | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 2,000 |
| Water | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 800 |
| Gas | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 250 |
| Trash | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 |
| Sewer | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 400 |
| M & R | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 750 | 750 |
| Pay Plan - FTB | - | - | - | - | - | - | - | - | - | - | - | 44 |
| Pay Plan - DWP | - | - | - | - | - | - | - | - | - | - | - | 431 |
| Pay Plan - Prop Tax** | - | - | - | - | - | - | - | - | - | - | - | 726 |
| Total | 4,075 | 4,075 | 4,075 | 4,075 | 5,075 | 4,525 | 7,334 | 4,075 | 4,075 | 4,075 | 13,680 | 15,715 |

**This Plan Payment retires LA County Taxes per Proof of Claim # 27 at equal payments for 48 months starting Aug 2011

# EXHIBIT C

**REMEDY INVESTORS**
**WOODLEY RV PARK**
**LOAN MODIFICATION PROPOSAL**

| | | |
|---|---|---|
| Current Principal | $ | 952,608.90 |
| Payment on Past Due | $ | 3,500.00 |
| Interest Rate | | 7.375% |

| Payment Due Date | Past Due Amount | Actual Payments | Outstanding Past Due | Payment Due Date | Accrual | Interest Payments | Principal Payments | Outstanding Balance | Total Payment |
|---|---|---|---|---|---|---|---|---|---|
| Legal Costs | | | $ 20,000.00 | | | | | | |
| Tax Advance | $ 4,576.29 | | $ 24,576.29 | | | | | $ 952,608.90 | |
| 2/1/2010 | $ 5,854.57 | | $ 30,430.86 | 2/1/2010 | | | | $ 952,608.90 | $ - |
| 3/1/2010 | $ 5,854.57 | | $ 36,285.43 | 3/1/2010 | | | | $ 952,608.90 | $ - |
| 4/1/2010 | $ 5,854.57 | | $ 42,140.00 | 4/1/2010 | | | | $ 952,608.90 | $ - |
| 5/1/2010 | $ 5,854.57 | | $ 47,994.57 | 5/1/2010 | | | | $ 952,608.90 | $ - |
| 6/1/2010 | $ 5,854.57 | | $ 53,849.14 | 6/1/2010 | | | | $ 952,608.90 | $ - |
| 7/1/2010 | $ 5,854.57 | | $ 59,703.71 | 7/1/2010 | | | | $ 952,608.90 | $ - |
| 8/1/2010 | $ 5,854.57 | | $ 65,558.28 | 8/1/2010 | | | | $ 952,608.90 | $ - |
| 9/1/2010 | $ 5,854.57 | | $ 71,412.85 | 9/1/2010 | | | | $ 952,608.90 | $ - |
| 10/1/2010 | $ 5,854.57 | | $ 77,267.42 | 10/1/2010 | | | | $ 952,608.90 | $ - |
| 11/1/2010 | $ 5,854.57 | | $ 83,121.99 | 11/1/2010 | | | | $ 952,608.90 | $ - |
| 12/1/2010 | $ 5,854.57 | | $ 88,976.56 | 12/1/2010 | | | | $ 952,608.90 | $ - |
| 1/1/2011 | $ 5,854.57 | | $ 94,831.13 | 1/1/2011 | | | | $ 952,608.90 | $ - |
| 2/1/2011 | $ 5,854.57 | | $ 100,685.70 | 2/1/2011 | | | | $ 952,608.90 | $ - |
| 3/1/2011 | $ 5,854.57 | | $ 106,540.27 | 3/1/2011 | | | | $ 952,608.90 | $ - |
| 4/1/2011 | $ 5,854.57 | | $ 112,394.84 | 4/1/2011 | | | | $ 952,608.90 | $ - |
| 5/1/2011 | $ 5,854.57 | | $ 118,249.41 | 5/1/2011 | | | | $ 952,608.90 | $ - |
| 6/1/2011 | $ 5,854.57 | | $ 124,103.98 | 6/1/2011 | | | | $ 952,608.90 | $ - |
| 7/1/2011 | | $ (3,500.00) | $ 120,603.98 | 7/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 8/1/2011 | | $ (3,500.00) | $ 117,103.98 | 8/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 9/1/2011 | | $ (3,500.00) | $ 113,603.98 | 9/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 10/1/2011 | | $ (3,500.00) | $ 110,103.98 | 10/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 11/1/2011 | | $ (3,500.00) | $ 106,603.98 | 11/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 12/1/2011 | | $ (3,500.00) | $ 103,103.98 | 12/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 1/1/2012 | | $ (3,500.00) | $ 99,603.98 | 1/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 2/1/2012 | | $ (3,500.00) | $ 96,103.98 | 2/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 3/1/2012 | | $ (3,500.00) | $ 92,603.98 | 3/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 4/1/2012 | | $ (3,500.00) | $ 89,103.98 | 4/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 5/1/2012 | | $ (3,500.00) | $ 85,603.98 | 5/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 6/1/2012 | | $ (3,500.00) | $ 82,103.98 | 