**Lewis R. Landau** (SBN 143391)
**Attorney at Law**
23564 Calabasas Road, Suite 104
Calabasas, CA  91302
Voice and Fax:  888-822-4340
Email: Lew@Landaunet.com

Attorneys for Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Valley MHP, LLC,<br><br>Debtor | Case No.: 1:10-bk-20599 GM<br><br>In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.)<br><br>**DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN**<br><br>**Disclosure Statement Hearing**<br><br>Date: April 12, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 303; Judge Mund<br>         US Bankruptcy Court<br>         21041 Burbank Blvd., 3rd Floor<br>         Woodland Hills, CA 91367<br><br>**Plan Confirmation Hearing**<br><br>Date:    To be set<br>Time:    To be set<br>Place:    Courtroom 303; Judge Mund<br>            US Bankruptcy Court<br>            21041 Burbank Blvd., 3rd Floor<br>            Woodland Hills, CA 91367 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................. 2

II. SUMMARY OF THE PLAN OF REORGANIZATION ................................. 2
    A.    What Creditors and Interest Holders Will Receive Under The Proposed Plan. ........................................................................ 2
    B.    Unclassified Claims. ..................................................... 2
        1.    Administrative Expenses. ........................................ 2
        2.    Priority Tax Claims. ............................................ 3
    C.    Classified Claims and Interests. ......................................... 4
        1.    Classes of Secured Claims. ...................................... 4
        2.    Classes of Priority Unsecured Claims. ............................ 5
        3.    Classes of General Unsecured Claims. ............................ 5
        4.    Class(es) of Interest Holders. ..................................... 6
    D.    Means of Effectuating the Plan. .......................................... 6
        1.    Funding for the Plan. ............................................ 6
        2.    Post-confirmation Management. .................................. 7
        3.    Disbursing Agent. ............................................... 7
    E.    Other Provisions of the Plan. ............................................ 7
        1.    Executory Contracts and Unexpired Leases. ....................... 7
        2.    Changes in Rates Subject to Regulatory Commission Approval. ..... 7
        3.    Retention of Jurisdiction. ........................................ 7

III. EFFECT OF CONFIRMATION OF PLAN ........................................ 7
    A.    Discharge. .............................................................. 7
    B.    Revesting of Property in the Debtor. ..................................... 8
    C.    Modification of Plan. .................................................... 8
    D.    Post-Confirmation Status Report. ........................................ 8
    E.    Post-Confirmation Conversion/Dismissal. ................................ 8
    F.    Final Decree. ........................................................... 9

# I.

# INTRODUCTION

Valley MHP, LLC ("Debtor") is the Debtor in a Chapter 11 bankruptcy case. On August 25, 2010, the Debtor filed a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101 et seq. Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a plan of reorganization. In other words, the Proponent seeks to accomplish payments under the Plan by paying creditors from revenues generated by future operations. The Effective Date of the proposed Plan is August 1, 2011.

# II.

# SUMMARY OF THE PLAN OF REORGANIZATION

**A.    What Creditors and Interest Holders Will Receive Under The Proposed Plan.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive.

**B.    Unclassified Claims.**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class.

**1.    Administrative Expenses.**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(2). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's anticipated unpaid 507(a)(2) administrative claims for chapter 11 professionals, the Bankruptcy Court clerk's office and the Office of the United States Trustee and their treatment under the Plan:

| **Name** | **Amount Owed** | **Treatment** |
|---|---|---|
| Lewis R. Landau | $TBD (addressed by retainer) | Paid in Full on Effective Date |
| Clerk's Office Fees | $TBD (de minimis) | Paid in Full on Effective Date |
| Office of the U.S. Trustee Fees | Current | Paid in Full on Effective Date |
|  | TOTAL $TBD |  |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before the fees will be owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