6/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 7/1/2012 | | $ (3,500.00) | $ 78,603.98 | 7/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 8/1/2012 | | $ (3,500.00) | $ 75,103.98 | 8/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 9/1/2012 | | $ (3,500.00) | $ 71,603.98 | 9/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 10/1/2012 | | $ (3,500.00) | $ 68,103.98 | 10/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 11/1/2012 | | $ (3,500.00) | $ 64,603.98 | 11/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 12/1/2012 | | $ (3,500.00) | $ 61,103.98 | 12/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 1/1/2013 | | $ (3,500.00) | $ 57,603.98 | 1/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 2/1/2013 | | $ (3,500.00) | $ 54,103.98 | 2/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 3/1/2013 | | $ (3,500.00) | $ 50,603.98 | 3/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 4/1/2013 | | $ (3,500.00) | $ 47,103.98 | 4/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 5/1/2013 | | $ (3,500.00) | $ 43,603.98 | 5/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 6/1/2013 | | $ (3,500.00) | $ 40,103.98 | 6/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 7/1/2013 | | $ (3,500.00) | $ 36,603.98 | 7/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 8/1/2013 | | $ (3,500.00) | $ 33,103.98 | 8/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 9/1/2013 | | $ (3,500.00) | $ 29,603.98 | 9/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 10/1/2013 | | $ (3,500.00) | $ 26,103.98 | 10/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 11/1/2013 | | $ (3,500.00) | $ 22,603.98 | 11/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 12/1/2013 | | $ (3,500.00) | $ 19,103.98 | 12/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 1/1/2014 | | $ (3,500.00) | $ 15,603.98 | 1/1/2014 | $7,360.16 | $ (5,854.58) | $ (1,505.58) | $ 954,114.48 | $ 10,860.16 |
| 2/1/2014 | | $ (3,500.00) | $ 12,103.98 | 2/1/2014 | $7,360.16 | $ (5,863.83) | $ (1,496.33) | $ 952,618.15 | $ 10,860.16 |
| 3/1/2014 | | $ (3,500.00) | $ 8,603.98 | 3/1/2014 | $7,360.16 | $ (5,854.63) | $ (1,505.53) | $ 951,112.63 | $ 10,860.16 |
| 4/1/2014 | | $ (3,500.00) | $ 5,103.98 | 4/1/2014 | $7,360.16 | $ (5,845.38) | $ (1,514.78) | $ 949,597.85 | $ 10,860.16 |
| 5/1/2014 | | $ (3,500.00) | $ 1,603.98 | 5/1/2014 | $7,360.16 | $ (5,836.07) | $ (1,524.09) | $ 948,073.76 | $ 10,860.16 |
| 6/1/2014 | | $ (1,603.98) | $ - | 6/1/2014 | $7,360.16 | $ (5,826.70) | $ (1,533.46) | $ 946,540.30 | $ 8,964.14 |
| 7/1/2014 | | $ - | $ - | 7/1/2014 | $7,360.16 | $ (5,817.28) | $ (1,542.88) | $ 944,997.42 | $ 7,360.16 |
| 8/1/2014 | | $ - | $ - | 8/1/2014 | $7,360.16 | $ (5,807.80) | $ (1,552.36) | $ 943,445.05 | $ 7,360.16 |
| 9/1/2014 | | $ - | $ - | 9/1/2014 | $7,360.16 | $ (5,798.26) | $ (1,561.90) | $ 941,883.15 | $ 7,360.16 |
| 10/1/2014 | | $ - | $ - | 10/1/2014 | $7,360.16 | $ (5,788.66) | $ (1,571.50) | $ 940,311.65 | $ 7,360.16 |
| 11/1/2014 | | $ - | $ - | 11/1/2014 | $7,360.16 | $ (5,779.00) | $ (1,581.16) | $ 938,730.49 | $ 7,360.16 |
| 12/1/2014 | | $ - | $ - | 12/1/2014 | $7,360.16 | $ (5,769.28) | $ (1,590.88) | $ 937,139.61 | $ 7,360.16 |
| 1/1/2015 | | $ - | $ - | 1/1/2015 | $7,360.16 | $ (5,759.50) | $ (1,600.66) | $ 935,538.95 | $ 7,360.16 |
| 2/1/2015 | | $ - | $ - | 2/1/2015 | $7,360.16 | $ (5,749.67) | $ (1,610.49) | $ 933,928.46 | $ 7,360.16 |
| 3/1/2015 | | | | 3/1/2015 | $7,360.16 | $ (5,739.77) | $ (1,620.39) | $ 932,308.07 | $ 7,360.16 |
| 4/1/2015 | | | | 4/1/2015 | $7,360.16 | $ (5,729.81) | $ (1,630.35) | $ 930,677.72 | $ 7,360.16 |
| 5/1/2015 | | | | 5/1/2015 | $7,360.16 | $ (5,719.79) | $ (1,640.37) | $ 929,037.35 | $ 7,360.16 |
| 6/1/2015 | | | | 6/1/2015 | $7,360.16 | $ (5,709.71) | $ (1,650.45) | $ 927,386.89 | $ 7,360.16 |
| 7/1/2015 | | | | 7/1/2015 | $7,360.16 | $ (5,699.57) | $ (1,660.59) | $ 925,726.30 | $ 7,360.16 |