**2.    Priority Tax Claims.**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date with interest at the most favorable rate offered to other creditors in the Plan.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| **Description** | **Amount Owed** | **Treatment** | |
|---|---|---|---|
| • Name= | | • Pymt interval: | = Monthly |
| • CA FTB per POC 1-1 | $2,108.16 (subject to adjustment) | • Pymt amt/interval: | = $49 |
| • Type of tax = Bank and Corporation | | • Begin date: | 8/1/11 |
| | | • End date: | 7/1/15 |
| • Date tax assessed= | | • Interest Rate % | = 5% |
| • Various | | • Total Payout Amount 100% | = 100% |

3

**C.     Classified Claims and Interests.**

    **1.     Classes of Secured Claims.**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's *non-insider* secured pre-petition claims and their treatment under this Plan (insider secured claims are included in class 4):

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of: Los Angeles County Tax Collector | N | Y | • Pymt interval = Monthly. |
|  | • Name= LA County |  |  | • Pymt amt/interval = 602.68 |
|  | • Collateral description = Real Estate. |  |  | • Balloon pymt = N/A. |
|  | • Collateral value = TBD if necessary. |  |  | • Begin date = 8/1/11. |
|  | • Priority of security int. = Real Property Tax Lien |  |  | • End date = 7/1/15. |
|  | • Principal owed = $24,687 per POC 27-1. |  |  | • Interest rate % = 8%. |
|  | • Pre-pet. Arrearage amount = N/A. |  |  | • Total payout = 100%. |
|  | • Post-pet. Arrearage amount = N/A. |  |  | • Treatment of Lien = unaltered. |
|  | • Total claim amount = $24,687 per POC 27-1. |  |  |  |

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of: Remedy Investors, LLC | N | Y | • Pymt interval = Monthly; See amortization schedule attached to Stipulation attached to Disclosure Statement as Exhibit 2 ("Stipulation") at Exhibit C thereto. |
|  | • Name= Remedy |  |  | • Pymt amt/interval = See Stipulation. |
|  | • Collateral description = Real Estate. |  |  | • Balloon pymt = N/A. |
|  | • Collateral value = TBD if necessary. |  |  | • Begin date = July 1, 2011. |
|  | • Priority of security int. = 1 |  |  | • End date = August 1, 2031. |
|  | • Principal owed = $1,043,308.90 per POC 3-1. |  |  | • Interest rate % = Per Loan Documents and Stipulation. |

4

| | | | |
|---|---|---|---|
| | • Pre-pet. Arrearage amount = See Stipulation. | | • Total payout = 100%. |
| | • Post-pet. Arrearage amount = See Stipulation. | | • Treatment of Lien = unaltered. |
| | • Total claim amount = $1,043,308.90 per POC 3-1. | | • Other = The Stipulation attached to the Disclosure Statement as Exhibit 2 is incorporated into the Plan as containing the terms of Remedy's Plan treatment. |

**2.    Classes of Priority Unsecured Claims.**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.  The Debtor has no priority unsecured claims.

**3.    Classes of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| **Class** | **Description** | **Impaired (Y/N)** | **Treatment** |
|---|---|---|---|
| 3 | General Unsecured Non-Tenant Non-Insider Claims | Yes | Payment Interval = Monthly. |
| | Total amount of claims = DWP $20,687.87 per POC 2-1. | | Payment amt/interval = $433.20. |
| | | | Begin date = August 1, 2011. |
| | | | End date =  July 1, 2015. |
| | | | Interest rate: Federal Judgment Rate as of the Confirmation Hearing. |
| | | | Total payout =  100%. |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 4 | All insider claims (secured or unsecured) | Yes | Payment Interval = Monthly, if sufficient net operating income is present and subordinated in payment to all priority tax and Class 1, 2 and 3 claims. |
| | Total amount of claims = <br> JLAB 613 Holdings, Inc.:   $600,000 <br> Joseph A. Magna:           $250,000 <br> Hedamar Development, Inc.: $365,985 <br> Markets, Inc.:             $125,225 <br> (all per Schedule D and F) | | Payment amt/interval = 75% of net operating income as calculated per Exhibit 1 to the Disclosure Statement distributed pro rata to all unsecured claims. |
| | | | Begin date = Effective Date. |
| | | | End date = None. |
| | | | Interest rate: N/A |
| | | | Total payout = Subject to results of cash flow performance. |