| Date | | | | | |
|------|------|------|------|------|------|
| 8/1/2015 | | | | | |
| 9/1/2015 | | | | | |
| 10/1/2015 | | | | | |
| 11/1/2015 | | | | | |
| 12/1/2015 | | | | | |
| 1/1/2016 | | | | | |
| 2/1/2016 | | | | | |
| 3/1/2016 | | | | | |
| 4/1/2016 | | | | | |
| 5/1/2016 | | | | | |
| 6/1/2016 | | | | | |
| 7/1/2016 | | | | | |
| 8/1/2016 | | | | | |
| 9/1/2016 | | | | | |
| 10/1/2016 | | | | | |
| 11/1/2016 | | | | | |
| 12/1/2016 | | | | | |

| Date | Payment | Interest | Principal | Balance | Payment |
|------|---------|----------|-----------|---------|---------|
| 8/1/2015 | $7,360.16 | $ (5,689.36) | $ (1,670.80) | $ 924,055.50 | $ 7,360.16 |
| 9/1/2015 | $7,360.16 | $ (5,679.09) | $ (1,681.07) | $ 922,374.43 | $ 7,360.16 |
| 10/1/2015 | $7,360.16 | $ (5,668.76) | $ (1,691.40) | $ 920,683.03 | $ 7,360.16 |
| 11/1/2015 | $7,360.16 | $ (5,658.36) | $ (1,701.80) | $ 918,981.23 | $ 7,360.16 |
| 12/1/2015 | $7,360.16 | $ (5,647.91) | $ (1,712.25) | $ 917,268.98 | $ 7,360.16 |
| 1/1/2016 | $7,360.16 | $ (5,637.38) | $ (1,722.78) | $ 915,546.20 | $ 7,360.16 |
| 2/1/2016 | $7,360.16 | $ (5,626.79) | $ (1,733.37) | $ 913,812.84 | $ 7,360.16 |
| 3/1/2016 | $7,360.16 | $ (5,616.14) | $ (1,744.02) | $ 912,068.82 | $ 7,360.16 |
| 4/1/2016 | $7,360.16 | $ (5,605.42) | $ (1,754.74) | $ 910,314.08 | $ 7,360.16 |
| 5/1/2016 | $7,360.16 | $ (5,594.64) | $ (1,765.52) | $ 908,548.56 | $ 7,360.16 |
| 6/1/2016 | $7,360.16 | $ (5,583.79) | $ (1,776.37) | $ 906,772.19 | $ 7,360.16 |
| 7/1/2016 | $7,360.16 | $ (5,572.87) | $ (1,787.29) | $ 904,984.90 | $ 7,360.16 |
| 8/1/2016 | $7,360.16 | $ (5,561.89) | $ (1,798.27) | $ 903,186.62 | $ 7,360.16 |
| 9/1/2016 | $7,360.16 | $ (5,550.83) | $ (1,809.33) | $ 901,377.30 | $ 7,360.16 |
| 10/1/2016 | $7,360.16 | $ (5,539.71) | $ (1,820.45) | $ 899,556.85 | $ 7,360.16 |
| 11/1/2016 | $7,360.16 | $ (5,528.53) | $ (1,831.63) | $ 897,725.22 | $ 7,360.16 |
| 12/1/2016 | $7,360.16 | $ (5,517.27) | $ (1,842.89) | $ 895,882.33 | $ 7,360.16 |
| 1/1/2017 | $7,360.16 | $ (5,505.94) | $ (1,854.22) | $ 894,028.11 | $ 7,360.16 |
| 2/1/2017 | $7,360.16 | $ (5,494.55) | $ (1,865.61) | $ 892,162.50 | $ 7,360.16 |
| 3/1/2017 | $7,360.16 | $ (5,483.08) | $ (1,877.08) | $ 890,285.42 | $ 7,360.16 |
| 4/1/2017 | $7,360.16 | $ (5,471.55) | $ (1,888.61) | $ 888,396.81 | $ 7,360.16 |
| 5/1/2017 | $7,360.16 | $ (5,459.94) | $ (1,900.22) | $ 886,496.59 | $ 7,360.16 |
| 6/1/2017 | $7,360.16 | $ (5,448.26) | $ (1,911.90) | $ 884,584.69 | $ 7,360.16 |
| 7/1/2017 | $7,360.16 | $ (5,436.51) | $ (1,923.65) | $ 882,661.04 | $ 7,360.16 |
| 8/1/2017 | $7,360.16 | $ (5,424.69) | $ (1,935.47) | $ 880,725.57 | $ 7,360.16 |
| 9/1/2017 | $7,360.16 | $ (5,412.79) | $ (1,947.37) | $ 878,778.20 | $ 7,360.16 |
| 10/1/2017 | $7,360.16 | $ (5,400.82) | $ (1,959.34) | $ 876,818.86 | $ 7,360.16 |
| 11/1/2017 | $7,360.16 | $ (5,388.78) | $ (1,971.38) | $ 874,847.49 | $ 7,360.16 |
| 12/1/2017 | $7,360.16 | $ (5,376.67) | $ (1,983.49) | $ 872,863.99 | $ 7,360.16 |
| 1/1/2018 | $7,360.16 | $ (5,364.48) | $ (1,995.68) | $ 870,868.31 | $ 7,360.16 |
| 2/1/2018 | $7,360.16 | $ (5,352.21) | $ (2,007.95) | $ 868,860.36 | $ 7,360.16 |
| 3/1/2018 | $7,360.16 | $ (5,339.87) | $ (2,020.29) | $ 866,840.07 | $ 7,360.16 |
| 4/1/2018 | $7,360.16 | $ (5,327.45) | $ (2,032.71) | $ 864,807.37 | $ 7,360.16 |
| 5/1/2018 | $7,360.16 | $ (5,314.96) | $ (2,045.20) | $ 862,762.17 | $ 7,360.16 |
| 6/1/2018 | $7,360.16 | $ (5,302.39) | $ (2,057.77) | $ 860,704.40 | $ 7,360.16 |