**4.     Class(es) of Interest Holders.**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | Equity Holders | No | Unimpaired. |

**D.     Means of Effectuating the Plan.**

**1.     Funding for the Plan.**

The Plan will be funded by the following and will be implemented pursuant to the following steps:

1.     The Debtor will continue to operate its business and pay unclassified claims and classes 1, 2, 3 and 4 from future rents.

2.     The Court will retain jurisdiction over the post confirmation estate until such estate is fully administered and a final decree is entered.

**2.    Post-confirmation Management.**

The Debtor will be revested with all property of the estate and shall manage all post-confirmation affairs. Post-confirmation management will remain unchanged.

**3.    Disbursing Agent.**

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The disbursing agent shall serve without bond and shall receive no additional compensation for distribution services rendered pursuant to the Plan.

**E.    Other Provisions of the Plan.**

**1.    Executory Contracts and Unexpired Leases.**

**a.    Assumptions.**

There are no unexpired leases or executory contracts to be assumed. Any and all executory contracts shall ride through the plan process and remain in effect and unimpaired by the Plan.

**b.    Rejections.**

There are no unexpired leases or executory contracts to be rejected. Any and all executory contracts shall ride through the Plan process and remain in effect and unimpaired by the Plan.

**2.    Changes in Rates Subject to Regulatory Commission Approval.**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**3.    Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

**III.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge.**

This Plan provides that the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, as specified in 11 U.S.C. § 1141. The terms of the Plan will bind all creditors and parties in interest to the provisions thereof. The Debtor's confirmation discharge shall be entered contemporaneously with the Plan Effective Date.

**B.   Revesting of Property in the Debtor.**

Except as provided in Section III(E), and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.   Modification of Plan.**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.   Post-Confirmation Status Report.**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

The reorganized debtor's post-confirmation status reports shall reflect all income and disbursements for each quarter or portion thereof while the case remains open, and the reorganized debtor shall timely pay U.S. Trustee Quarterly Fees pursuant to 28 U.S.C. § 1930(a)(6).

**E.   Post-Confirmation Conversion/Dismissal.**

A creditor or party in interest may bring a motion to convert or dismiss the case under 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in

interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**F.     Final Decree.**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Debtor, shall file a motion with the Court to obtain a final decree to close the case.

Dated:  March 5, 2011                                      **Lewis R. Landau**
                                                                              **Attorney at Law**

                                                                              By:*/s/ Lewis R. Landau*
                                                                              Lewis R. Landau
                                                                              Attorney for Debtor

| In re: Valley MHP, LLC | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
23564 Calabasas Road, Suite 104
Calabasas, CA 91302

A true and correct copy of the foregoing document described as  Debtor's First Amended Chapter 11 Plan  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  3/5/11  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  3/5/11  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Judge Mund, US Bankruptcy Court, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367
(Hand delivery on 3/7/11)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/5/11 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| | |
|---|---|
| In re: Valley MHP, LLC | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Scott C Clarkson on behalf of Creditor Remedy Investors, LLC
sclarkson@lawcgm.com

Glen Dresser on behalf of Creditor Community Commerce Bank
gombd@aol.com

Christine M Fitzgerald on behalf of Creditor Remedy Investors, LLC
cfitzgerald@scckg.com

Lewis R Landau on behalf of Debtor Valley MHP, LLC.
lew@landaunet.com

Eve A Marsella on behalf of Creditor Remedy Investors, LLC
emarsella@lawcgm.com

John E Nuelle on behalf of Interested Party Courtesy NEF
jnuelle@greenhall.com

Robert Reganyan on behalf of Debtor Valley MHP, LLC.
reganyanlawfirm@gmail.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                         **F 9013-3.1**