| 7/1/2018 | $7,360.16 | $ (5,289.75) | $ (2,070.41) | $ 858,633.99 | $ 7,360.16 |
| 8/1/2018 | $7,360.16 | $ (5,277.02) | $ (2,083.14) | $ 856,550.85 | $ 7,360.16 |
| 9/1/2018 | $7,360.16 | $ (5,264.22) | $ (2,095.94) | $ 854,454.91 | $ 7,360.16 |
| 10/1/2018 | $7,360.16 | $ (5,251.34) | $ (2,108.82) | $ 852,346.08 | $ 7,360.16 |
| 11/1/2018 | $7,360.16 | $ (5,238.38) | $ (2,121.78) | $ 850,224.30 | $ 7,360.16 |
| 12/1/2018 | $7,360.16 | $ (5,225.34) | $ (2,134.82) | $ 848,089.48 | $ 7,360.16 |
| 1/1/2019 | $7,360.16 | $ (5,212.22) | $ (2,147.94) | $ 845,941.53 | $ 7,360.16 |
| 2/1/2019 | $7,360.16 | $ (5,199.02) | $ (2,161.14) | $ 843,780.39 | $ 7,360.16 |
| 3/1/2019 | $7,360.16 | $ (5,185.73) | $ (2,174.43) | $ 841,605.96 | $ 7,360.16 |
| 4/1/2019 | $7,360.16 | $ (5,172.37) | $ (2,187.79) | $ 839,418.17 | $ 7,360.16 |
| 5/1/2019 | $7,360.16 | $ (5,158.92) | $ (2,201.24) | $ 837,216.94 | $ 7,360.16 |
| 6/1/2019 | $7,360.16 | $ (5,145.40) | $ (2,214.76) | $ 835,002.17 | $ 7,360.16 |
| 7/1/2019 | $7,360.16 | $ (5,131.78) | $ (2,228.38) | $ 832,773.80 | $ 7,360.16 |
| 8/1/2019 | $7,360.16 | $ (5,118.09) | $ (2,242.07) | $ 830,531.73 | $ 7,360.16 |
| 9/1/2019 | $7,360.16 | $ (5,104.31) | $ (2,255.85) | $ 828,275.88 | $ 7,360.16 |
| 10/1/2019 | $7,360.16 | $ (5,090.45) | $ (2,269.71) | $ 826,006.16 | $ 7,360.16 |
| 11/1/2019 | $7,360.16 | $ (5,076.50) | $ (2,283.66) | $ 823,722.50 | $ 7,360.16 |
| 12/1/2019 | $7,360.16 | $ (5,062.46) | $ (2,297.70) | $ 821,424.80 | $ 7,360.16 |
| 1/1/2020 | $7,360.16 | $ (5,048.34) | $ (2,311.82) | $ 819,112.98 | $ 7,360.16 |
| 2/1/2020 | $7,360.16 | $ (5,034.13) | $ (2,326.03) | $ 816,786.95 | $ 7,360.16 |
| 3/1/2020 | $7,360.16 | $ (5,019.84) | $ (2,340.32) | $ 814,446.63 | $ 7,360.16 |
| 4/1/2020 | $7,360.16 | $ (5,005.45) | $ (2,354.71) | $ 812,091.92 | $ 7,360.16 |
| 5/1/2020 | $7,360.16 | $ (4,990.98) | $ (2,369.18) | $ 809,722.74 | $ 7,360.16 |
| 6/1/2020 | $7,360.16 | $ (4,976.42) | $ (2,383.74) | $ 807,339.00 | $ 7,360.16 |
| 7/1/2020 | $7,360.16 | $ (4,961.77) | $ (2,398.39) | $ 804,940.61 | $ 7,360.16 |
| 8/1/2020 | $7,360.16 | $ (4,947.03) | $ (2,413.13) | $ 802,527.48 | $ 7,360.16 |
| 9/1/2020 | $7,360.16 | $ (4,932.20) | $ (2,427.96) | $ 800,099.52 | $ 7,360.16 |
| 10/1/2020 | $7,360.16 | $ (4,917.28) | $ (2,442.88) | $ 797,656.64 | $ 7,360.16 |
| 11/1/2020 | $7,360.16 | $ (4,902.26) | $ (2,457.90) | $ 795,198.75 | $ 7,360.16 |
| 12/1/2020 | $7,360.16 | $ (4,887.16) | $ (2,473.00) | $ 792,725.75 | $ 7,360.16 |
| 1/1/2021 | $7,360.16 | $ (4,871.96) | $ (2,488.20) | $ 790,237.55 | $ 7,360.16 |
| 2/1/2021 | $7,360.16 | $ (4,856.67) | $ (2,503.49) | $ 787,734.06 | $ 7,360.16 |
| 3/1/2021 | $7,360.16 | $ (4,841.28) | $ (2,518.88) | $ 785,215.18 | $ 7,360.16 |
| 4/1/2021 | $7,360.16 | $ (4,825.80) | $ (2,534.36) | $ 782,680.82 | $ 7,360.16 |
| 5/1/2021 | $7,360.16 | $ (4,810.23) | $ (2,549.93) | $ 780,130.89 | $ 7,360.16 |
| 6/1/2021 | $7,360.16 | $ (4,794.55) | $ (2,565.61) | $ 777,565.28 | $ 7,360.16 |
| 7/1/2021 | $7,360.16 | $ (4,778.79) | $ (2,581.37) | $ 774,983.91 | $ 7,360.16 |
| 8/1/2021 | $7,360.16 | $ (4,762.92) | $ (2,597.24) | $ 772,386.67 | $ 7,360.16 |
| 9/1/2021 | $7,360.16 | $ (4,746.96) | $ (2,613.20) | $ 769,773.47 | $ 7,360.16 |
| 10/1/2021 | $7,360.16 | $ (4,730.90) | $ (2,629.26) | $ 767,144.21 | $ 7,360.16 |
| 11/1/2021 | $7,360.16 | $ (4,714.74) | $ (2,645.42) | $ 764,498.79 | $ 7,360.16 |
| 12/1/2021 | $7,360.16 | $ (4,698.48) | $ (2,661.68) | $ 761,837.11 | $ 7,360.16 |
| 1/1/2022 | $7,360.16 | $ (4,682.12) | $ (2,678.04) | $ 759,159.07 | $ 7,360.16 |

| | | | | | |
|---|---|---|---|---|---|
| 2/1/2022 | $7,360.16 | $ (4,665.67) | $ (2,694.49) | $ 756,464.58 | $    7,360.16 |
| 3/1/2022 | $7,360.16 | $ (4,649.11) | $ (2,711.05) | $ 753,753.52 | $    7,360.16 |
| 4/1/2022 | $7,360.16 | $ (4,632.44) | $ (2,727.72) | $ 751,025.81 | $    7,360.16 |
| 5/1/2022 | $7,360.16 | $ (4,615.68) | $ (2,744.48) | $ 748,281.33 | $    7,360.16 |
| 6/1/2022 | $7,360.16 | $ (4,598.81) | $ (2,761.35) | $ 745,519.98 | $    7,360.16 |
| 7/1/2022 | $7,360.16 | $ (4,581.84) | $ (2,778.32) | $ 742,741.66 | $    7,360.16 |
| 8/1/2022 | $7,360.16 | $ (4,564.77) | $ (2,795.39) | $ 739,946.27 | $    7,360.16 |
| 9/1/2022 | $7,360.16 | $ (4,547.59) | $ (2,812.57) | $ 737,133.69 | $    7,360.16 |
| 10/1/2022 | $7,360.16 | $ (4,530.30) | $ (2,829.86) | $ 734,303.83 | $    7,360.16 |
| 11/1/2022 | $7,360.16 | $ (4,512.91) | $ (2,847.25) | $ 731,456.58 | $    7,360.16 |
| 12/1/2022 | $7,360.16 | $ (4,495.41) | $ (2,864.75) | $ 728,591.83 | $    7,360.16 |
| 1/1/2023 | $7,360.16 | $ (4,477.80) | $ (2,882.36) | $ 725,709.48 | $    7,360.16 |
| 2/1/2023 | $7,360.16 | $ (4,460.09) | $ (2,900.07) | $ 722,809.41 | $    7,360.16 |
| 3/1/2023 | $7,360.16 | $ (4,442.27) | $ (2,917.89) | $ 719,891.51 | $    7,360.16 |
| 4/1/2023 | $7,360.16 | $ (4,424.33) | $ (2,935.83) | $ 716,955.69 | $    7,360.16 |
| 5/1/2023 | $7,360.16 | $ (4,406.29) | $ (2,953.87) | $ 714,001.82 | $    7,360.16 |
| 6/1/2023 | $7,360.16 | $ (4,388.14) | $ (2,972.02) | $ 711,029.79 | $    7,360.16 |
| 7/1/2023 | $7,360.16 | $ (4,369.87) | $ (2,990.29) | $ 708,039.50 | $    7,360.16 |
| 8/1/2023 | $7,360.16 | $ (4,351.49) | $ (3,008.67) | $ 705,030.84 | $    7,360.16 |
| 9/1/2023 | $7,360.16 | $ (4,333.00) | $ (3,027.16) | $ 702,003.68 | $    7,360.16 |
| 10/1/2023 | $7,360.16 | $ (4,314.40) | $ (3,045.76) | $ 698,957.92 | $    7,360.16 |
| 11/1/2023 | $7,360.16 | $ (4,295.68) | $ (3,064.48) | $ 695,893.43 | $    7,360.16 |
| 12/1/2023 | $7,360.16 | $ (4,276.85) | $ (3,083.31) | $ 692,810.12 | $    7,360.16 |
| 1/1/2024 | $7,360.16 | $ (4,257.90) | $ (3,102.26) | $ 689,707.86 | $    7,360.16 |
| 2/1/2024 | $7,360.16 | $ (4,238.83) | $ (3,121.33) | $ 686,586.52 | $    7,360.16 |
| 3/1/2024 | $7,360.16 | $ (4,219.65) | $ (3,140.51) | $ 683,446.01 | $    7,360.16 |
| 4/1/2024 | $7,360.16 | $ (4,200.35) | $ (3,159.81) | $ 680,286.20 | $    7,360.16 |
| 5/1/2024 | $7,360.16 | $ (4,180.93) | $ (3,179.23) | $ 677,106.96 | $    7,360.16 |
| 6/1/2024 | $7,360.16 | $ (4,161.39) | $ (3,198.77) | $ 673,908.19 | $    7,360.16 |
| 7/1/2024 | $7,360.16 | $ (4,141.73) | $ (3,218.43) | $ 670,689.76 | $    7,360.16 |
| 8/1/2024 | $7,360.16 | $ (4,121.95) | $ (3,238.21) | $ 667,451.54 | $    7,360.16 |
| 9/1/2024 | $7,360.16 | $ (4,102.05) | $ (3,258.11) | $ 664,193.43 | $    7,360.16 |
| 10/1/2024 | $7,360.16 | $ (4,082.02) | $ (3,278.14) | $ 660,915.29 | $    7,360.16 |
| 11/1/2024 | $7,360.16 | $ (4,061.88) | $ (3,298.28) | $ 657,617.01 | $    7,360.16 |
| 12/1/2024 | $7,360.16 | $ (4,041.60) | $ (3,318.56) | $ 654,298.45 | $    7,360.16 |
| 1/1/2025 | $7,360.16 | $ (4,021.21) | $ (3,338.95) | $ 650,959.50 | $    7,360.16 |
| 2/1/2025 | $7,360.16 | $ (4,000.69) | $ (3,359.47) | $ 647,600.03 | $    7,360.16 |
| 3/1/2025 | $7,360.16 | $ (3,980.04) | $ (3,380.12) | $ 644,219.91 | $    7,360.16 |
| 4/1/2025 | $7,360.16 | $ (3,959.27) | $ (3,400.89) | $ 640,819.02 | $    7,360.16 |
| 5/1/2025 | $7,360.16 | $ (3,938.37) | $ (3,421.79) | $ 637,397.23 | $    7,360.16 |
| 6/1/2025 | $7,360.16 | $ (3,917.34) | $ (3,442.82) | $ 633,954.40 | $    7,360.16 |
| 7/1/2025 | $7,360.16 | $ (3,896.18) | $ (3,463.98) | $ 630,490.42 | $    7,360.16 |
| 8/1/2025 | $7,360.16 | $ (3,874.89) | $ (3,485.27) | $ 627,005.15 | $    7,360.16 |
| 9/1/2025 | $7,360.16 | $ (3,853.47) | $ (3,506.69) | $ 623,498.46 | $    7,360.16 |
| 10/1/2025 | $7,360.16 | $ (3,831.92) | $ (3,528.24) | $ 619,970.22 | $    7,360.16 |
| 11/1/2025 | $7,360.16 | $ (3,810.23) | $ (3,549.93) | $ 616,420.29 | $    7,360.16 |
| 12/1/2025 | $7,360.16 | $ (3,788.42) | $ (3,571.74) | $ 612,848.55 | $    7,360.16 |
| 1/1/2026 | $7,360.16 | $ (3,766.47) | $ (3,593.69) | $ 609,254.85 | $    7,360.16 |
| 2/1/2026 | $7,360.16 | $ (3,744.38) | $ (3,615.78) | $ 605,639.07 | $    7,360.16 |
| 3/1/2026 | $7,360.16 | $ (3,722.16) | $ (3,638.00) | $ 602,001.07 | $    7,360.16 |
| 4/1/2026 | $7,360.16 | $ (3,699.80) | $ (3,660.36) | $ 598,340.71 | $    7,360.16 |
| 5/1/2026 | $7,360.16 | $ (3,677.30) | $ (3,682.86) | $ 594,657.85 | $    7,360.16 |
| 6/1/2026 | $7,360.16 | $ (3,654.67) | $ (3,705.49) | $ 590,952.36 | $    7,360.16 |
| 7/1/2026 | $7,360.16 | $ (3,631.89) | $ (3,728.27) | $ 587,224.09 | $    7,360.16 |
| 8/1/2026 | $7,360.16 | $ (3,608.98) | $ (3,751.18) | $ 583,472.91 | $    7,360.16 |
| 9/1/2026 | $7,360.16 | $ (3,585.93) | $ (3,774.23) | $ 579,698.68 | $    7,360.16 |
| 10/1/2026 | $7,360.16 | $ (3,562.73) | $ (3,797.43) | $ 575,901.25 | $    7,360.16 |
| 11/1/2026 | $7,360.16 | $ (3,539.39) | $ (3,820.77) | $ 572,080.48 | $    7,360.16 |
| 12/1/2026 | $7,360.16 | $ (3,515.91) | $ (3,844.25) | $ 568,236.24 | $    7,360.16 |
| 1/1/2027 | $7,360.16 | $ (3,492.29) | $ (3,867.87) | $ 564,368.36 | $    7,360.16 |
| 2/1/2027 | $7,360.16 | $ (3,468.51) | $ (3,891.65) | $ 560,476.71 | $    7,360.16 |
| 3/1/2027 | $7,360.16 | $ (3,444.60) | $ (3,915.56) | $ 556,561.15 | $    7,360.16 |
| 4/1/2027 | $7,360.16 | $ (3,420.53) | $ (3,939.63) | $ 552,621.52 | $    7,360.16 |
| 5/1/2027 | $7,360.16 | $ (3,396.32) | $ (3,963.84) | $ 548,657.68 | $    7,360.16 |
| 6/1/2027 | $7,360.16 | $ (3,371.96) | $ (3,988.20) | $ 544,669.48 | $    7,360.16 |
| 7/1/2027 | $7,360.16 | $ (3,347.45) | $ (4,012.71) | $ 540,656.77 | $    7,360.16 |
| 8/1/2027 | $7,360.16 | $ (3,322.79) | $ (4,037.37) | $ 536,619.40 | $    7,360.16 |
| 9/1/2027 | $7,360.16 | $ (3,297.97) | $ (4,062.19) | $ 532,557.21 | $    7,360.16 |
| 10/1/2027 | $7,360.16 | $ (3,273.01) | $ (4,087.15) | $ 528,470.06 | $    7,360.16 |
| 11/1/2027 | $7,360.16 | $ (3,247.89) | $ (4,112.27) | $ 524,357.79 | $    7,360.16 |
| 12/1/2027 | $7,360.16 | $ (3,222.62) | $ (4,137.54) | $ 520,220.24 | $    7,360.16 |
| 1/1/2028 | $7,360.16 | $ (3,197.19) | $ (4,162.97) | $ 516,057.27 | $    7,360.16 |
| 2/1/2028 | $7,360.16 | $ (3,171.60) | $ (4,188.56) | $ 511,868.71 | $    7,360.16 |
| 3/1/2028 | $7,360.16 | $ (3,145.86) | $ (4,214.30) | $ 507,654.41 | $    7,360.16 |
| 4/1/2028 | $7,360.16 | $ (3,119.96) | $ (4,240.20) | $ 503,414.21 | $    7,360.16 |
| 5/1/2028 | $7,360.16 | $ (3,093.90) | $ (4,266.26) | $ 499,147.95 | $    7,360.16 |
| 6/1/2028 | $7,360.16 | $ (3,067.68) | $ (4,292.48) | $ 494,855.47 | $    7,360.16 |
| 7/1/2028 | $7,360.16 | $ (3,041.30) | $ (4,318.86) | $ 490,536.61 | $    7,360.16 |

| | | | | | |
|---|---|---|---|---|---|
| 8/1/2028 | $7,360.16 | $ (3,014.76) | $ (4,345.40) | $ 486,191.20 | $ 7,360.16 |
| 9/1/2028 | $7,360.16 | $ (2,988.05) | $ (4,372.11) | $ 481,819.10 | $ 7,360.16 |
| 10/1/2028 | $7,360.16 | $ (2,961.18) | $ (4,398.98) | $ 477,420.11 | $ 7,360.16 |
| 11/1/2028 | $7,360.16 | $ (2,934.14) | $ (4,426.02) | $ 472,994.10 | $ 7,360.16 |
| 12/1/2028 | $7,360.16 | $ (2,906.94) | $ (4,453.22) | $ 468,540.88 | $ 7,360.16 |
| 1/1/2029 | $7,360.16 | $ (2,879.57) | $ (4,480.59) | $ 464,060.30 | $ 7,360.16 |
| 2/1/2029 | $7,360.16 | $ (2,852.04) | $ (4,508.12) | $ 459,552.17 | $ 7,360.16 |
| 3/1/2029 | $7,360.16 | $ (2,824.33) | $ (4,535.83) | $ 455,016.34 | $ 7,360.16 |
| 4/1/2029 | $7,360.16 | $ (2,796.45) | $ (4,563.71) | $ 450,452.64 | $ 7,360.16 |
| 5/1/2029 | $7,360.16 | $ (2,768.41) | $ (4,591.75) | $ 445,860.89 | $ 7,360.16 |
| 6/1/2029 | $7,360.16 | $ (2,740.19) | $ (4,619.97) | $ 441,240.91 | $ 7,360.16 |
| 7/1/2029 | $7,360.16 | $ (2,711.79) | $ (4,648.37) | $ 436,592.55 | $ 7,360.16 |
| 8/1/2029 | $7,360.16 | $ (2,683.23) | $ (4,676.93) | $ 431,915.61 | $ 7,360.16 |
| 9/1/2029 | $7,360.16 | $ (2,654.48) | $ (4,705.68) | $ 427,209.93 | $ 7,360.16 |
| 10/1/2029 | $7,360.16 | $ (2,625.56) | $ (4,734.60) | $ 422,475.33 | $ 7,360.16 |
| 11/1/2029 | $7,360.16 | $ (2,596.46) | $ (4,763.70) | $ 417,711.64 | $ 7,360.16 |
| 12/1/2029 | $7,360.16 | $ (2,567.19) | $ (4,792.97) | $ 412,918.66 | $ 7,360.16 |
| 1/1/2030 | $7,360.16 | $ (2,537.73) | $ (4,822.43) | $ 408,096.23 | $ 7,360.16 |
| 2/1/2030 | $7,360.16 | $ (2,508.09) | $ (4,852.07) | $ 403,244.16 | $ 7,360.16 |
| 3/1/2030 | $7,360.16 | $ (2,478.27) | $ (4,881.89) | $ 398,362.27 | $ 7,360.16 |
| 4/1/2030 | $7,360.16 | $ (2,448.27) | $ (4,911.89) | $ 393,450.38 | $ 7,360.16 |
| 5/1/2030 | $7,360.16 | $ (2,418.08) | $ (4,942.08) | $ 388,508.30 | $ 7,360.16 |
| 6/1/2030 | $7,360.16 | $ (2,387.71) | $ (4,972.45) | $ 383,535.85 | $ 7,360.16 |
| 7/1/2030 | $7,360.16 | $ (2,357.15) | $ (5,003.01) | $ 378,532.84 | $ 7,360.16 |
| 8/1/2030 | $7,360.16 | $ (2,326.40) | $ (5,033.76) | $ 373,499.08 | $ 7,360.16 |
| 9/1/2030 | $7,360.16 | $ (2,295.46) | $ (5,064.70) | $ 368,434.38 | $ 7,360.16 |
| 10/1/2030 | $7,360.16 | $ (2,264.34) | $ (5,095.82) | $ 363,338.56 | $ 7,360.16 |
| 11/1/2030 | $7,360.16 | $ (2,233.02) | $ (5,127.14) | $ 358,211.42 | $ 7,360.16 |
| 12/1/2030 | $7,360.16 | $ (2,201.51) | $ (5,158.65) | $ 353,052.76 | $ 7,360.16 |
| 1/1/2031 | $7,360.16 | $ (2,169.80) | $ (5,190.36) | $ 347,862.41 | $ 7,360.16 |
| 2/1/2031 | $7,360.16 | $ (2,137.90) | $ (5,222.26) | $ 342,640.15 | $ 7,360.16 |
| 3/1/2031 | $7,360.16 | $ (2,105.81) | $ (5,254.35) | $ 337,385.80 | $ 7,360.16 |
| 4/1/2031 | $7,360.16 | $ (2,073.52) | $ (5,286.64) | $ 332,099.16 | $ 7,360.16 |
| 5/1/2031 | $7,360.16 | $ (2,041.03) | $ (5,319.13) | $ 326,780.02 | $ 7,360.16 |
| 6/1/2031 | $7,360.16 | $ (2,008.34) | $ (5,351.82) | $ 321,428.20 | $ 7,360.16 |
| 7/1/2031 | $7,360.16 | $ (1,975.44) | $ (5,384.72) | $ 316,043.48 | $ 7,360.16 |
| 8/1/2031 | $7,360.16 | $ (1,942.35) | $ (5,417.81) | $ 310,625.67 | $ 7,360.16 |

In re: Valley MHP, LLC

CHAPTER: 11

Debtor(s).

CASE NUMBER: 1:10-bk-20599 GM

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

23564 Calabasas Road, Suite 104
Calabasas, CA 91302

A true and correct copy of the foregoing document described as  Stipulation Regarding Interim Use of Cash Collateral  from March 1, 2011 to May 31, 2011, Motion for Relief from Stay, and Adequate Protection          will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  3/5/11          I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  3/5/11          I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
 Judge Mund, US Bankruptcy Court, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367
 (Hand delivery on 3/7/11)

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/5/11 | Lewis R. Landau | /s/ Lewis R. Landau |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

Case 1:10-bk-20599-GM    Doc 64    Filed 03/05/11    Entered 03/05/11 13:31:46    Desc
Main Document    Page 28 of 28

In re: Valley MHP, LLC
Debtor(s).

CHAPTER: 11

CASE NUMBER: 1:10-bk-20599 GM

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Scott C Clarkson on behalf of Creditor Remedy Investors, LLC
sclarkson@lawcgm.com

Glen Dresser on behalf of Creditor Community Commerce Bank
gombd@aol.com

Christine M Fitzgerald on behalf of Creditor Remedy Investors, LLC
cfitzgerald@scckg.com

Lewis R Landau on behalf of Debtor Valley MHP, LLC.
lew@landaunet.com

Eve A Marsella on behalf of Creditor Remedy Investors, LLC
emarsella@lawcgm.com

John E Nuelle on behalf of Interested Party Courtesy NEF
jnuelle@greenhall.com

Robert Reganyan on behalf of Debtor Valley MHP, LLC.
reganyanlawfirm@gmail.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**