1

**Lewis R. Landau** (SBN 143391)
**Attorney at Law**
23564 Calabasas Road, Suite 104
Calabasas, CA 91302
Voice and Fax: 888-822-4340
Email: Lew@Landaunet.com

2

3

4

Attorney for Debtor in Possession

5

6

7

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**SAN FERNANDO VALLEY DIVISION**

11

12

In re

13

Valley MHP, LLC,

Debtor

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re | Case No.: 1:10-bk-20599 GM |
| Valley MHP, LLC, | In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.) |
| Debtor | **DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT DESCRIBING FIRST AMENDED CHAPTER 11 PLAN** |

**Disclosure Statement Hearing**

Date:   April 12, 2011
Time:  10:00 a.m.
Place:  Courtroom 303; Judge Mund
         US Bankruptcy Court
         21041 Burbank Blvd., 3rd Floor
         Woodland Hills, CA 91367

**Plan Confirmation Hearing**

Date:     To Be Set
Time:    To Be Set
Crtrm.:  303; 3rd Floor
          US Bankruptcy Court; Judge Mund
          21041 Burbank Blvd., 3rd Floor
          Woodland Hills, CA 91367

LEWIS R. LANDAU
ATTORNEY AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I. INTRODUCTION .......................................................................................................... 2

   A.   Purpose of This Document. .................................................................................. 2

   B.   Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing. ........... 3
      1.   Time and Place of the Confirmation Hearing. .............................................. 3
      2.   Deadline For Voting For or Against the Plan. .............................................. 3
      3.   Deadline For Objecting to the Confirmation of the Plan. .............................. 4
      4.   Identity of Person to Contact for More Information Regarding the Plan. ........ 4

   C.   Disclaimer. ......................................................................................................... 4

II. BACKGROUND .......................................................................................................... 4

   A.   Description and History of the Debtor's Business. ............................................... 4

   B.   Principals/Affiliates of Debtor's Business. ........................................................... 4

   C.   Management of the Debtor Before and After the Bankruptcy. .............................. 4

   D.   Events Leading to Chapter 11 Filing. .................................................................. 5

   E.   Significant Events During the Bankruptcy. .......................................................... 5
      1.   Bankruptcy Proceedings. ............................................................................ 5
      2.   Other Legal Proceedings. ............................................................................ 7
      3.   Actual and Projected Recovery of Preferential or Fraudulent Transfers. ....... 7
      4.   Procedures Implemented to Resolve Financial Problems. .............................. 7
      5.   Current and Historical Financial Conditions. ............................................... 7

III. SUMMARY OF THE PLAN OF REORGANIZATION ............................................. 8

   A.   What Creditors and Interest Holders Will Receive Under The Proposed Plan. ..... 8

   B.   Unclassified Claims. ........................................................................................... 8
      1.   Administrative Expenses. ............................................................................ 8
      2.   Priority Tax Claims. .................................................................................... 9

   C.   Classified Claims and Interests. .......................................................................... 9
      1.   Classes of Secured Claims ........................................................................... 9
      2.   Classes of Priority Unsecured Claims. ........................................................ 11
      3.   Classes of General Unsecured Claims. ........................................................ 11
      4.   Class(es) of Interest Holders ...................................................................... 12

   D.   Means of Effectuating the Plan. ......................................................................... 12
      1.   Funding for the Plan. ................................................................................. 12
      2.   Post-confirmation Management. ................................................................ 12
      3.   Disbursing Agent. ..................................................................................... 12

   E.   Risk Factors. ..................................................................................................... 13

   F.   Other Provisions of the Plan. ............................................................................. 13

LEWIS R. LANDAU
ATTORNEY AT LAW

1.    Executory Contracts and Unexpired Leases. ..................................................13
2.    Changes in Rates Subject to Regulatory Commission Approval. ......................13
3.    Retention of Jurisdiction. ...............................................................................13

G.    Tax Consequences of Plan. ......................................................................................13

## IV. CONFIRMATION REQUIREMENTS AND PROCEDURES ...........................................14

A.    Who May Vote or Object. .........................................................................................14
1.    Who May Object to Confirmation of the Plan. ...............................................14
2.    Who May Vote to Accept/Reject the Plan. .....................................................14
3.    Who is Not Entitled to Vote. ..........................................................................15
4.    Who Can Vote in More Than One Class. ........................................................16
5.    Votes Necessary to Confirm the Plan. ............................................................16
6.    Votes Necessary for a Class to Accept the Plan. .............................................16
7.    Treatment of Nonaccepting Classes. ...............................................................16
8.    Request for Confirmation Despite Nonacceptance by Impaired Class(es). .......17

B.    Liquidation Analysis. ................................................................................................17

C.    Feasibility. ...............................................................................................................19

## V. EFFECT OF CONFIRMATION OF PLAN ......................................................................20

A.    Discharge. ................................................................................................................20

B.    Revesting of Property in the Debtor. .........................................................................20

C.    Modification of Plan. ................................................................................................21

D.    Post-Confirmation Status Report. .............................................................................21

E.    Post-Confirmation Conversion/Dismissal. .................................................................21

F.    Final Decree. ............................................................................................................22

LEWIS R. LANDAU
ATTORNEY AT LAW

# I.

## INTRODUCTION

Valley MHP, LLC ("Debtor") is the Debtor in a Chapter 11 bankruptcy case.  On August 25, 2010, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a plan of reorganization ("Plan").  The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  The Debtor is the party proposing the Plan sent to you in the same envelope as this document.  THE DOCUMENT YOU ARE READING IS THE DISCLOSURE STATEMENT FOR THE ENCLOSED PLAN.

This is a plan of reorganization.  In other words, the Proponent seeks to accomplish payments under the Plan by paying creditors from revenues generated by future operations.  The Effective Date of the proposed Plan is August 1, 2011.

### A.    Purpose of This Document.

This Disclosure Statement summarizes what is in the Plan, and tells you certain information relating to the Plan and the process the Court follows in determining whether or not to confirm the Plan.

**READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:**

**(1)    WHO CAN VOTE OR OBJECT,**

**(2)    WHAT THE TREATMENT OF YOUR CLAIM IS (i.e., what your claim will receive if the Plan is confirmed), AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION,**

**(3)    THE HISTORY OF THE DEBTOR AND SIGNIFICANT EVENTS DURING THE BANKRUPTCY,**

**(4)    WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN,**

**(5)    WHAT IS THE EFFECT OF CONFIRMATION, AND**

LEWIS R. LANDAU
ATTORNEY AT LAW

**(6)    WHETHER THIS PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights.  You should consider consulting your own lawyer to obtain more specific advice on how this Plan will affect you and what is the best course of action for you.

Be sure to read the Plan as well as the Disclosure Statement.  If there are any inconsistencies between the Plan and the Disclosure Statement, the Plan provisions will govern.

The Code requires a Disclosure Statement to contain "adequate information" concerning the Plan.  The Bankruptcy Court ("Court") has approved this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan.  Any party can now solicit votes for or against the Plan.

**B.    Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing.**

THE COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS DISCLOSURE STATEMENT. IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT YET BINDING ON ANYONE.  HOWEVER, IF THE COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON THE DEBTOR AND ON ALL CREDITORS AND INTEREST HOLDERS IN THIS CASE.

**1.    Time and Place of the Confirmation Hearing.**

The hearing where the Court will determine whether or not to confirm the Plan will take place on the date set forth in the accompanying notice, once set, in Courtroom 303, 3rd Floor, 21041 Burbank Blvd., Woodland Hills, CA 91367.

**2.    Deadline For Voting For or Against the Plan.**

If you are entitled to vote, it is in your best interest to timely vote on the enclosed ballot and return the ballot in the enclosed envelope to Lewis R. Landau, Attorney at Law, 23564 Calabasas Road, Suite 104, Calabasas, CA 91302.

Your ballot must be received by the date set forth in the accompanying notice or it will not be counted.

LEWIS R. LANDAU
ATTORNEY AT LAW

**3.    Deadline For Objecting to the Confirmation of the Plan.**

Objections to the confirmation of the Plan must be filed with the Court and served upon Lewis R. Landau, Attorney at Law, 23564 Calabasas Road, Suite 104, Calabasas, CA 91302 by the date set forth in the accompanying notice.

**4.    Identity of Person to Contact for More Information Regarding the Plan.**

Any interested party desiring further information about the Plan should contact Lewis R. Landau, Attorney at Law, 23564 Calabasas Road, Suite 104, Calabasas, CA 91302, voice and fax: 888-822-4340, email Lew@Landaunet.com.

**C.    Disclaimer.**

The financial data relied upon in formulating the Plan is based on the Debtor's books and records. The information contained in this Disclosure Statement is provided by the Debtor. The Plan Proponent represents that everything stated in the Disclosure Statement is true to the Proponent's best knowledge. The Court has not yet determined whether or not the Plan is confirmable and makes no recommendation as to whether or not you should support or oppose the Plan.

**II.**

**BACKGROUND**

**A.    Description and History of the Debtor's Business.**

Valley MHP, LLC is a Nevada limited liability company, having been formed on December 19, 2007. The Debtor case is a single asset real estate entity in that all of the Debtor's income is generated from the operation of a 27 unit mobile home park located at 7936 Woodley Avenue, Van Nuys, California 91406 ("Property"). The Debtor filed its chapter 11 case due to an imminent foreclosure by Remedy Investors, LLC ("Remedy").

**B.    Principals/Affiliates of Debtor's Business.**

The Debtor is wholly owned by Hedamar Development, Inc. ("Hedamar").

**C.    Management of the Debtor Before and After the Bankruptcy.**

The Debtor's managing member is Markest, Inc. and its principal Mark Magna.

LEWIS R. LANDAU
ATTORNEY AT LAW

**D.        Events Leading to Chapter 11 Filing.**

Here is a brief summary of the circumstances that led to the filing of this Chapter 11 case:

The Debtor case is a single asset real estate entity in that all of the Debtor's income is generated from the operation of a 27 unit mobile home park located at 7936 Woodley Avenue, Van Nuys, California 91406 ("Property").

The original business plan for the Property involved eliminating the mobile home park and constructing a self-storage facility.  At that time, the relocation fee for mobile home residents was $8,000 per unit.  After the Debtor's parent company originally acquired the Property, the relocation fees were increased by the City of Los Angeles to $20,000 per unit.  This change made the transition to self-storage infeasible.  Thus, the Debtor has refocused on stabilizing its mobile home park rents to reorganize its affairs.

The Property was appraised by a bank in June, 2006 for $1.7 million.  The Property suffers from a deficient electrical distribution system that restricts the Debtor's ability to achieve full occupancy.  The Debtor's current income is approximately $5,000 monthly from the rental of eleven (11) mobile home lots which is sufficient to cover operational expenses but not debt service.  The Debtor's property manager also occupies one additional lot.  The Debtor cannot rent more than one (1) additional lot as burdening the electrical system with more than thirteen (13) mobile home units will overload the deficient system.

In order to achieve rent stabilization and full occupancy, the Debtor is repairing and upgrading its electrical distribution system.

The Debtor defaulted on its bank loan presently held by Remedy and the chapter 11 case was filed due to Remedy's imminent foreclosure sale.  The Debtor has since settled its defaults with Remedy per the Stipulation attached hereto as Exhibit 2.

**E.        Significant Events During the Bankruptcy.**

**1.        Bankruptcy Proceedings.**

The following is a chronological list of significant events which have occurred in the case:

1.        On August 25, 2010 the Debtor filed its voluntary chapter 11 petition.

2.  On September 28, 2010 the Debtor moved to approve the employment of Lewis R. Landau as general bankruptcy counsel.  On October 20, 2010, the Court entered its order approving the employment of Lewis R. Landau as the Debtor's general bankruptcy counsel.

3.  The Debtor has filed all schedules, statements, lists and initial and monthly operating reports required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedures and United States Trustee guidelines.

4.  The Court Clerk set the Debtor's 341(a) meeting of creditors for September 196, 2010.  The meeting of creditors was conducted and concluded on that date.

5.  On September 15, 2010 the Court entered its order setting a chapter 11 status conference for October 12, 2010.  On October 12, 2010 the Court conducted the initial status conference and the status conference has been continued to the presently scheduled date of December 7, 2010.

6.  Upon filing its case, the Debtor failed to immediately close its pre-petition account and approximately $4,000 in checks for pre-petition expenses cleared against September rents. Other than the foregoing, no cash collateral has been used.  The Debtor is funding operating expenses and the electrical repairs from equity contributions to the Debtor.  Rents are accruing in the Debtor's cash collateral account and will be used to retire the December 10, 2010 real property tax payment.

7.  On September 21, 2010 Remedy moved for relief from stay.  The motion has been continued several times and is now settled per the Exhibit 2 Stipulation attached hereto.

8.  On September 24, 2010, Community Commerce Bank moved for relief from stay in regard to unrelated property that was transferred to the Debtor without the Debtor's knowledge or consent.  Such relief from stay was granted per order entered October 22, 2010.

9.  On November 16, 2010 various tenants moved for relief from stay to continue Superior Court litigation against the Debtor which is addressed through insurance coverage.  See the next section herein regarding adversary proceedings for more detail.

10.  The Court authorized the Debtor to set a November 15, 2010 as a claims bar date. All claims have now been filed and are reflected on the claims register attached as Exhibit 3.

11.    Exhibit 3 reflects 23 claims filed by tenants of the Debtor's trailer park.  These are claims numbered 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26.  These claimants previously moved for relief from stay agreeing to solely pursue an insurance recovery and waived their claims against the Debtor.  The Debtor therefore objected to all such tenant claims and a hearing thereon is scheduled for April 12, 2010 with no response having been filed by the tenants.  It is anticipated that all such tenant claims shall be disallowed by the time of hearing on the Disclosure Statement.

**2.    Other Legal Proceedings.**

The Debtor's only pre-petition legal proceeding was a tenant lawsuit which was incorporated into the 23 proofs of claim described above.  The stay was relieved to permit the Superior Court action to proceed based on the claimants' waiver of claims against the estate and pursuit of insurance recovery only.  The matter is in the process of being settled.

The tenants had also filed adversary proceeding number 1:10-ap-01496-GM in this Court for the determination of a non-dischargeable debt under 11 U.S.C. § 523(a)(2).  As only individuals receive bankruptcy discharges, the Debtor moved to dismiss the action.  Prior to the hearing on the Debtor's motion to dismiss, the tenants dismissed the adversary proceeding.

**3.    Actual and Projected Recovery of Preferential or Fraudulent Transfers.**

The Debtor shall not pursue preference or fraudulent transfer recoveries.

**4.    Procedures Implemented to Resolve Financial Problems.**

The Debtor has worked to resolve its disputes with Remedy and repair its electrical system in order to stabilize its rental income and is now in a position to cure Remedy's mortgage defaults and pay other claims over the term of the Plan.

**5.    Current and Historical Financial Conditions.**

The Debtor's 2009 financial statements are attached hereto as Exhibit 1.  Exhibit 1 also includes projections for the terms of the Plan.

LEWIS R. LANDAU
ATTORNEY AT LAW

# III.

## SUMMARY OF THE PLAN OF REORGANIZATION

### A.    What Creditors and Interest Holders Will Receive Under The Proposed Plan.

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive.

### B.    Unclassified Claims.

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class.

### 1.    Administrative Expenses.

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(2).  The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's anticipated unpaid 507(a)(2) administrative claims for chapter 11 professionals, the Bankruptcy Court clerk's office and the Office of the United States Trustee and their treatment under the Plan:

| Name | Amount Owed | Treatment |
|---|---|---|
| Lewis R. Landau | $TBD (addressed by retainer) | Paid in Full on Effective Date |
| Clerk's Office Fees | $TBD (de minimis) | Paid in Full on Effective Date |
| Office of the U.S. Trustee Fees | Current | Paid in Full on Effective Date |
|  | TOTAL $TBD |  |

Court Approval of Fees Required:

The Court must rule on all fees listed in this chart before the fees will be owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and

serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

As indicated above, the Debtor will need to pay certain administrative claims on the Effective Date of the Plan in amounts to be determined.  As indicated elsewhere in this Disclosure Statement, Debtor will have a sufficient amount of cash on hand on the Effective Date of the Plan.  The source of this cash will be proceeds in the Debtor's accounts.

**2.    Priority Tax Claims.**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the petition date with interest at the most favorable rate offered to other creditors in the Plan.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| • Name= | | • Pymt interval: | = Monthly |
| • CA FTB per POC 1-1 | $2,108.16 (subject to adjustment) | • Pymt amt/interval: | = $49 |
| • Type of tax = Bank and Corporation | | • Begin date: | 8/1/11 |
| | | • End date: | 7/1/15 |
| • Date tax assessed= | | • Interest Rate % | = 5% |
| • Various | | • Total Payout Amount 100% | = 100% |

**C.    Classified Claims and Interests.**

**1.    Classes of Secured Claims.**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's ***non-insider*** secured pre-petition claims and their treatment under this Plan (insider secured claims are included in class 4):

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured claim of: Los Angeles County Tax Collector | N | Y | • Pymt interval = Monthly. |
| | • Name= LA County | | | • Pymt amt/interval = 602.68 |
| | • Collateral description = Real Estate. | | | • Balloon pymt = N/A. |
| | • Collateral value = TBD if necessary. | | | • Begin date = 8/1/11. |
| | • Priority of security int. = Real Property Tax Lien | | | • End date = 7/1/15. |
| | • Principal owed = $24,687 per POC 27-1. | | | • Interest rate % = 8%. |
| | • Pre-pet. Arrearage amount = N/A. | | | • Total payout = 100%. |
| | • Post-pet. Arrearage amount = N/A. | | | • Treatment of Lien = unaltered. |
| | • Total claim amount = $24,687 per POC 27-1. | | | |

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | Secured claim of: Remedy Investors, LLC | N | Y | • Pymt interval = Monthly; See amortization schedule attached to Stipulation attached hereto as Exhibit 2 ("Stipulation") at Exhibit C thereto. |
| | • Name= Remedy | | | • Pymt amt/interval = See Stipulation. |
| | • Collateral description = Real Estate. | | | • Balloon pymt = N/A. |
| | • Collateral value = TBD if necessary. | | | • Begin date = July 1, 2011. |
| | • Priority of security int. = 1 | | | • End date = August 1, 2031. |
| | • Principal owed = $1,043,308.90 per POC 3-1. | | | • Interest rate % = Per Loan Documents and Stipulation. |
| | • Pre-pet. Arrearage amount = See Stipulation. | | | • Total payout = 100%. |
| | • Post-pet. Arrearage amount = See Stipulation. | | | • Treatment of Lien = unaltered. |
| | • Total claim amount = $1,043,308.90 per POC 3-1. | | | • Other = The Stipulation attached hereto as Exhibit 2 is incorporated into the Plan as containing the terms of Remedy's Plan treatment. |

LEWIS R. LANDAU
ATTORNEY AT LAW

**2.    Classes of Priority Unsecured Claims.**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.  The Debtor has no priority unsecured claims.

**3.    Classes of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 3 | General Unsecured Non-Tenant Non-Insider Claims | Yes | Payment Interval = Monthly. |
|  | Total amount of claims = DWP $20,687.87 per POC 2-1. |  | Payment amt/interval = $433.20. |
|  |  |  | Begin date = August 1, 2011. |
|  |  |  | End date = July 1, 2015. |
|  |  |  | Interest rate: Federal Judgment Rate as of the Confirmation Hearing. |
|  |  |  | Total payout =  100%. |

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 4 | All insider claims (secured or unsecured) | Yes | Payment Interval = Monthly, if sufficient net operating income is present and subordinated in payment to all priority tax and Class 1, 2 and 3 claims. |
|  | Total amount of claims = JLAB 613 Holdings, Inc.:    $600,000 Joseph A. Magna:    $250,000 Hedamar Development, Inc.: $365,985 Markets, Inc.:    $125,225 (all per Schedule D and F) |  | Payment amt/interval =  75% of net operating income as calculated per Exhibit 1 distributed pro rata to all unsecured claims. |

LEWIS R. LANDAU
ATTORNEY AT LAW

–11–

| | | | Begin date = Effective Date. |
| | | | End date = None. |
| | | | Interest rate: N/A |
| | | | Total payout = Subject to results of cash flow performance. |

## 4.    Class(es) of Interest Holders.

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| 5 | Equity Holders | No | Unimpaired. |

## D.    Means of Effectuating the Plan.

### 1.    Funding for the Plan.

The Plan will be funded by the following and will be implemented pursuant to the following steps:

1.    The Debtor will continue to operate its business and pay unclassified claims and classes 1, 2, 3 and 4 from future rents.

2.    The Court will retain jurisdiction over the post confirmation estate until such estate is fully administered and a final decree is entered.

### 2.    Post-confirmation Management.

The Debtor will be revested with all property of the estate and shall manage all post-confirmation affairs. Post-confirmation management will remain unchanged.

### 3.    Disbursing Agent.

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The disbursing agent shall serve without bond and shall receive no additional compensation for distribution services rendered pursuant to the Plan.

LEWIS R. LANDAU
ATTORNEY AT LAW

**E.      Risk Factors.**

The proposed Plan has the following risks:  The primary Plan risk is that revenues necessary to fund the plan are not achieved due to general economic conditions and market factors.  The Debtor does not believe that this risk prevents Plan feasibility.

**F.      Other Provisions of the Plan.**

**1.      Executory Contracts and Unexpired Leases.**

**a.      Assumptions.**

There are no unexpired leases or executory contracts to be assumed.  Any and all executory contracts shall ride through the plan process and remain in effect and unimpaired by the Plan.

**b.      Rejections.**

There are no unexpired leases or executory contracts to be rejected.  Any and all executory contracts shall ride through the Plan process and remain in effect and unimpaired by the Plan.

**2.      Changes in Rates Subject to Regulatory Commission Approval.**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**3.      Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

**G.      Tax Consequences of Plan.**

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS. The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues this Plan may present to the Debtor.  The Proponent CANNOT and DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action.

LEWIS R. LANDAU
ATTORNEY AT LAW

The following are the tax consequences which the Plan will have on the Debtors tax liability:  None.

## IV.

## CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OR THIS PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims. The proponent CANNOT and DOES NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Court can confirm a Plan.  Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays creditors at least as much as creditors would receive in a Chapter 7 liquidation, and whether the Plan is feasible.  These requirements are not the only requirements for confirmation.

**A.      Who May Vote or Object.**

**1.      Who May Object to Confirmation of the Plan.**

Any party in interest may object to the confirmation of the Plan, but as explained below not everyone is entitled to vote to accept or reject the Plan.

**2.      Who May Vote to Accept/Reject the Plan.**

A creditor or interest holder has a right to vote for or against the Plan if that creditor or interest holder has a claim which is both (1) allowed or allowed for voting purposes and (2) classified in an impaired class.

**a.      What Is an Allowed Claim/Interest.**

As noted above, a creditor or interest holder must first have an allowed claim or interest to have the right to vote. Generally, any proof of claim or interest will be allowed, unless a party in interest brings a motion objecting to the claim.  When an objection to a claim or interest is filed,

the creditor or interest holder holding the claim or interest cannot vote unless the Court, after

notice and hearing, either overrules the objection or allows the claim or interest for voting

purposes.

THE BAR DATE FOR FILING A PROOFS OF CLAIMS WAS NOVEMBER 15, 2010.

A creditor or interest holder may have an allowed claim or interest even if a proof of claim or

interest was not timely filed.  A claim is deemed allowed if (1) it is scheduled on the Debtor's

schedules and such claim is not scheduled as disputed, contingent, or unliquidated, and (2) no

party in interest has objected to the claim. An interest is deemed allowed if it is scheduled and no

party in interest has objected to the interest.  All claims are specified in the classification section

of this disclosure statement.

### b.     What Is an Impaired Claim/Interest.

As noted above, an allowed claim or interest only has the right to vote if it is in a class that

is impaired under the Plan. A class is impaired if the Plan alters the legal, equitable, or contractual

rights of the members of that class. For example, a class comprised of general unsecured claims is

impaired if the Plan fails to pay the members of that class 100% of what they are owed.

In this case, the Proponent believes that classes 1, 2, 3 and 4 are impaired and that holders

of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.  Parties

who dispute the Proponent's characterization of their claim or interest as being impaired or

unimpaired may file an objection to the Plan contending that the Proponent has incorrectly

characterized the class.

### 3.     Who is Not Entitled to Vote.

The following four types of claims are not entitled to vote: (1) claims that have been

disallowed; (2) claims in unimpaired classes; (3) claims entitled to priority pursuant to Code

sections 507(a)(1), (a)(2), and (a)(8); and (4) claims in classes that do not receive or retain any

value under the Plan. Claims in unimpaired classes are not entitled to vote because such classes

are deemed to have accepted the Plan. Claims entitled to priority pursuant to Code sections

507(a)(1), (a)(2), and (a)(7) are not entitled to vote because such claims are not placed in classes

and they are required to receive certain treatment specified by the Code. Claims in classes that do

LEWIS R. LANDAU
ATTORNEY AT LAW

not receive or retain any value under the Plan do not vote because such classes are deemed to have rejected the Plan.  EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

### 4.    Who Can Vote in More Than One Class.

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in both capacities by casting one ballot for the secured part of the claim and another ballot for the unsecured claim.

### 5.    Votes Necessary to Confirm the Plan.

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by a cramdown on non-accepting classes, as discussed later in Section IV(A)(8).

### 6.    Votes Necessary for a Class to Accept the Plan.

A class of claims is considered to have accepted the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the claims which actually voted, voted in favor of the Plan.  A class of interests is considered to have accepted the Plan when at least two-thirds (2/3) in amount of the interest-holders of such class which actually voted, voted to accept the Plan.

### 7.    Treatment of Nonaccepting Classes.

As noted above, even if all impaired classes do not accept the proposed Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner required by the Code.  The process by which nonaccepting classes are forced to be bound by the terms of the Plan is commonly referred to as a cramdown.  The Code allows the Plan to be crammed down on nonaccepting classes of claims or interests if it meets all consensual requirements except the voting requirements of 1129(a)(8) and if the Plan does not discriminate unfairly and is fair and equitable toward each impaired class that has not voted to accept the Plan as referred to in 11 U.S.C. § 1129(b) and applicable case law.

LEWIS R. LANDAU
ATTORNEY AT LAW

**8.       Request for Confirmation Despite Nonacceptance by Impaired Class(es).**

The party proposing this Plan will ask the Court to confirm this Plan by cramdown on impaired classes 1, 2, 3 and 4 if these classes do not vote to accept the Plan.

Please note that the proposed Plan treatment described by this Disclosure Statement <u>cannot</u> be crammed down on the following classes: None.  AS A RESULT, IF ANY OF THESE CLASSES DOES NOT VOTE TO ACCEPT THE PLAN, THE PLAN WILL NOT BE CONFIRMED.

**B.       Liquidation Analysis.**

Another confirmation requirement is the "Best Interest Test", which requires a liquidation analysis.  Under the Best Interest Test, if a claimant or interest holder is in an impaired class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, the Debtor's assets are usually sold by a Chapter 7 trustee. Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien.  Administrative claims are paid next.  Next, unsecured creditors are paid from any remaining sales proceeds, according to their rights to priority.  Unsecured creditors with the same priority share in proportion to the amount of their allowed claim in relationship to the amount of total allowed unsecured claims. Finally, interest holders receive the balance that remains after all creditors are paid, if any.

For the Court to be able to confirm this Plan, the Court must find that all creditors and interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation. The Plan Proponent maintains that this requirement is met here for the following reasons:  The plan pays allowed creditors either in full or the liquidation value of all assets of the chapter 11 estate, unless they consent otherwise.

LEWIS R. LANDAU
ATTORNEY AT LAW

Below is a demonstration, in balance sheet format, that all creditors and interest holders will receive at least as much under the Plan as such creditor or interest holder would receive under a Chapter 7 liquidation.  This information is provided by the Debtor.

**ASSETS VALUED AT LIQUIDATION VALUES (per schedules unless otherwise indicated):**

CURRENT ASSETS
| | | |
|---|---|---|
| a. | Cash on hand | $0 |
| b. | Accounts receivable | $0 |
| c. | Inventories | $0 |
| | TOTAL CURRENT ASSETS | $48,813 |

FIXED ASSETS
| | | |
|---|---|---|
| a. | Office furniture & equipment | $0 |
| b. | Machinery & equipment | $0 |
| c. | Automobiles | $0 |
| d. | Building & Land | $1,400,000 |
| | TOTAL FIXED ASSETS | $1,400,000 |

OTHER ASSETS
| | | |
|---|---|---|
| a. | Customer list | $0 |
| b. | Other intangibles | $0 |
| | TOTAL OTHER ASSETS | $0 |

**TOTAL ASSETS AT LIQUIDATION VALUE**    **$1,400,000**
==========

**Less:**
Secured creditor recovery    $1,043,309
**Less:**
Chapter 7 trustee fees and expenses (Based on 100% distribution to all allowed claimants 5% Trustee fee; 6% broker; legal $30,000)    $200,000
**Less:**
Chapter 11 administrative expenses ($50 plus 1 quarter of UST fees)    $375
**Less:**
Priority claims (tax and other),    $1,720
excluding administrative expense claims
**Less:**
Debtor's claimed exemptions    $N/A
==========

(1)    Balance for unsecured claims    $154,596
(2)    Total amt of unsecured claims (class 3 and 4 claims)    $1,391,867

**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR RETAIN IN A CH. 7 LIQUIDATION: = 8%**
**% OF THEIR CLAIMS WHICH UNSECURED CREDITORS WOULD RECEIVE OR RETAIN UNDER THIS PLAN: = 100%**

---

[1]/    Note:    The deficiency portion of a secured recourse claim must be added to the total amount of unsecured claims.

[2]/    Note:    If this percentage is greater than the amount to be paid to the unsecured creditors on a "present value basis" under the Plan, the Plan is not confirmable unless Proponent obtains acceptance by every creditor in the general unsecured class.

LEWIS R. LANDAU
ATTORNEY AT LAW

Below is a demonstration, in tabular format, that all creditors and interest holders will receive at least as much under the Plan as such creditor or holder would receive under a Chapter 7 liquidation.

| CLAIMS & CLASSES | PAYOUT PERCENTAGE UNDER THE PLAN | PAYOUT PERCENTAGE IN CHAPTER 7 LIQUIDATION |
|---|---|---|
| Administrative Claims | 100% | 100% |
| Priority Tax Claims | 100% | 100% |
| Class 1 – LA County | 100% | 100% |
| Class 2 – Remedy | 100% | 100% |
| Class 3 - General Unsecured | 100% | 8% |
| Class 4 – Insiders | 100% | 8% |
| Class 5 – Interests | Unimpaired. | Unimpaired. |

## C.    Feasibility.

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two important aspects of a feasibility analysis.  The first aspect considers whether the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the claims and expenses which are entitled to be paid on such date.  The Plan Proponent maintains that this aspect of feasibility is satisfied as illustrated here:

Cash Debtor will have on hand by Effective Date (projected to 8/1/11):      $10,766

**To Pay:**      Administrative claims (TBD)      -$0

**To Pay:**      Statutory costs & charges (1 quarter of UST fees)      -$325

**To Pay:**      Other Plan Payments due on Effective Date (Remedy, FTB, LA County, DWP)      -$10,441

Balance (due) after paying these amounts ...................................................      $0

The sources of the cash Debtor will have on hand by the Effective Date, as shown above are:

| | |
|---|---|
| $8,275 | Cash in DIP Account (as of January 31, 2011 per MOR #6 less $4,700 capital improvement reserve) |
| -$8,275 | Additional net cash DIP will accumulate from net earnings between now and Effective Date (for purposes of calculating cash available for effective Date payments, Debtor assumes all cash on hand, plus accruing tenant rents shall be fully consumed by operating expenses and the Remedy July, 2011 Stipulation payment). |
| $10,766 | Mark Magna has committed to fund the amounts necessary for Effective Date payments and Plan payments until the Debtor re-establishes stabilized occupancy per the Plan projections attached hereto as Exhibit 1. |
| $TBD | Other: Tenant security deposits from new tenancies as the Debtor achieves stabilized occupancy. |
| $10,766 | |

The second aspect considers whether the Proponent will have enough cash over the life of the Plan to make the required Plan payments.  Attached to the Disclosure Statement as Exhibit 1 are cash flow projections for the term of the Plan showing the Plan is feasible.

YOU ARE ADVISED TO CONSULT WITH YOUR ACCOUNTANT OR FINANCIAL ADVISOR IF YOU HAVE ANY QUESTIONS PERTAINING TO THESE FINANCIAL STATEMENTS.

## V.

## EFFECT OF CONFIRMATION OF PLAN

**A.    Discharge.**

This Plan provides that the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, as specified in 11 U.S.C. § 1141.  The terms of the Plan will bind all creditors and parties in interest to the provisions thereof.

**B.    Revesting of Property in the Debtor.**

Except as provided in Section V(E) and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

Lewis R. Landau
Attorney At Law

**C.    Modification of Plan.**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report.**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

The reorganized debtor's post-confirmation status reports shall reflect all income and disbursements for each quarter or portion thereof while the case remains open, and the reorganized debtor shall timely pay U.S. Trustee Quarterly Fees pursuant to 28 U.S.C. § 1930(a)(6).

**E.    Post-Confirmation Conversion/Dismissal.**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate.  The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

**F.        Final Decree.**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Dated:  March 5, 2011                                  **Lewis R. Landau**
                                                       **Attorney at Law**


                                                       By:*/s/ Lewis R. Landau*
                                                       Lewis R. Landau
                                                       Attorney for Debtor

LEWIS R. LANDAU
ATTORNEY AT LAW

# EXHIBIT 1

Valley MHP LLC

| Income | 1 Sep-10 | 2 Oct-10 | 3 Nov-10 | 4 Dec-10 | 5 Jan-11 | 6 Feb-11 | 7 Mar-11 | 8 Apr-11 | 9 May-11 | 10 Jun-11 | 11 Jul-11 | 12 Aug-11 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rent | 4,700 | 4,750 | 4,730 | 4,250 | 4,377 | 4,377 | 4,377 | 4,377 | - | - | 5,000 | 10,000 | 50,938 |
| Vacancy Loss (5%) | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Laundry | 35 | 35 | 35 | 35 | 35 | 35 | 35 | 35 | - | - | - | 35 | 315 |
| Utilities | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | - | - | - | 2,760 | 5,960 |
| Total | 5,135 | 5,185 | 5,165 | 4,685 | 4,812 | 4,812 | 4,812 | 4,812 | - | - | 5,000 | 12,795 | 57,213 |

| Expenses | 1 Sep-10 | 2 Oct-10 | 3 Nov-10 | 4 Dec-10 | 5 Jan-11 | 6 Feb-11 | 7 Mar-11 | 8 Apr-11 | 9 May-11 | 10 Jun-11 | 11 Jul-11 | 12 Aug-11 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accountant | - | - | - | - | - | - | 800 | - | - | - | - | - | 800 |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 9,000 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Mortgage | - | - | - | - | - | - | - | - | - | - | 5,855 | 5,855 | 11,710 |
| Mtg Int - Additional | - | - | - | - | - | - | - | - | - | - | 3,500 | 3,500 | 7,000 |
| Finance Charges | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 |
| Lic. Fee, Permits | - | - | - | - | 1,000 | 450 | - | - | - | - | - | - | 1,450 |
| Insurance | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 7,800 |
| Prop Tax | - | - | - | - | - | - | 800 | - | - | - | - | - | 800 |
| State Tax | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Electric | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | - | - | 2,000 | 10,550 |
| Water | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | - | - | 800 | 3,635 |
| Gas | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | - | - | 250 | 925 |
| Trash | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 6,000 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | - | 60 | 60 | 660 |
| Sewer | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | - | - | 400 | 1,075 |
| M & R | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 750 | 750 | 6,500 |
| Pay Plan - FTB | - | - | - | - | - | - | - | - | - | - | - | 49 | 49 |
| Pay Plan - DWP | - | - | - | - | - | - | - | - | - | - | - | 434 | 434 |
| Pay Plan - Prop Ta | - | - | - | - | - | - | - | - | - | - | - | 603 | 603 |
| Total | 4,075 | 4,075 | 4,075 | 4,075 | 5,075 | 4,525 | 5,675 | 4,075 | 4,075 | 2,600 | 12,265 | 15,715 | 71,391 |

Valley MHP LLC

| Income | 13 Sep-11 | 14 Oct-11 | 15 Nov-11 | 16 Dec-11 | 17 Jan-12 | 18 Feb-12 | 19 Mar-12 | 20 Apr-12 | 21 May-12 | 22 Jun-12 | 23 Jul-12 | 24 Aug-12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rent | 15,000 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 20,270 | 237,970 |
| Vacancy Loss (5%) | (750) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (1,014) | (11,899) |
| Laundry | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 840 |
| Utilities | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 33,120 |
| Total | 17,080 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 22,087 | 260,032 |

| Expenses | 13 Sep-11 | 14 Oct-11 | 15 Nov-11 | 16 Dec-11 | 17 Jan-12 | 18 Feb-12 | 19 Mar-12 | 20 Apr-12 | 21 May-12 | 22 Jun-12 | 23 Jul-12 | 24 Aug-12 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accountant | | | | | 800 | | | | | | | | 800 |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 9,000 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Mortgage | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 70,260 |
| Mtg Int - Additional | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 42,000 |
| Finance Charges | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 |
| Lic., Fees, Permits | | | | | 1,000 | 450 | | | | | | | 1,450 |
| Insurance | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 7,800 |
| Prop Tax | | | | 12,500 | | | | 12,500 | | | | | 25,000 |
| State Tax | | | | | | | 800 | | | | | | 800 |
| Electric | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 |
| Water | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 9,600 |
| Gas | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 3,000 |
| Trash | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 9,600 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 720 |
| Sewer | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 4,800 |
| M & R | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 12,000 |
| Pay Plan - FTB | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 588 |
| Pay Plan - DWP | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 5,208 |
| Pay Plan - Prop Ta | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 7,236 |
| Total | 16,265 | 16,265 | 16,265 | 28,765 | 18,065 | 16,715 | 17,065 | 28,765 | 16,265 | 16,265 | 16,265 | 16,265 | 236,262 |

25

Valley MHP LLC

| | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Income | Sep-12 | Oct-12 | Nov-12 | Dec-12 | Jan-13 | Feb-13 | Mar-13 | Apr-13 | May-13 | Jun-13 | Jul-13 | Aug-13 | Total |
| Rent | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 21,283 | 255,396 |
| Vacancy/Loss (5%) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (1,064) | (12,770) |
| Laundry | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 840 |
| Utilities | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 33,120 |
| Total | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 23,049 | 276,586 |
| | | | | | | | | | | | | | |
| Expenses | | | | | | | | | | | | | |
| Accountant | | | | | 800 | | | | | | | | 800 |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 9,000 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Mortgage | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 70,260 |
| Mtg Int - Additional | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 42,000 |
| Finance Charges | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 |
| Lic., Fee, Permits | - | - | - | - | 1,000 | 450 | - | - | - | - | - | - | 1,450 |
| Insurance | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 7,800 |
| Prop Tax | - | - | - | 13,000 | - | - | - | 13,000 | - | - | - | - | 26,000 |
| State Tax | - | - | - | - | - | - | 800 | - | - | - | - | - | 800 |
| Electric | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 |
| Water | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 9,600 |
| Gas | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 3,000 |
| Trash | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 10,800 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 720 |
| Sewer | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 4,800 |
| M & R | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 15,000 |
| Pay Plan - FTB | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 588 |
| Pay Plan - DWP | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 5,208 |
| Pay Plan - Prop Ta | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 7,236 |
| Total | 16,615 | 16,615 | 16,615 | 29,615 | 18,415 | 17,065 | 17,415 | 29,615 | 16,615 | 16,615 | 16,615 | 16,615 | 241,462 |

Valley MHP LLC

| | 37 Sep-13 | 38 Oct-13 | 39 Nov-13 | 40 Dec-13 | 41 Jan-14 | 42 Feb-14 | 43 Mar-14 | 44 Apr-14 | 45 May-14 | 46 Jun-14 | 47 Jul-14 | 48 Aug-14 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Income | | | | | | | | | | | | | |
| Rent | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 22,347 | 268,164 |
| Vacancy Loss (5%) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (1,117) | (13,408) |
| Laundry | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 840 |
| Utilities | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 33,120 |
| Total | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 24,060 | 288,716 |
| Expenses | | | | | | | | | | | | | |
| Accountant | | | | | 800 | | | | | | | | 800 |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 9,000 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Mortgage | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 5,855 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 77,790 |
| Mtg Int - Additional | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 1,604 | | | 33,104 |
| Finance Charges | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 |
| Lic., Fee, Permits | | | | 1,000 | | 450 | | | | | | | 1,450 |
| Insurance | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 7,800 |
| Prop Tax | - | - | - | 13,500 | - | - | - | 13,500 | - | - | - | - | 27,000 |
| State Tax | - | - | - | - | - | - | 800 | - | - | - | - | - | 800 |
| Electric | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 |
| Water | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 9,600 |
| Gas | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 3,000 |
| Trash | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 10,800 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 720 |
| Sewer | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 4,800 |
| M & R | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 15,000 |
| Pay Plan - FTB | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 588 |
| Pay Plan - DWP | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 5,208 |
| Pay Plan - Prop Ta | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 7,236 |
| Total | 16,615 | 16,615 | 16,615 | 30,115 | 18,415 | 17,065 | 17,415 | 31,621 | 18,121 | 16,225 | 14,621 | 14,621 | 241,096 |

**Valley MHP LLC**

| | 49 Sep-14 | 50 Oct-14 | 51 Nov-14 | 52 Dec-14 | 53 Jan-15 | 54 Feb-15 | 55 Mar-15 | 56 Apr-15 | 57 May-15 | 58 Jun-15 | 59 Jul-15 | 60 Aug-15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | | |
| Rent | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 23,465 | 281,580 |
| Vacancy Loss (5%) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (1,173) | (14,079) |
| Laundry | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 70 | 840 |
| Utilities | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 2,760 | 33,120 |
| Total | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 25,122 | 301,461 |
| | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | |
| Accountant | - | | | | 800 | | | | | | | | 800 |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 9,000 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| Mortgage | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 7,361 | 88,332 |
| Mtg Int - Additional | - | | | | | | | | | | | | - |
| Finance Charges | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 |
| Lic., Fee, Permits | - | | | | 1,000 | 450 | | | | | | | 1,450 |
| Insurance | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 650 | 7,800 |
| Prop Tax | - | | | 13,750 | | | | 13,750 | | | | | 27,500 |
| State Tax | - | | | | | | 800 | | | | | | 800 |
| Electric | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 |
| Water | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 9,600 |
| Gas | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 3,000 |
| Trash | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 900 | 10,800 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 720 |
| Sewer | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 4,800 |
| M & R | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 1,250 | 15,000 |
| Pay Plan - FTB | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | 49 | - | 539 |
| Pay Plan - DWP | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | 434 | - | 4,774 |
| Pay Plan - Prop Ta | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | 603 | - | 6,633 |
| Total | 14,621 | 14,621 | 14,621 | 28,371 | 16,421 | 15,071 | 15,421 | 28,371 | 14,621 | 14,621 | 14,621 | 14,621 | 217,948 |

6:24 AM
09/25/10
Cash Basis

Case 1:10-bk-20599-GM   Doc 66   Filed 03/05/11   Entered 03/05/11 13:35:15   Desc
Main Document   Page 31 of 78

**Woodley Trailer Park**
**Balance Sheet**
As of August 25, 2010

|                                                | Aug 25, 10    |
| ---------------------------------------------- | ------------- |
| **ASSETS**                                     |               |
| **Current Assets**                             |               |
| **Checking/Savings**                           |               |
| 1013 · Checking - CNB Valley MHP LLC           | -4,996.40     |
| **Total Checking/Savings**                     | -4,996.40     |
|                                                |               |
| **Fixed Assets**                               |               |
| 2336 · Woodley Trailer Park                    | 1,700,000.00  |
| **Total Fixed Assets**                         | 1,700,000.00  |
|                                                |               |
| **TOTAL ASSETS**                               | 1,695,003.60  |
|                                                |               |
| **LIABILITIES & EQUITY**                       |               |
| **Liabilities**                                |               |
| **Current Liabilities**                        |               |
| **Accounts Payable**                           |               |
| 4000 · Bills Due                               | 0.00          |
| **Total Accounts Payable**                     | 0.00          |
|                                                |               |
| **Total Current Liabilities**                  | 0.00          |
|                                                |               |
| **Long Term Liabilities**                      |               |
| 4311 · Hedamar Development, Inc.               | 365,985.00    |
| 4319 · JLAB 613 Holdings, LLC                  | 600,000.00    |
| 4320 · Magna & Magna, Inc.                     | 250,000.00    |
| 4321 · Markest, Inc.                           | 125,225.00    |
| 4322 · Union Bank - WTP                        | 952,644.97    |
| **Total Long Term Liabilities**                | 2,293,854.97  |
|                                                |               |
| **Total Liabilities**                          | 2,293,854.97  |
|                                                |               |
| **Equity**                                     |               |
| 6100 · Opening Bal Equity                      | 492,750.20    |
| 6200 · Retained Earnings (Retained Earnings)   | -346,446.53   |
| Net Income                                     | -7,885.11     |
| **Total Equity**                               | 138,418.56    |
|                                                |               |
| **TOTAL LIABILITIES & EQUITY**                 | 2,432,273.53  |

**January 1 through August 25, 2010**

|  | Jan 1 - Aug 25, 10 |
|---|---|
| **Income** | |
| 7200 · Rent | 44,392.18 |
| 7231 · Laundry | 374.64 |
| 7232 · Utility Reimburse | 4,286.25 |
| 7995 · Misc. Income | 3,968.43 |
| **Total Income** | 53,021.50 |
| | |
| **Expense** | |
| 8002 · Accountant | 50.00 |
| 8003 · Legal | 6,197.44 |
| 8005 · Bank Charges | 294.38 |
| 8010 · Mortgage Interest | 8,596.43 |
| 8011 · Finance Charge | 26,001.95 |
| 8013 · Membership, Subcriptions & Dues | 310.50 |
| 8014 · License, Fees & Permits | 1,394.30 |
| 8060 · Insurance | |
| 8061 · Liability/Hazard | 7,358.67 |
| Total 8060 · Insurance | 7,358.67 |
| | |
| 8075 · Tax | |
| 8078 · Property | 1,857.97 |
| Total 8075 · Tax | 1,857.97 |
| | |
| 8080 · Utilities | |
| 8081 · Electric | 783.99 |
| 8082 · Water | 719.61 |
| 8083 · Gas | 1,110.47 |
| 8084 · Trash | 3,896.94 |
| 8092 · HOA Dues | 486.00 |
| 8095 · Sewer | 456.75 |
| Total 8080 · Utilities | 7,453.76 |
| | |
| 8207 · Maint. & Repair | 1,391.21 |
| **Total Expense** | 60,906.61 |
| | |
| **Net Income** | **-7,885.11** |

# EXHIBIT 2

1 | **Lewis R. Landau** (CA Bar No. 143391)
**Attorney at Law**
2 | 23564 Calabasas Road, Suite 104
Calabasas, California 91302
3 | Voice & Fax: (888)822-4340
Email: Lew@Landaunet.com
4 |
Attorney for
5 | Valley MHP, LLC

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9                    **SAN FERNANDO VALLEY DIVISION**

10

11 | In re                                    Case No.: 1:10-bk-20599 GM

12 | Valley MHP, LLC.                          Chapter 11

13 |            Debtor and Debtor in          **STIPULATION REGARDING INTERIM
            Possession.                     USE OF CASH COLLATERAL FROM**
14 |                                          **MARCH 1, 2011 TO MAY 31, 2011, MOTION
                                          FOR RELIEF FROM STAY, AND**
15 |                                          **ADEQUATE PROTECTION**

16 |                                          Date:    March 8, 2011
                                          Time:    10:00 a.m.
17 |                                          Place:   Courtroom 303; Judge Mund
                                                   21041 Burbank Blvd
18 |                                                   Woodland Hills, CA 91367

19

20 |        Valley MHP, LLC, Chapter 11 Debtor and Debtor in Possession (the "Debtor") on one

21 | hand, and Remedy Investors, LLC, successor in interest to Union Bank, on the other hand

22 | (hereinafter "Lender"), enter into this Stipulation Regarding Use of Cash Collateral, Motion for

23 | Relief from Stay, and Adequate Protection ("Stipulation") based upon the following facts:

24 |        1.       Valley MHP, LLC (the "Debtor") is the debtor in the above captioned case. The

25 | Debtor filed its voluntary chapter 11 petition commencing its case on August 25, 2010. The

26 | Debtor continues to manage and operate the estate as a Debtor in Possession. No creditors'

27 | committee has been appointed in this case.

28

32

1      2.     The Debtor holds title to real property located at 7936 Woodley Avenue, Los

2  Angeles, California 91406 ("Subject Property"). The Subject Property is a multifamily mobile

3  home park with approximately 27 spaces.

4      3.     Hedamar Development, Inc., a California corporation ("Hedamar") owns 100% of

5  the equity interests in the Debtor.

6      4.     On July 21, 2006, Hedamar executed a "Promissory Note Secured by Deed of Trust

7  (Adjustable Rate Note – Fixed / 6 Mo. Libor IO)" ("the Note"), by which it promised to pay

8  Lender the principal sum of $960,000.00 plus interest on the unpaid principal. The Note is

9  secured by a first deed of trust on the Property and an assignment of rents and fixture filing

10  pursuant to the "Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing" (the

11  "Deed of Trust").

12      5.     Thus, Lender has a first deed of trust with assignments of rents clauses on the

13  Subject Property. The rents, royalties, issues, profits, security deposits, and income of the Subject

14  Property (the "Cash Collateral") constitute cash collateral within the meaning of 11 U.S.C. section

15  363(a). Lender is entitled to the benefits of § 506(b) of the Bankruptcy Code. By virtue of

16  Lender's perfected security interests in the Cash Collateral, Lender has an interest in the Cash

17  Collateral within the meaning of 11 U.S.C. § 363(b).

18      6.     After the Debtor failed to perform under the terms of the Note and Deed of Trust,

19  Lender elected to declare all sums immediately due and payable. As of the date that this

20  Stipulation was signed on behalf of Lender, Lender contends that the principal balance of the loan

21  secured by the Subject Property was $952,608.90 plus interest, applicable late charges, foreclosure

22  fees and costs, collection costs, or attorney's fees and costs recoverable under the terms of the

23  Note and Deed of Trust (the "Indebtedness") and that all such amounts were due and payable.

24      7.     Lender contends that it has duly performed any conditions precedent on its part to

25  be performed under the Note and Deed of Trust.

26      8.     The Debtor represents that other than real estate taxes, no consensual liens or

27  encumbrances senior to those of Lender exist against the Subject Property and acknowledges that

28  Lender has specifically relied on this representation in its consent to this Stipulation. Invalidity of

33

1  this representation is a specific event of default under this Stipulation, giving rise to the Lender's

2  remedies set forth below.

3      9.    On September 2, 2010, Lender served on the Debtor its *Notice of Non-Consent of*

4  *Use of Cash Collateral* [Docket No. 10] (the "Notice of Non-Consent"), which gave notice that it

5  did not consent to the Debtor's use of Cash Collateral and perfected and made choate "all rights of

6  Lender in the rents, issues, and profits of the property described in the Deed of Trust, Security

7  Agreement, Assignment of Rents and Fixture Filing ('Deed of Trust')." Notice of Non-Consent at

8  p. 1. The Debtor does not dispute that Lender has a fully perfected lien on Subject Property and

9  the Cash Collateral.

10     10.   On September 14, 2010, Lender filed its *Motion for Relief from Automatic Stay*

11 *under 11 U.S.C. § 362* (the "Motion") [Docket No. 14] with respect to the Subject Property.

12     11.   On October 8, 2010, representatives of Lender and the Debtor executed that certain

13 Loan Modification Term Sheet (the "Term Sheet"), a true and correct copy of which is attached

14 hereto as **Exhibit "A."** Pursuant to the Term Sheet, if it were approved by the Court, the Debtor

15 was required to take certain actions by certain deadlines. However, Lender and the Debtor have

16 agreed to cancel the Term Sheet (if it was binding) and to enter this Stipulation to reflect their

17 agreement regarding the matters addressed herein.

18     12.   At the hearing on the Motion and status conference, which occurred on October 12,

19 2010, the Bankruptcy Court determined and stated on the record that this case is a single asset real

20 estate ("SARE") case.

21     13.   The Debtor filed the *Debtor's Original Chapter 11 Plan* [Docket No. 38] (the

22 "Plan") and *Debtor's Original Disclosure Statement Describing Original Chapter 11 Plan*

23 [Docket No. 39] (the "Disclosure Statement") on November 23, 2010. The parties have entered a

24 stipulation to continue the hearings on the Motion and the Disclosure Statement to April 12, 2011.

25     14.   The Debtor asserts that it needs to use the Cash Collateral to maintain the Subject

26 Property and asserts that by doing so, the Subject Property will continue to generate rents.

27     15.   Prior to execution of this Stipulation, Lender has agreed to certain specific

28 payments of Cash Collateral submitted to Lender by the Debtor in writing and otherwise has not

1   agreed to use of Cash Collateral.

2      16.    The Debtor and Lender negotiated and entered into this Stipulation to allow the

3   Debtor's interim use of Cash Collateral for an initial period commencing March 1, 2011 through

4   May 31, 2011.

5      17.    Lender and the Debtor have also agreed to additional terms and conditions, which

6   are described herein, in order to provide adequate protection to Lender and to ensure that Lender's

7   security is not affected.

8      *NOW THEREFORE*, the Debtor and Lender enter into following agreement regarding

9   Cash Collateral, adequate protection of Lender, and the other issues addressed herein, on the

10  following terms:

11     1.    Definitions.

12         A.    The term "cash collateral" shall have the same meaning as provided by 11

13     U.S.C. section 363(a).

14         B.    The terms "rents," "royalties," "issues," "profits," "security deposits," and

15     "income" shall have the same meanings as provided by the Deed of Trust.

16     2.    Existing Agreements.

17     Except as modified by this Stipulation, all terms, conditions and provisions of the Note and

18  Deed of Trust shall remain in full force and effect. This Stipulation, the Term Sheet (to the extent

19  it was enforceable) and any other document executed by Debtor and Lender shall be considered to

20  supplement and not replace any agreement previously entered into between Lender and the

21  Debtor. The recitals set forth above are incorporated by this reference.

22     3.    The Debtor acknowledges that it is not aware of any grounds to challenge the

23  validity, enforceability, or priority of the Lender's pre-petition claims or liens against the Subject

24  Property.

25     4.    Terms and Conditions for the Use of Cash Collateral.

26         A.    Subject to the terms and conditions herein, the Debtor shall be entitled to

27     use the Cash Collateral and to pay certain of the Debtor's actual and necessary operating

28     expenses incurred after the petition date as set forth in the budget, which is attached hereto

as **Exhibit "B"** (the "Budget"), through the term that this Stipulation provides for cash collateral.

B.     All Cash Collateral heretofore collected and in the possession or under the control of the Debtor, and all Cash Collateral hereafter collected by the Debtor, shall be deposited into a debtor in possession bank account (the "Cash Collateral Account") and kept separate from any other funds of the Debtor.

C.     From the Cash Collateral Account, the Debtor may transfer to its general account and pay those actual expenses set forth on Exhibit B, which are incurred in the ordinary course of the Debtor's business and which are consistent with the terms of this Stipulation.

D.     Without the written consent of the Lender, (a) the total payments for monthly expenses shall not exceed five percent (5%) of the cumulative total for all categories of expenses set forth in Exhibit B, and (b) the Debtor's actual expenditures shall not exceed the budgeted expenditures in the Budget by more than five percent (5%) per line item in Exhibit B. No other payments or expenditures shall be made except as the Lender may specifically authorize in writing. Any unused sum remaining in any one category of expense may not be rolled over to a subsequent month, unless such rollover is because payment of an expense category was not yet due or made in such prior month but such expense was nonetheless incurred.

5.     The Debtor further agrees that any turnover to the Lender of the Cash Collateral pursuant to this Stipulation is voluntarily made. The Debtor agrees that any turnover to Lender of any Cash Collateral and any application of the same by Lender to the Indebtedness shall not be deemed, in any manner, to constitute a setoff or other "action" as that term is used or defined in section 726 of the California Code of Civil Procedure, constitute a violation of the "one action rule" or be considered an effort by the Lender to collect a deficiency judgment.

6.     Post-Petition Liens; Adequate Protection.

A.     By virtue of, among other things, the provisions of the Deed of Trust and the Notice of Non-Consent, the Lender asserts that it holds a valid, duly perfected,

enforceable and non-avoidable senior-most security interest in the Cash Collateral and the Subject Property. As further partial adequate protection for the continued use by the Debtor of the cash collateral as provided for under this Stipulation, the Lender shall be granted a valid, duly perfected, enforceable and non-avoidable replacement lien and security interest of the same priority in all post-petition Cash Collateral. The Debtor shall execute such documents as the Lender may require to perfect its security interest hereunder and/or under the Deed of Trust or other agreement between the Debtor and Lender, but entry of the court's order approving this Stipulation shall constitute a validly perfected first lien and security interest upon the Cash Collateral generated after the petition date and no filing, recordation or other act in accordance with any applicable local, state or federal law shall be necessary to create or perfect such lien and security interest.

B.      The post-petition liens in favor of the Lender shall secure repayment to the Lender of the actual amount of Cash Collateral spent by the Debtor from and after the petition date. The post-petition liens granted hereby shall not in any way reduce, eliminate or supersede any security interest previously granted to the Lender, but shall instead be a continuation thereof, from and after the petition date.

7.      Reporting Requirements.

The Debtor shall prepare and maintain and upon reasonable notice provide to the Lender for examination the following records:

A.      All records required to be kept or maintained by the Debtor, including those required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the rules of this Court and the United States Trustee.

B.      All records required to be kept or maintained by the terms and conditions of this Stipulation, and any other agreement executed by the Debtor in favor of the Lender.

C.      In addition, the Debtor shall provide to the Lender the following reports in a timely manner.

1.      On or before execution of this Stipulation, the Debtor shall provide the Lender with copies of all non-confidential documents filed by the Debtor with

6

<u>37</u>

1    the Office of the U.S. Trustee.

2          2.     Monthly, the Debtor shall account to Lender for receipts,

3    disbursements and accruals for the prior month.  Such accounting shall include (but

4    not be limited to) a rent roll and the related amounts received from each tenant.

5          3.     The Debtor shall also provide the Lender in a timely and prompt

6    fashion all reports or other information required by the Note, the Deed of Trust, and

7    any other agreement executed by the Debtor in favor of the Lender or any other

8    agreement which may in the future be executed by the Debtor in favor of the

9    Lender.

10        D.    Inspection Rights.  The Lender is authorized, in its discretion, to reasonably

11    audit the Debtor's books and records, and to inspect the Subject Property.  The Lender or

12    its designated representative or agent shall be entitled on reasonable notice to inspect the

13    books and records of the Debtor at any time during normal business hours.  The Lender

14    shall be entitled to have its appraiser visit the Subject Property upon reasonable notice to

15    inspect and appraise the Subject Property.

16        E.    In addition to the foregoing inspection rights, the Lender shall have and be

17    entitled to all inspections or other information required by the Note, the Deed of Trust, and

18    any other agreement executed by the Debtor in favor of the Lender or any other agreement

19    which may in the future be executed by the Debtor in favor of the Lender.

20        F.    Insurance.  The Debtor shall maintain insurance in accordance with the

21    requirements of the Office of the United States Trustee at all times for the Subject Property

22    and shall provide evidence of the same to the Lender within 15 days after Lender's written

23    request therefor.

24    8.    Agreement regarding Loan Repayment.

25        A.    The Debtor and Lender agree to the following:

26          a.   The Debtor and Lender acknowledge that the Term Sheet has been canceled

27            and is of no force or effect.

28

b. The Debtor and Lender agree that when they entered the Term Sheet, certain repairs were needed to make capital improvements to the electrical system on the Subject Property. The Debtor and Lender reserve their rights with respect to whether such repairs have been completed satisfactorily. If the Housing Authority approves the repairs to the electrical system as adequate to allow all of the spaces to be used by tenants, then Lender agrees that the Debtor has cured any default that was related to the electrical system; provided, however, that this shall not waive or otherwise affect any default(s), which are addressed below, and defaults that occur hereafter will not be waived by the Debtor complying with this subparagraph.

c. The Debtor and Lender agree to the schedule of payments listed in **Exhibit "C"** (which is attached hereto). That schedule is summarized as follows:

    i. From January 1, 2010 through July 1, 2011, the total amount of unpaid nondefault payments ($ $99,528), legal fees to be paid by Debtor ($20,000), and unpaid escrow account balance ($4,576.29) will be $$124,103.98 (the "Past Due Balance").

    ii. Beginning on July 1, 2011 and continuing through December 1, 2013, the Debtor shall pay Lender monthly payments equal to $5,854.58, which is interest of 7.375% on the outstanding principal balance ($952,608.90) (the "Interest Only Monthly Payment") plus the additional amounts described in the following subparagraph iii, and beginning on January 1, 2014 and continuing through June 1, 2014, the Debtor shall pay Lender monthly payments equal to $$7,360.16, which is principal and interest under the Note, plus the additional amounts described in the following subparagraph iii.

    iii. Beginning on July 1, 2011 and continuing until the Past Due Balance ($124,103.98) is paid in full, the Debtor shall pay Lender $3,500 per month (or if less, the unpaid amount of the Past Due

Balance) (the "Additional Payment") in addition to the applicable payment due under paragraph i above; the applicable amount due each month is the "Monthly Payment" herein. Thus, from July 1, 2011 through December 1, 2013, the Monthly Payment will be $ $9,354.58, and from January 1, 2013 through May 1, 2014, the Monthly Payment will be $ $10,860.16, and the Monthly Payment due on June 1, 2014 will be $ $7,430.68. If the Debtor makes all of the Monthly Payments required by the foregoing schedule (from July 1, 2011 through June 1, 2014) on time or within the cure period provided by this Stipulation, then upon the payment of the Unpaid Balance in full under the terms and conditions provided herein, Lender waives the default interest, attorneys' fees in excess of $20,000, trustee's fees, and late fees, which will total $ 82,153.83 as of June 1, 2011 (the "Default Amounts Due"). **If any Monthly Payment is late and not timely cured as required by Paragraph 9.C below, then the Default Amounts Due will not be waived by Lender, and the Default Amounts Due will be added to the unpaid principal owed to Lender under the Note and Lender will be entitled to relief from stay as provided below.**

iv.  Beginning on July 1, 2014 and continuing until the outstanding principal and related interest are paid in full, the Debtor shall pay Lender monthly payments equal to $7,360.16, which is the fully amortized payment that includes principal and interest under the Note (the "Amortized Monthly Payment"). Other than as expressly provided above, the Note and Deed of Trust shall not be amended. The Note and Deed of Trust shall survive and continue in full force and effect.

    d.   All payments hereunder (such as Monthly Payments) by the Debtor to Lender shall be made by ACH or wire transfer and will be effective when received in Lender's account.

    e.   This Stipulation shall be effective upon entry of an order approving this Stipulation.

    f.   The Debtor shall file an amended Plan and an amended Disclosure Statement that reflect this Stipulation and incorporate this Stipulation as an exhibit to the Plan by March 5, 2011 and shall seek approval thereof at a hearing set for April 12, 2011. Upon a Plan that is consistent with this Stipulation becoming effective, all defaults arising under the Note and Deed of Trust shall be deemed cured and/or waived as of the effective date of such Plan; provided, however, that the fact that such a Plan becomes effective shall <u>not</u> be deemed a cure or waiver of any default by the Debtor or any right or remedy of Lender under this Stipulation. Thus, the fact that such a Plan becomes effective will not cure or waive any default by the Debtor in failing to make any Monthly Payment timely and, if the Debtor fails to timely cure any late Monthly Payment, will not waive the right of Lender to the Default Amounts Due (as set forth above) and to obtain relief from stay as provided below.

B.    The foregoing requirements in Paragraph A above, together with the Debtor's representation that other than real estate taxes, no consensual liens or encumbrances senior to those of Lender exist against the Subject Property, are the "Conditions" herein.

9.    Default; Remedies Upon Default.

A.    Any failure of the Debtor to perform fully or satisfy the promises, duties, covenants, provisions or terms of this Stipulation (including but not limited to the Conditions), the Note, the Deed of Trust, or any other agreement between the parties, or any breach of a representation or warranty therein, shall be an event of default under this

Stipulation unless timely cured. In addition to the other defaults identified herein, each of
the following shall also constitute a default:

    a.  entry of an order by the Bankruptcy Court converting or dismissing
Debtor's Bankruptcy case or appointing a Chapter 11 Trustee or Chapter 7
Trustee;

    b.  reversal, vacatur, stay amendment, supplementation or other modification of
this Stipulation (without Lender's consent) in any manner which shall, in
the sole opinion Lender, materially and adversely affect the rights of Lender
hereunder, or shall materially and adversely affect the priority of any or all
Lender's collateral or security interests;

    c.  entry of an order granting any party relief from the automatic stay with
respect to the Subject Property or Cash Collateral;

    d.  if any person or entity shall have obtained an order permitting the use of
Lender's Cash Collateral without Lender's express written consent; or

    e.  if the Debtor shall knowingly furnish or knowingly make any false,
inaccurate or materially incomplete representation, warranty, certificate,
report or summary in connection with or pursuant to this Stipulation.

    B.    Any default under this Stipulation or any other agreement between the
parties, shall constitute a "default" under all agreements between the parties.

    C.    In the event of a default, Lender may provide the Debtor with written notice
stating that a default has occurred, which notice may be given by providing both facsimile
transmission to the Debtor at (323) 720-1922 and email to the Debtor at
mark@markestinc.com and trslawyer@prodigy.net and, until entry of a final decree in the
Debtor's case, to counsel for the Debtor by facsimile to (888)822-4340 or email to
lew@landaunet.com; such facsimile numbers and email addresses may be updated by the
Debtor or its counsel by sending email to Lender at jeffers@coastalcra.com or any email
address or facsimile number that Lender provides to the Debtor and its counsel at such

1    email addresses. Upon the failure of the Debtor to cure such default by 5:00 p.m. on the

2    tenth calendar day following the day on which such notice is given:

3                 (a) the Debtor's right under this Stipulation to use cash collateral shall

4          terminate, and, unless the Court orders otherwise, the Debtor shall immediately

5          stop using the Cash Collateral and the Debtor shall immediately sequester all Cash

6          Collateral received, i.e., no deductions for the expenses identified on Exhibit B; and

7                 (b) Lender shall have the right to obtain relief from the automatic stay with

8          respect to the Subject Property for all purposes solely by filing with the Court and

9          serving on the Debtor's counsel a declaration that Lender served the Debtor (or its

10          counsel) a notice of such default and such default was not cured as required by this

11          Stipulation, in which case no further hearing shall be required and the stay shall be

12          lifted upon entry of the related order.

13      10.    Bankruptcy Court Approval.

14      The Debtor shall file with the bankruptcy court an appropriate emergency motion seeking

15   approval of this Stipulation on or before March 5, 2011, and shall otherwise diligently seek

16   approval thereof.

17      11.    Term for use of Cash Collateral.

18      Upon the entry of an order by the bankruptcy court approving the terms of this Stipulation,

19   the Debtor's right to use the Lender's cash collateral shall become effective as of March 1, 2011

20   and shall continue in effect until the earlier of (a) May 31, 2011 (the "Termination Date"), (b) an

21   event of default, or (c) further order of the Court regarding Cash Collateral.

22      12.    Reservation of Rights.

23      Lender shall have the right to waive any of the rights, remedies or powers granted herein

24   and shall have no obligation or duty to any other person or party with respect to the exercise of

25   said rights, remedies or duties. Delay in or failure to exercise any rights, remedies or duties shall

26   not subject Lender to any liability to any other person or party, nor shall any other person or party

27   rely upon, or in any way assert as a defense to any obligation owing to Lender such delay or

28   failure. All of Lender's rights and remedies in law and equity are specifically reserved.

13. Nothing contained in this Stipulation or the order approving this Stipulation shall be deemed or construed to waive, reduce or otherwise diminish the rights of the Lender to seek additional or different adequate protection of its interest under the Note and Deed of Trust, or to take any other action in this Chapter 11 case including but not limited to seeking relief from stay at an earlier date. Nothing contained in this Stipulation or the order approving this Stipulation shall be deemed or construed to be an admission that the Lender is adequately protected.

15. The Debtor and Lender are hereby authorized to execute any documentation necessary to effectuate and/or carry out the terms and conditions of this Stipulation

16. This Stipulation may be executed by the parties' counsel on their behalf in any number of counterparts, each of which shall be deemed an original instrument for all purposes and all of which together shall constitute this Stipulation.

17. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation and the related order in order to resolve any disputes in connection with the rights and duties specified above.

18. The provisions of this Stipulation regarding Cash Collateral may be further extended by the Debtor and Lender in a writing filed with the Bankruptcy Court without a further order of the Bankruptcy Court. Lender's agreement to any such extension shall be in its sole and absolute discretion.

19. This Stipulation shall be valid and binding on, and will inure to the benefit of, the successors and assigns of the Debtor and Lender and any Chapter 7 trustee (if one is appointed in the Debtor's case), notwithstanding any conversion of this case to chapter 7.

*NOW THEREFORE*, the parties stipulate to the foregoing.

Dated: March 4 , 2011

**Lewis R. Landau**
**Attorney at Law**


By: */s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Debtor
lew@landaunet.com

///

13

44

1    Dated: March __4__ , 2011

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMITH | CAMPBELL | CLIFFORD | KEARNEY |
GORE, A Professional Law Corporation

By: _Christine M. Fitzgerald_
Barry R. Gore
Christine M. Fitzgerald
Attorney for Remedy Investors, LLC

# EXHIBIT A

# Loan Modification
# Term Sheet

October 8, 2010

Re:   Loan with Remedy Investors, LLC (Lender) and Valley MHP, LLC (Borrower)
      Property located at 7936 Woodley Ave., Los Angeles, CA 91406

1. Lender to waive all existing defaults once Capital Improvement Account has be established and funded as per item #2 below.
2. Borrower to deposit by Nov. 30, 2010, an amount to be determined as below into a DIP account labeled "Capital Improvement Account" for the capital improvements. Borrower to pay expenses through this account for the Capital improvements for the property as provided by the 3rd party contractor. Borrower to provide a more detailed work proposal by a 3rd party contractor for the capital improvements to be performed. The amount of the work proposal as provided by the 3rd party contractor shall be the amount required to be deposited into the newly established DIP account labeled "Capital Improvement Account".
3. Borrower to pay Lender a flat fee of $10,000 to cover any and all expenses that Lender has incurred regarding this loan modification, BK and foreclosure proceedings. This $10,000 will be added to the Past Due Balance as described below in item # 4.
4. Past due balance to be calculated as follows:  Past due regular monthly payments to be calculated as only the interest only portion, 7.375% on the outstanding principal balance of $952,608.90 - $5,854.57 per month for Feb 2010 thru March 2011. Past due escrow account of $4,576.29. Per item #3 above – reimbursable fees of $10,000 to Lender. Total past due balance is $96,540.27.
5. All past default interest and late fees are waived by Lender provided Borrower does not miss two consecutive past due payments in the amount of $3,000 and once Borrower has paid past due balance in full (as per item # 6 below).
6. Borrower to begin on May 1, 2011 making equal monthly payments on the past due balance to Lender, above and beyond the regular monthly mortgage payment as described below, at $3,000 per month until past due balance is paid in full, which can be no later than 2/1/14.
7. New monthly mortgage payments to be calculated on the outstanding principal balance of $952,608.90 at 7.375%, with interest only payments. Borrower to resume the regular monthly mortgage payments starting April 1, 2011. Beginning with Feb. 1, 2014 or when past due balance is $0.00, whichever occurs first, the monthly mortgage payment will become fully amortized. Borrower shall begin to make fully amortized payments of $7,360.16 to Lender.
8. Borrower to provide monthly operating statements and rent roll within 15 days of month-end.
9. Borrower or Lender, at their own discretion, may order an appraisal for their own use, not for use in this loan modification or bankruptcy.
10. Lender and Borrower shall handle the motion by Lender to non-consent to cash collateral separately from this loan modification.
11. Borrower and Lender agree to have our respective attorneys to postpone the hearing that is scheduled for Oct. 12, 2010 and set a new hearing date for the first available date after Nov. 30, 2010 to confirm this loan modification in court.

12. This term sheet is confidential until approved and requires bankruptcy court approval to become effective.

13. Attached to this modification is the schedule of payments.

Agreed:

Borrower                              Lender

_____      _____
Mark Magna, Manager                   
Valley MHP, LLC                       Remote Investors, LLC

12. This term sheet is confidential until approved and requires bankruptcy court approval to become effective.
13. Attached to this modification is the schedule of payments.

Agreed:

Borrower                                    Lender

_____            _____
Mark Magna, Manager                         Kyle Jeffers
Valley MHP, LLC                             Remedy Investors, LLC

# EXHIBIT B

Exhibit "B"
Valley MHP, LLC

| Expenses | 1 Sep-10 | 2 Oct-10 | 3 Nov-10 | 4 Dec-10 | 5 Jan-11 | 6 Feb-11 | 7 Mar-11 | 8 Apr-11 | 9 May-11 | 10 Jun-11 | 11 Jul-11 | 12 Aug-11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accountant | - | - | - | - | - | - | 800 | - | - | - | - | 800 |
| Legal | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 | 750 |
| Bank Charges | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
| Mortgage | - | - | - | - | - | - | - | - | - | - | - | - |
| Mtg Int - Additional | - | - | - | - | - | - | - | - | - | - | 5,855 | 5,855 |
| Finance Charges | - | - | - | - | - | - | - | - | - | - | 3,500 | 3,500 |
| Lic., Fee, Permits | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Insurance | 650 | 650 | 650 | 650 | 1,000 | 450 | 2,309 | 650 | 650 | 650 | 650 | 650 |
| Prop Tax | - | - | - | - | - | - | - | - | - | - | - | - |
| State Tax | - | - | - | - | - | - | 800 | - | - | - | - | - |
| Electric | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 | 950 |
| Water | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 | 315 |
| Gas | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 |
| Trash | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Billing | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 | 60 |
| Sewer | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 | 75 |
| M & R | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 750 | 750 |
| Pay Plan - FTB | - | - | - | - | - | - | - | - | - | - | - | 44 |
| Pay Plan - DWP | - | - | - | - | - | - | - | - | - | - | - | 431 |
| Pay Plan - Prop Tax** | - | - | - | - | - | - | - | - | - | - | - | 726 |
| Total | 4,075 | 4,075 | 4,075 | 4,075 | 5,075 | 4,525 | 7,334 | 4,075 | 4,075 | 4,075 | 13,680 | 15,715 |

**This Plan Payment retires LA County Taxes per Proof of Claim # 27 at equal payments for 48 months starting Aug 2011

# EXHIBIT C

**REMEDY INVESTORS**
**WOODLEY RV PARK**
**LOAN MODIFICATION PROPOSAL**

| | |
|---|---|
| Current Principal | $ 952,608.90 |
| Payment on Past Due | $ 3,500.00 |
| Interest Rate | 7.375% |

| Payment Due Date | Past Due Amount | Actual Payments | Outstanding Past Due | Payment Due Date | Accrual | Interest Payments | Principal Payments | Outstanding Balance | Total Payment |
|---|---|---|---|---|---|---|---|---|---|
| Legal Costs | | | $ 20,000.00 | | | | | | |
| Tax Advance | $ 4,576.29 | | $ 24,576.29 | | | | | | |
| 2/1/2010 | $ 5,854.57 | | $ 30,430.86 | 2/1/2010 | | | | $ 952,608.90 | $ - |
| 3/1/2010 | $ 5,854.57 | | $ 36,285.43 | 3/1/2010 | | | | $ 952,608.90 | $ - |
| 4/1/2010 | $ 5,854.57 | | $ 42,140.00 | 4/1/2010 | | | | $ 952,608.90 | $ - |
| 5/1/2010 | $ 5,854.57 | | $ 47,994.57 | 5/1/2010 | | | | $ 952,608.90 | $ - |
| 6/1/2010 | $ 5,854.57 | | $ 53,849.14 | 6/1/2010 | | | | $ 952,608.90 | $ - |
| 7/1/2010 | $ 5,854.57 | | $ 59,703.71 | 7/1/2010 | | | | $ 952,608.90 | $ - |
| 8/1/2010 | $ 5,854.57 | | $ 65,558.28 | 8/1/2010 | | | | $ 952,608.90 | $ - |
| 9/1/2010 | $ 5,854.57 | | $ 71,412.85 | 9/1/2010 | | | | $ 952,608.90 | $ - |
| 10/1/2010 | $ 5,854.57 | | $ 77,267.42 | 10/1/2010 | | | | $ 952,608.90 | $ - |
| 11/1/2010 | $ 5,854.57 | | $ 83,121.99 | 11/1/2010 | | | | $ 952,608.90 | $ - |
| 12/1/2010 | $ 5,854.57 | | $ 88,976.56 | 12/1/2010 | | | | $ 952,608.90 | $ - |
| 1/1/2011 | $ 5,854.57 | | $ 94,831.13 | 1/1/2011 | | | | $ 952,608.90 | $ - |
| 2/1/2011 | $ 5,854.57 | | $ 100,685.70 | 2/1/2011 | | | | $ 952,608.90 | $ - |
| 3/1/2011 | $ 5,854.57 | | $ 106,540.27 | 3/1/2011 | | | | $ 952,608.90 | $ - |
| 4/1/2011 | $ 5,854.57 | | $ 112,394.84 | 4/1/2011 | | | | $ 952,608.90 | $ - |
| 5/1/2011 | $ 5,854.57 | | $ 118,249.41 | 5/1/2011 | | | | $ 952,608.90 | $ - |
| 6/1/2011 | $ 5,854.57 | | $ 124,103.98 | 6/1/2011 | | | | $ 952,608.90 | $ - |
| 7/1/2011 | | $ (3,500.00) | $ 120,603.98 | 7/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 8/1/2011 | | $ (3,500.00) | $ 117,103.98 | 8/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 9/1/2011 | | $ (3,500.00) | $ 113,603.98 | 9/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 10/1/2011 | | $ (3,500.00) | $ 110,103.98 | 10/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 11/1/2011 | | $ (3,500.00) | $ 106,603.98 | 11/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 12/1/2011 | | $ (3,500.00) | $ 103,103.98 | 12/1/2011 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 1/1/2012 | | $ (3,500.00) | $ 99,603.98 | 1/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 2/1/2012 | | $ (3,500.00) | $ 96,103.98 | 2/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 3/1/2012 | | $ (3,500.00) | $ 92,603.98 | 3/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 4/1/2012 | | $ (3,500.00) | $ 89,103.98 | 4/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 5/1/2012 | | $ (3,500.00) | $ 85,603.98 | 5/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 6/1/2012 | | $ (3,500.00) | $ 82,103.98 | 6/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 7/1/2012 | | $ (3,500.00) | $ 78,603.98 | 7/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 8/1/2012 | | $ (3,500.00) | $ 75,103.98 | 8/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 9/1/2012 | | $ (3,500.00) | $ 71,603.98 | 9/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 10/1/2012 | | $ (3,500.00) | $ 68,103.98 | 10/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 11/1/2012 | | $ (3,500.00) | $ 64,603.98 | 11/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 12/1/2012 | | $ (3,500.00) | $ 61,103.98 | 12/1/2012 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 1/1/2013 | | $ (3,500.00) | $ 57,603.98 | 1/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 2/1/2013 | | $ (3,500.00) | $ 54,103.98 | 2/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 3/1/2013 | | $ (3,500.00) | $ 50,603.98 | 3/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 4/1/2013 | | $ (3,500.00) | $ 47,103.98 | 4/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 5/1/2013 | | $ (3,500.00) | $ 43,603.98 | 5/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 6/1/2013 | | $ (3,500.00) | $ 40,103.98 | 6/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 7/1/2013 | | $ (3,500.00) | $ 36,603.98 | 7/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 8/1/2013 | | $ (3,500.00) | $ 33,103.98 | 8/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 9/1/2013 | | $ (3,500.00) | $ 29,603.98 | 9/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 10/1/2013 | | $ (3,500.00) | $ 26,103.98 | 10/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 11/1/2013 | | $ (3,500.00) | $ 22,603.98 | 11/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 12/1/2013 | | $ (3,500.00) | $ 19,103.98 | 12/1/2013 | $ 5,854.58 | $ (5,854.58) | | $ 952,608.90 | $ 9,354.58 |
| 1/1/2014 | | $ (3,500.00) | $ 15,603.98 | 1/1/2014 | $7,360.16 | $ (5,854.58) | $ (1,505.58) | $ 954,114.48 | $ 10,860.16 |
| 2/1/2014 | | $ (3,500.00) | $ 12,103.98 | 2/1/2014 | $7,360.16 | $ (5,863.83) | $ (1,496.33) | $ 952,618.15 | $ 10,860.16 |
| 3/1/2014 | | $ (3,500.00) | $ 8,603.98 | 3/1/2014 | $7,360.16 | $ (5,854.63) | $ (1,505.53) | $ 951,112.63 | $ 10,860.16 |
| 4/1/2014 | | $ (3,500.00) | $ 5,103.98 | 4/1/2014 | $7,360.16 | $ (5,845.38) | $ (1,514.78) | $ 949,597.85 | $ 10,860.16 |
| 5/1/2014 | | $ (3,500.00) | $ 1,603.98 | 5/1/2014 | $7,360.16 | $ (5,836.07) | $ (1,524.09) | $ 948,073.76 | $ 10,860.16 |
| 6/1/2014 | | $ (1,603.98) | $ - | 6/1/2014 | $7,360.16 | $ (5,826.70) | $ (1,533.46) | $ 946,540.30 | $ 8,964.14 |
| 7/1/2014 | | $ - | $ - | 7/1/2014 | $7,360.16 | $ (5,817.28) | $ (1,542.88) | $ 944,997.42 | $ 7,360.16 |
| 8/1/2014 | | $ - | $ - | 8/1/2014 | $7,360.16 | $ (5,807.80) | $ (1,552.36) | $ 943,445.05 | $ 7,360.16 |
| 9/1/2014 | | $ - | $ - | 9/1/2014 | $7,360.16 | $ (5,798.26) | $ (1,561.90) | $ 941,883.15 | $ 7,360.16 |
| 10/1/2014 | | $ - | $ - | 10/1/2014 | $7,360.16 | $ (5,788.66) | $ (1,571.50) | $ 940,311.65 | $ 7,360.16 |
| 11/1/2014 | | $ - | $ - | 11/1/2014 | $7,360.16 | $ (5,779.00) | $ (1,581.16) | $ 938,730.49 | $ 7,360.16 |
| 12/1/2014 | | $ - | $ - | 12/1/2014 | $7,360.16 | $ (5,769.28) | $ (1,590.88) | $ 937,139.61 | $ 7,360.16 |
| 1/1/2015 | | $ - | $ - | 1/1/2015 | $7,360.16 | $ (5,759.50) | $ (1,600.66) | $ 935,538.95 | $ 7,360.16 |
| 2/1/2015 | | $ - | $ - | 2/1/2015 | $7,360.16 | $ (5,749.67) | $ (1,610.49) | $ 933,928.46 | $ 7,360.16 |
| 3/1/2015 | | | | 3/1/2015 | $7,360.16 | $ (5,739.77) | $ (1,620.39) | $ 932,308.07 | $ 7,360.16 |
| 4/1/2015 | | | | 4/1/2015 | $7,360.16 | $ (5,729.81) | $ (1,630.35) | $ 930,677.72 | $ 7,360.16 |
| 5/1/2015 | | | | 5/1/2015 | $7,360.16 | $ (5,719.79) | $ (1,640.37) | $ 929,037.35 | $ 7,360.16 |
| 6/1/2015 | | | | 6/1/2015 | $7,360.16 | $ (5,709.71) | $ (1,650.45) | $ 927,386.89 | $ 7,360.16 |
| 7/1/2015 | | | | 7/1/2015 | $7,360.16 | $ (5,699.57) | $ (1,660.59) | $ 925,726.30 | $ 7,360.16 |

| Date | | | | | |
|---|---|---|---|---|---|
| 8/1/2015 | $7,360.16 | $ (5,689.36) | $ (1,670.80) | $ 924,055.50 | $ 7,360.16 |
| 9/1/2015 | $7,360.16 | $ (5,679.09) | $ (1,681.07) | $ 922,374.43 | $ 7,360.16 |
| 10/1/2015 | $7,360.16 | $ (5,668.76) | $ (1,691.40) | $ 920,683.03 | $ 7,360.16 |
| 11/1/2015 | $7,360.16 | $ (5,658.36) | $ (1,701.80) | $ 918,981.23 | $ 7,360.16 |
| 12/1/2015 | $7,360.16 | $ (5,647.91) | $ (1,712.25) | $ 917,268.98 | $ 7,360.16 |
| 1/1/2016 | $7,360.16 | $ (5,637.38) | $ (1,722.78) | $ 915,546.20 | $ 7,360.16 |
| 2/1/2016 | $7,360.16 | $ (5,626.79) | $ (1,733.37) | $ 913,812.84 | $ 7,360.16 |
| 3/1/2016 | $7,360.16 | $ (5,616.14) | $ (1,744.02) | $ 912,068.82 | $ 7,360.16 |
| 4/1/2016 | $7,360.16 | $ (5,605.42) | $ (1,754.74) | $ 910,314.08 | $ 7,360.16 |
| 5/1/2016 | $7,360.16 | $ (5,594.64) | $ (1,765.52) | $ 908,548.56 | $ 7,360.16 |
| 6/1/2016 | $7,360.16 | $ (5,583.79) | $ (1,776.37) | $ 906,772.19 | $ 7,360.16 |
| 7/1/2016 | $7,360.16 | $ (5,572.87) | $ (1,787.29) | $ 904,984.90 | $ 7,360.16 |
| 8/1/2016 | $7,360.16 | $ (5,561.89) | $ (1,798.27) | $ 903,186.62 | $ 7,360.16 |
| 9/1/2016 | $7,360.16 | $ (5,550.83) | $ (1,809.33) | $ 901,377.30 | $ 7,360.16 |
| 10/1/2016 | $7,360.16 | $ (5,539.71) | $ (1,820.45) | $ 899,556.85 | $ 7,360.16 |
| 11/1/2016 | $7,360.16 | $ (5,528.53) | $ (1,831.63) | $ 897,725.22 | $ 7,360.16 |
| 12/1/2016 | $7,360.16 | $ (5,517.27) | $ (1,842.89) | $ 895,882.33 | $ 7,360.16 |
| 1/1/2017 | $7,360.16 | $ (5,505.94) | $ (1,854.22) | $ 894,028.11 | $ 7,360.16 |
| 2/1/2017 | $7,360.16 | $ (5,494.55) | $ (1,865.61) | $ 892,162.50 | $ 7,360.16 |
| 3/1/2017 | $7,360.16 | $ (5,483.08) | $ (1,877.08) | $ 890,285.42 | $ 7,360.16 |
| 4/1/2017 | $7,360.16 | $ (5,471.55) | $ (1,888.61) | $ 888,396.81 | $ 7,360.16 |
| 5/1/2017 | $7,360.16 | $ (5,459.94) | $ (1,900.22) | $ 886,496.59 | $ 7,360.16 |
| 6/1/2017 | $7,360.16 | $ (5,448.26) | $ (1,911.90) | $ 884,584.69 | $ 7,360.16 |
| 7/1/2017 | $7,360.16 | $ (5,436.51) | $ (1,923.65) | $ 882,661.04 | $ 7,360.16 |
| 8/1/2017 | $7,360.16 | $ (5,424.69) | $ (1,935.47) | $ 880,725.57 | $ 7,360.16 |
| 9/1/2017 | $7,360.16 | $ (5,412.79) | $ (1,947.37) | $ 878,778.20 | $ 7,360.16 |
| 10/1/2017 | $7,360.16 | $ (5,400.82) | $ (1,959.34) | $ 876,818.86 | $ 7,360.16 |
| 11/1/2017 | $7,360.16 | $ (5,388.78) | $ (1,971.38) | $ 874,847.49 | $ 7,360.16 |
| 12/1/2017 | $7,360.16 | $ (5,376.67) | $ (1,983.49) | $ 872,863.99 | $ 7,360.16 |
| 1/1/2018 | $7,360.16 | $ (5,364.48) | $ (1,995.68) | $ 870,868.31 | $ 7,360.16 |
| 2/1/2018 | $7,360.16 | $ (5,352.21) | $ (2,007.95) | $ 868,860.36 | $ 7,360.16 |
| 3/1/2018 | $7,360.16 | $ (5,339.87) | $ (2,020.29) | $ 866,840.07 | $ 7,360.16 |
| 4/1/2018 | $7,360.16 | $ (5,327.45) | $ (2,032.71) | $ 864,807.37 | $ 7,360.16 |
| 5/1/2018 | $7,360.16 | $ (5,314.96) | $ (2,045.20) | $ 862,762.17 | $ 7,360.16 |
| 6/1/2018 | $7,360.16 | $ (5,302.39) | $ (2,057.77) | $ 860,704.40 | $ 7,360.16 |
| 7/1/2018 | $7,360.16 | $ (5,289.75) | $ (2,070.41) | $ 858,633.99 | $ 7,360.16 |
| 8/1/2018 | $7,360.16 | $ (5,277.02) | $ (2,083.14) | $ 856,550.85 | $ 7,360.16 |
| 9/1/2018 | $7,360.16 | $ (5,264.22) | $ (2,095.94) | $ 854,454.91 | $ 7,360.16 |
| 10/1/2018 | $7,360.16 | $ (5,251.34) | $ (2,108.82) | $ 852,346.08 | $ 7,360.16 |
| 11/1/2018 | $7,360.16 | $ (5,238.38) | $ (2,121.78) | $ 850,224.30 | $ 7,360.16 |
| 12/1/2018 | $7,360.16 | $ (5,225.34) | $ (2,134.82) | $ 848,089.48 | $ 7,360.16 |
| 1/1/2019 | $7,360.16 | $ (5,212.22) | $ (2,147.94) | $ 845,941.53 | $ 7,360.16 |
| 2/1/2019 | $7,360.16 | $ (5,199.02) | $ (2,161.14) | $ 843,780.39 | $ 7,360.16 |
| 3/1/2019 | $7,360.16 | $ (5,185.73) | $ (2,174.43) | $ 841,605.96 | $ 7,360.16 |
| 4/1/2019 | $7,360.16 | $ (5,172.37) | $ (2,187.79) | $ 839,418.17 | $ 7,360.16 |
| 5/1/2019 | $7,360.16 | $ (5,158.92) | $ (2,201.24) | $ 837,216.94 | $ 7,360.16 |
| 6/1/2019 | $7,360.16 | $ (5,145.40) | $ (2,214.76) | $ 835,002.17 | $ 7,360.16 |
| 7/1/2019 | $7,360.16 | $ (5,131.78) | $ (2,228.38) | $ 832,773.80 | $ 7,360.16 |
| 8/1/2019 | $7,360.16 | $ (5,118.09) | $ (2,242.07) | $ 830,531.73 | $ 7,360.16 |
| 9/1/2019 | $7,360.16 | $ (5,104.31) | $ (2,255.85) | $ 828,275.88 | $ 7,360.16 |
| 10/1/2019 | $7,360.16 | $ (5,090.45) | $ (2,269.71) | $ 826,006.16 | $ 7,360.16 |
| 11/1/2019 | $7,360.16 | $ (5,076.50) | $ (2,283.66) | $ 823,722.50 | $ 7,360.16 |
| 12/1/2019 | $7,360.16 | $ (5,062.46) | $ (2,297.70) | $ 821,424.80 | $ 7,360.16 |
| 1/1/2020 | $7,360.16 | $ (5,048.34) | $ (2,311.82) | $ 819,112.98 | $ 7,360.16 |
| 2/1/2020 | $7,360.16 | $ (5,034.13) | $ (2,326.03) | $ 816,786.95 | $ 7,360.16 |
| 3/1/2020 | $7,360.16 | $ (5,019.84) | $ (2,340.32) | $ 814,446.63 | $ 7,360.16 |
| 4/1/2020 | $7,360.16 | $ (5,005.45) | $ (2,354.71) | $ 812,091.92 | $ 7,360.16 |
| 5/1/2020 | $7,360.16 | $ (4,990.98) | $ (2,369.18) | $ 809,722.74 | $ 7,360.16 |
| 6/1/2020 | $7,360.16 | $ (4,976.42) | $ (2,383.74) | $ 807,339.00 | $ 7,360.16 |
| 7/1/2020 | $7,360.16 | $ (4,961.77) | $ (2,398.39) | $ 804,940.61 | $ 7,360.16 |
| 8/1/2020 | $7,360.16 | $ (4,947.03) | $ (2,413.13) | $ 802,527.48 | $ 7,360.16 |
| 9/1/2020 | $7,360.16 | $ (4,932.20) | $ (2,427.96) | $ 800,099.52 | $ 7,360.16 |
| 10/1/2020 | $7,360.16 | $ (4,917.28) | $ (2,442.88) | $ 797,656.64 | $ 7,360.16 |
| 11/1/2020 | $7,360.16 | $ (4,902.26) | $ (2,457.90) | $ 795,198.75 | $ 7,360.16 |
| 12/1/2020 | $7,360.16 | $ (4,887.16) | $ (2,473.00) | $ 792,725.75 | $ 7,360.16 |
| 1/1/2021 | $7,360.16 | $ (4,871.96) | $ (2,488.20) | $ 790,237.55 | $ 7,360.16 |
| 2/1/2021 | $7,360.16 | $ (4,856.67) | $ (2,503.49) | $ 787,734.06 | $ 7,360.16 |
| 3/1/2021 | $7,360.16 | $ (4,841.28) | $ (2,518.88) | $ 785,215.18 | $ 7,360.16 |
| 4/1/2021 | $7,360.16 | $ (4,825.80) | $ (2,534.36) | $ 782,680.82 | $ 7,360.16 |
| 5/1/2021 | $7,360.16 | $ (4,810.23) | $ (2,549.93) | $ 780,130.89 | $ 7,360.16 |
| 6/1/2021 | $7,360.16 | $ (4,794.55) | $ (2,565.61) | $ 777,565.28 | $ 7,360.16 |
| 7/1/2021 | $7,360.16 | $ (4,778.79) | $ (2,581.37) | $ 774,983.91 | $ 7,360.16 |
| 8/1/2021 | $7,360.16 | $ (4,762.92) | $ (2,597.24) | $ 772,386.67 | $ 7,360.16 |
| 9/1/2021 | $7,360.16 | $ (4,746.96) | $ (2,613.20) | $ 769,773.47 | $ 7,360.16 |
| 10/1/2021 | $7,360.16 | $ (4,730.90) | $ (2,629.26) | $ 767,144.21 | $ 7,360.16 |
| 11/1/2021 | $7,360.16 | $ (4,714.74) | $ (2,645.42) | $ 764,498.79 | $ 7,360.16 |
| 12/1/2021 | $7,360.16 | $ (4,698.48) | $ (2,661.68) | $ 761,837.11 | $ 7,360.16 |
| 1/1/2022 | $7,360.16 | $ (4,682.12) | $ (2,678.04) | $ 759,159.07 | $ 7,360.16 |

55

| Date | Payment | | | Balance | | Payment |
|---|---|---|---|---|---|---|
| 2/1/2022 | $7,360.16 | $ (4,665.67) | $ (2,694.49) | $ 756,464.58 | $ | 7,360.16 |
| 3/1/2022 | $7,360.16 | $ (4,649.11) | $ (2,711.05) | $ 753,753.52 | $ | 7,360.16 |
| 4/1/2022 | $7,360.16 | $ (4,632.44) | $ (2,727.72) | $ 751,025.81 | $ | 7,360.16 |
| 5/1/2022 | $7,360.16 | $ (4,615.68) | $ (2,744.48) | $ 748,281.33 | $ | 7,360.16 |
| 6/1/2022 | $7,360.16 | $ (4,598.81) | $ (2,761.35) | $ 745,519.98 | $ | 7,360.16 |
| 7/1/2022 | $7,360.16 | $ (4,581.84) | $ (2,778.32) | $ 742,741.66 | $ | 7,360.16 |
| 8/1/2022 | $7,360.16 | $ (4,564.77) | $ (2,795.39) | $ 739,946.27 | $ | 7,360.16 |
| 9/1/2022 | $7,360.16 | $ (4,547.59) | $ (2,812.57) | $ 737,133.69 | $ | 7,360.16 |
| 10/1/2022 | $7,360.16 | $ (4,530.30) | $ (2,829.86) | $ 734,303.83 | $ | 7,360.16 |
| 11/1/2022 | $7,360.16 | $ (4,512.91) | $ (2,847.25) | $ 731,456.58 | $ | 7,360.16 |
| 12/1/2022 | $7,360.16 | $ (4,495.41) | $ (2,864.75) | $ 728,591.83 | $ | 7,360.16 |
| 1/1/2023 | $7,360.16 | $ (4,477.80) | $ (2,882.36) | $ 725,709.48 | $ | 7,360.16 |
| 2/1/2023 | $7,360.16 | $ (4,460.09) | $ (2,900.07) | $ 722,809.41 | $ | 7,360.16 |
| 3/1/2023 | $7,360.16 | $ (4,442.27) | $ (2,917.89) | $ 719,891.51 | $ | 7,360.16 |
| 4/1/2023 | $7,360.16 | $ (4,424.33) | $ (2,935.83) | $ 716,955.69 | $ | 7,360.16 |
| 5/1/2023 | $7,360.16 | $ (4,406.29) | $ (2,953.87) | $ 714,001.82 | $ | 7,360.16 |
| 6/1/2023 | $7,360.16 | $ (4,388.14) | $ (2,972.02) | $ 711,029.79 | $ | 7,360.16 |
| 7/1/2023 | $7,360.16 | $ (4,369.87) | $ (2,990.29) | $ 708,039.50 | $ | 7,360.16 |
| 8/1/2023 | $7,360.16 | $ (4,351.49) | $ (3,008.67) | $ 705,030.84 | $ | 7,360.16 |
| 9/1/2023 | $7,360.16 | $ (4,333.00) | $ (3,027.16) | $ 702,003.68 | $ | 7,360.16 |
| 10/1/2023 | $7,360.16 | $ (4,314.40) | $ (3,045.76) | $ 698,957.92 | $ | 7,360.16 |
| 11/1/2023 | $7,360.16 | $ (4,295.68) | $ (3,064.48) | $ 695,893.43 | $ | 7,360.16 |
| 12/1/2023 | $7,360.16 | $ (4,276.85) | $ (3,083.31) | $ 692,810.12 | $ | 7,360.16 |
| 1/1/2024 | $7,360.16 | $ (4,257.90) | $ (3,102.26) | $ 689,707.86 | $ | 7,360.16 |
| 2/1/2024 | $7,360.16 | $ (4,238.83) | $ (3,121.33) | $ 686,586.52 | $ | 7,360.16 |
| 3/1/2024 | $7,360.16 | $ (4,219.65) | $ (3,140.51) | $ 683,446.01 | $ | 7,360.16 |
| 4/1/2024 | $7,360.16 | $ (4,200.35) | $ (3,159.81) | $ 680,286.20 | $ | 7,360.16 |
| 5/1/2024 | $7,360.16 | $ (4,180.93) | $ (3,179.23) | $ 677,106.96 | $ | 7,360.16 |
| 6/1/2024 | $7,360.16 | $ (4,161.39) | $ (3,198.77) | $ 673,908.19 | $ | 7,360.16 |
| 7/1/2024 | $7,360.16 | $ (4,141.73) | $ (3,218.43) | $ 670,689.76 | $ | 7,360.16 |
| 8/1/2024 | $7,360.16 | $ (4,121.95) | $ (3,238.21) | $ 667,451.54 | $ | 7,360.16 |
| 9/1/2024 | $7,360.16 | $ (4,102.05) | $ (3,258.11) | $ 664,193.43 | $ | 7,360.16 |
| 10/1/2024 | $7,360.16 | $ (4,082.02) | $ (3,278.14) | $ 660,915.29 | $ | 7,360.16 |
| 11/1/2024 | $7,360.16 | $ (4,061.88) | $ (3,298.28) | $ 657,617.01 | $ | 7,360.16 |
| 12/1/2024 | $7,360.16 | $ (4,041.60) | $ (3,318.56) | $ 654,298.45 | $ | 7,360.16 |
| 1/1/2025 | $7,360.16 | $ (4,021.21) | $ (3,338.95) | $ 650,959.50 | $ | 7,360.16 |
| 2/1/2025 | $7,360.16 | $ (4,000.69) | $ (3,359.47) | $ 647,600.03 | $ | 7,360.16 |
| 3/1/2025 | $7,360.16 | $ (3,980.04) | $ (3,380.12) | $ 644,219.91 | $ | 7,360.16 |
| 4/1/2025 | $7,360.16 | $ (3,959.27) | $ (3,400.89) | $ 640,819.02 | $ | 7,360.16 |
| 5/1/2025 | $7,360.16 | $ (3,938.37) | $ (3,421.79) | $ 637,397.23 | $ | 7,360.16 |
| 6/1/2025 | $7,360.16 | $ (3,917.34) | $ (3,442.82) | $ 633,954.40 | $ | 7,360.16 |
| 7/1/2025 | $7,360.16 | $ (3,896.18) | $ (3,463.98) | $ 630,490.42 | $ | 7,360.16 |
| 8/1/2025 | $7,360.16 | $ (3,874.89) | $ (3,485.27) | $ 627,005.15 | $ | 7,360.16 |
| 9/1/2025 | $7,360.16 | $ (3,853.47) | $ (3,506.69) | $ 623,498.46 | $ | 7,360.16 |
| 10/1/2025 | $7,360.16 | $ (3,831.92) | $ (3,528.24) | $ 619,970.22 | $ | 7,360.16 |
| 11/1/2025 | $7,360.16 | $ (3,810.23) | $ (3,549.93) | $ 616,420.29 | $ | 7,360.16 |
| 12/1/2025 | $7,360.16 | $ (3,788.42) | $ (3,571.74) | $ 612,848.55 | $ | 7,360.16 |
| 1/1/2026 | $7,360.16 | $ (3,766.47) | $ (3,593.69) | $ 609,254.85 | $ | 7,360.16 |
| 2/1/2026 | $7,360.16 | $ (3,744.38) | $ (3,615.78) | $ 605,639.07 | $ | 7,360.16 |
| 3/1/2026 | $7,360.16 | $ (3,722.16) | $ (3,638.00) | $ 602,001.07 | $ | 7,360.16 |
| 4/1/2026 | $7,360.16 | $ (3,699.80) | $ (3,660.36) | $ 598,340.71 | $ | 7,360.16 |
| 5/1/2026 | $7,360.16 | $ (3,677.30) | $ (3,682.86) | $ 594,657.85 | $ | 7,360.16 |
| 6/1/2026 | $7,360.16 | $ (3,654.67) | $ (3,705.49) | $ 590,952.36 | $ | 7,360.16 |
| 7/1/2026 | $7,360.16 | $ (3,631.89) | $ (3,728.27) | $ 587,224.09 | $ | 7,360.16 |
| 8/1/2026 | $7,360.16 | $ (3,608.98) | $ (3,751.18) | $ 583,472.91 | $ | 7,360.16 |
| 9/1/2026 | $7,360.16 | $ (3,585.93) | $ (3,774.23) | $ 579,698.68 | $ | 7,360.16 |
| 10/1/2026 | $7,360.16 | $ (3,562.73) | $ (3,797.43) | $ 575,901.25 | $ | 7,360.16 |
| 11/1/2026 | $7,360.16 | $ (3,539.39) | $ (3,820.77) | $ 572,080.48 | $ | 7,360.16 |
| 12/1/2026 | $7,360.16 | $ (3,515.91) | $ (3,844.25) | $ 568,236.24 | $ | 7,360.16 |
| 1/1/2027 | $7,360.16 | $ (3,492.29) | $ (3,867.87) | $ 564,368.36 | $ | 7,360.16 |
| 2/1/2027 | $7,360.16 | $ (3,468.51) | $ (3,891.65) | $ 560,476.71 | $ | 7,360.16 |
| 3/1/2027 | $7,360.16 | $ (3,444.60) | $ (3,915.56) | $ 556,561.15 | $ | 7,360.16 |
| 4/1/2027 | $7,360.16 | $ (3,420.53) | $ (3,939.63) | $ 552,621.52 | $ | 7,360.16 |
| 5/1/2027 | $7,360.16 | $ (3,396.32) | $ (3,963.84) | $ 548,657.68 | $ | 7,360.16 |
| 6/1/2027 | $7,360.16 | $ (3,371.96) | $ (3,988.20) | $ 544,669.48 | $ | 7,360.16 |
| 7/1/2027 | $7,360.16 | $ (3,347.45) | $ (4,012.71) | $ 540,656.77 | $ | 7,360.16 |
| 8/1/2027 | $7,360.16 | $ (3,322.79) | $ (4,037.37) | $ 536,619.40 | $ | 7,360.16 |
| 9/1/2027 | $7,360.16 | $ (3,297.97) | $ (4,062.19) | $ 532,557.21 | $ | 7,360.16 |
| 10/1/2027 | $7,360.16 | $ (3,273.01) | $ (4,087.15) | $ 528,470.06 | $ | 7,360.16 |
| 11/1/2027 | $7,360.16 | $ (3,247.89) | $ (4,112.27) | $ 524,357.79 | $ | 7,360.16 |
| 12/1/2027 | $7,360.16 | $ (3,222.62) | $ (4,137.54) | $ 520,220.24 | $ | 7,360.16 |
| 1/1/2028 | $7,360.16 | $ (3,197.19) | $ (4,162.97) | $ 516,057.27 | $ | 7,360.16 |
| 2/1/2028 | $7,360.16 | $ (3,171.60) | $ (4,188.56) | $ 511,868.71 | $ | 7,360.16 |
| 3/1/2028 | $7,360.16 | $ (3,145.86) | $ (4,214.30) | $ 507,654.41 | $ | 7,360.16 |
| 4/1/2028 | $7,360.16 | $ (3,119.96) | $ (4,240.20) | $ 503,414.21 | $ | 7,360.16 |
| 5/1/2028 | $7,360.16 | $ (3,093.90) | $ (4,266.26) | $ 499,147.95 | $ | 7,360.16 |
| 6/1/2028 | $7,360.16 | $ (3,067.68) | $ (4,292.48) | $ 494,855.47 | $ | 7,360.16 |
| 7/1/2028 | $7,360.16 | $ (3,041.30) | $ (4,318.86) | $ 490,536.61 | $ | 7,360.16 |

| | | | | | |
|---|---|---|---|---|---|
| 8/1/2028 | $7,360.16 | $ (3,014.76) | $ (4,345.40) | $ 486,191.20 | $ 7,360.16 |
| 9/1/2028 | $7,360.16 | $ (2,988.05) | $ (4,372.11) | $ 481,819.10 | $ 7,360.16 |
| 10/1/2028 | $7,360.16 | $ (2,961.18) | $ (4,398.98) | $ 477,420.11 | $ 7,360.16 |
| 11/1/2028 | $7,360.16 | $ (2,934.14) | $ (4,426.02) | $ 472,994.10 | $ 7,360.16 |
| 12/1/2028 | $7,360.16 | $ (2,906.94) | $ (4,453.22) | $ 468,540.88 | $ 7,360.16 |
| 1/1/2029 | $7,360.16 | $ (2,879.57) | $ (4,480.59) | $ 464,060.30 | $ 7,360.16 |
| 2/1/2029 | $7,360.16 | $ (2,852.04) | $ (4,508.12) | $ 459,552.17 | $ 7,360.16 |
| 3/1/2029 | $7,360.16 | $ (2,824.33) | $ (4,535.83) | $ 455,016.34 | $ 7,360.16 |
| 4/1/2029 | $7,360.16 | $ (2,796.45) | $ (4,563.71) | $ 450,452.64 | $ 7,360.16 |
| 5/1/2029 | $7,360.16 | $ (2,768.41) | $ (4,591.75) | $ 445,860.89 | $ 7,360.16 |
| 6/1/2029 | $7,360.16 | $ (2,740.19) | $ (4,619.97) | $ 441,240.91 | $ 7,360.16 |
| 7/1/2029 | $7,360.16 | $ (2,711.79) | $ (4,648.37) | $ 436,592.55 | $ 7,360.16 |
| 8/1/2029 | $7,360.16 | $ (2,683.23) | $ (4,676.93) | $ 431,915.61 | $ 7,360.16 |
| 9/1/2029 | $7,360.16 | $ (2,654.48) | $ (4,705.68) | $ 427,209.93 | $ 7,360.16 |
| 10/1/2029 | $7,360.16 | $ (2,625.56) | $ (4,734.60) | $ 422,475.33 | $ 7,360.16 |
| 11/1/2029 | $7,360.16 | $ (2,596.46) | $ (4,763.70) | $ 417,711.64 | $ 7,360.16 |
| 12/1/2029 | $7,360.16 | $ (2,567.19) | $ (4,792.97) | $ 412,918.66 | $ 7,360.16 |
| 1/1/2030 | $7,360.16 | $ (2,537.73) | $ (4,822.43) | $ 408,096.23 | $ 7,360.16 |
| 2/1/2030 | $7,360.16 | $ (2,508.09) | $ (4,852.07) | $ 403,244.16 | $ 7,360.16 |
| 3/1/2030 | $7,360.16 | $ (2,478.27) | $ (4,881.89) | $ 398,362.27 | $ 7,360.16 |
| 4/1/2030 | $7,360.16 | $ (2,448.27) | $ (4,911.89) | $ 393,450.38 | $ 7,360.16 |
| 5/1/2030 | $7,360.16 | $ (2,418.08) | $ (4,942.08) | $ 388,508.30 | $ 7,360.16 |
| 6/1/2030 | $7,360.16 | $ (2,387.71) | $ (4,972.45) | $ 383,535.85 | $ 7,360.16 |
| 7/1/2030 | $7,360.16 | $ (2,357.15) | $ (5,003.01) | $ 378,532.84 | $ 7,360.16 |
| 8/1/2030 | $7,360.16 | $ (2,326.40) | $ (5,033.76) | $ 373,499.08 | $ 7,360.16 |
| 9/1/2030 | $7,360.16 | $ (2,295.46) | $ (5,064.70) | $ 368,434.38 | $ 7,360.16 |
| 10/1/2030 | $7,360.16 | $ (2,264.34) | $ (5,095.82) | $ 363,338.56 | $ 7,360.16 |
| 11/1/2030 | $7,360.16 | $ (2,233.02) | $ (5,127.14) | $ 358,211.42 | $ 7,360.16 |
| 12/1/2030 | $7,360.16 | $ (2,201.51) | $ (5,158.65) | $ 353,052.76 | $ 7,360.16 |
| 1/1/2031 | $7,360.16 | $ (2,169.80) | $ (5,190.36) | $ 347,862.41 | $ 7,360.16 |
| 2/1/2031 | $7,360.16 | $ (2,137.90) | $ (5,222.26) | $ 342,640.15 | $ 7,360.16 |
| 3/1/2031 | $7,360.16 | $ (2,105.81) | $ (5,254.35) | $ 337,385.80 | $ 7,360.16 |
| 4/1/2031 | $7,360.16 | $ (2,073.52) | $ (5,286.64) | $ 332,099.16 | $ 7,360.16 |
| 5/1/2031 | $7,360.16 | $ (2,041.03) | $ (5,319.13) | $ 326,780.02 | $ 7,360.16 |
| 6/1/2031 | $7,360.16 | $ (2,008.34) | $ (5,351.82) | $ 321,428.20 | $ 7,360.16 |
| 7/1/2031 | $7,360.16 | $ (1,975.44) | $ (5,384.72) | $ 316,043.48 | $ 7,360.16 |
| 8/1/2031 | $7,360.16 | $ (1,942.35) | $ (5,417.81) | $ 310,625.67 | $ 7,360.16 |

# EXHIBIT 3

# Central District Of California
# Claims Register

## 1:10-bk-20599-GM Valley MHP, LLC.

**Judge:** Geraldine Mund          **Chapter:** 11

**Office:** San Fernando Valley    **Last Date to file claims:**

**Trustee:**                       **Last Date to file (Govt):**

| Creditor: (27613800) FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A340 PO BOX 2952 SACRAMENTO CA 95812-2952 | Claim No: 1 *Original Filed Date*: 10/04/2010 *Original Entered Date*: 10/06/2010 | Status: *Filed by:* CR *Entered by:* Briggs, Victoria *Modified:* |
|---|---|---|

| Unsecured claimed: $387.48 |
|---|
| Priority claimed: $1720.68 |
| **Total claimed: $2108.16** |

| History: |
|---|
| Details 🔍 1-1  10/04/2010 Claim #1 filed by FRANCHISE TAX BOARD, total amount claimed: $2108.16 (Briggs, Victoria ) |
| Description: |
| Remarks: |

| Creditor: (27761733) Department of Water and Power City of Los Angeles Attn Bankruptcy PO Box 51111 Los Angeles CA 90051 5700 | Claim No: 2 *Original Filed Date*: 10/25/2010 *Original Entered Date*: 10/25/2010 | Status: *Filed by:* CR *Entered by:* Bever, Sabine *Modified:* |
|---|---|---|

| Unsecured claimed: $20687.87 |
|---|
| **Total claimed: $20687.87** |

| History: |
|---|
| Details 🔍 2-1  10/25/2010 Claim #2 filed by Department of Water and Power, total amount claimed: $20687.87 (Bever, Sabine ) |
| Description: |
| Remarks: |

| Creditor: (27265271) | Claim No: 3 | Status: |
|---|---|---|

| Remedy Investors LLC<br>2633 Lincoln Blvd #517<br>Santa Monica, CA 90405 | *Original Filed Date*: 11/05/2010<br>*Original Entered Date*: 11/05/2010 | *Filed by:* CR<br>*Entered by:* Marsella, Eve<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $0.00 |
| Secured   claimed: $1043308.90 |
| **Total   claimed: $1043308.90** |

*History:*

Details  3-1  11/05/2010 Claim #3 filed by Remedy Investors LLC, total amount claimed: $1043308.9 (Marsella, Eve )

*Description:* (3-1) 7936 Woodley Ave. Los Angeles, CA 91406

*Remarks:*

| *Creditor:*   (27962390)<br>Dawn Couch<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 4**<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $300000.00 |
| **Total   claimed: $300000.00** |

*History:*

Details  4-1  11/15/2010 Claim #4 filed by Dawn Couch, total amount claimed: $300000 (Bever, Sabine )

54  01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

*Description:*

*Remarks:*

| *Creditor:*   (27962460)<br>David Riggins<br>Law Office of Robert Starr | **Claim No: 5**<br>*Original Filed Date*: 11/15/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine |
|---|---|---|

| 23277 Ventura Blvd<br>Woodland Hills, CA 91364 | *Original Entered<br>Date*: 11/19/2010 | *Modified:* |
|---|---|---|

| |
|---|
| Unsecured claimed:  $300000.00 |
| **Total        claimed: $300000.00** |

*History:*

Details 🔲 **5-1**  11/15/2010 Claim #5 filed by David Riggins, total amount claimed: $300000 (Bever, Sabine )

**54**  01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

*Description:*

*Remarks:*

| *Creditor:*        (27962475)<br>William Bill Bela Bosesta<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 6**<br>*Original Filed<br>Date*: 11/15/2010<br>*Original Entered<br>Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| |
|---|
| Unsecured claimed:  $300000.00 |
| **Total        claimed: $300000.00** |

*History:*

Details 🔲 **6-1**  11/15/2010 Claim #6 filed by William Bill Bela Bosesta, total amount claimed: $300000 (Bever, Sabine )

**54**  01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| | |
|---|---|
| *Description:* | |
| *Remarks:* | |

| Creditor:          (27962481)<br>Eric Arias<br>Guardian Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills, CA 91364 | **Claim No: 7**<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed:  $300000.00

**Total          claimed: $300000.00**

*History:*

Details ☛ 7-  11/15/2010 Claim #7 filed by Eric Arias, total amount claimed: $300000 (Bever,
          1                    Sabine )

          54  01/31/2011 Motion RE: Objection to Claim Number
                    4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant
                    Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by
                    guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez,
                    William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen
                    Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo
                    Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela,
                    Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian
                    Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith
                    Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of
                    Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| | |
|---|---|
| *Description:* | |
| *Remarks:* | |

| Creditor:          (27962570)<br>Luis Arias<br>Guardian Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 8**<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

Unsecured claimed:  $300000.00

**Total          claimed: $300000.00**

*History:*

Details ☛ 8-  11/15/2010 Claim #8 filed by Luis Arias, total amount claimed: $300000 (Bever,
          1                    Sabine )

          54  01/31/2011 Motion RE: Objection to Claim Number
                    4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant
                    Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by
                    guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez,*

*William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| *Description:* |
| *Remarks:* |

| Creditor:          (27962591)<br>William Strong<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 9**<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300000.00 |
| **Total      claimed: $300000.00** |

*History:*

Details 🔲 9-11  11/15/2010 Claim #9 filed by William Strong, total amount claimed: $300000 (Bever, Sabine )

54  01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| *Description:* |
| *Remarks:* |

| Creditor:          (27962606)<br>Lucien Bauer<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 10**<br>*Original Filed Date*: 11/15/2010<br>*Original Entered Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300000.00 |
| **Total      claimed: $300000.00** |

*History:*

| Details 🔵 | 10-1 | 11/15/2010 | Claim #10 filed by Lucien Bauer, total amount claimed: $300000 (Bever, Sabine ) |
|---|---|---|---|
| | 54 | 01/31/2011 | Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

*Description:*

*Remarks:*

---

| *Creditor:* (27962630)<br>Maria Carrion<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 11**<br>*Original Filed Date:* 11/15/2010<br>*Original Entered Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $300000.00 | |
|---|---|
| **Total** | **claimed: $300000.00** |

*History:*

| Details 🔵 | 11-1 | 11/15/2010 | Claim #11 filed by Maria Carrion, total amount claimed: $300000 (Bever, Sabine ) |
|---|---|---|---|
| | 54 | 01/31/2011 | Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

*Description:*

*Remarks:*

| Creditor:        (27962630)<br>Maria Carrion<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 12**<br>*Original Filed*<br>*Date*: 11/15/2010<br>*Original Entered*<br>*Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300000.00 |
|---|
| **Total        claimed: $300000.00** |

*History:*

Details ○ 12-1   11/15/2010  Claim #12 filed by Maria Carrion, total amount claimed: $300000 (Bever, Sabine )

54   01/31/2011  Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

*Description:*

*Remarks:*

| Creditor:        (27962682)<br>Esperanza Cortez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 13**<br>*Original Filed*<br>*Date*: 11/15/2010<br>*Original Entered*<br>*Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300000.00 |
|---|
| **Total        claimed: $300000.00** |

*History:*

Details ○ 13-1   11/15/2010  Claim #13 filed by Esperanza Cortez, total amount claimed: $300000 (Bever, Sabine )

54   01/31/2011  Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge*

Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| Description: |
| --- |

| Remarks: |
| --- |

| Creditor:        (27962685)<br>Mario Carrion<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | Claim No: 14<br>Original Filed Date: 11/15/2010<br>Original Entered Date: 11/19/2010 | Status:<br>Filed by: CR<br>Entered by: Bever, Sabine<br>Modified: |
| --- | --- | --- |

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

History:

| Details | 14-1 | 11/15/2010 Claim #14 filed by Mario Carrion, total amount claimed: $300000 (Bever, Sabine ) |
| --- | --- | --- |
| | 54 | 01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

| Description: |
| --- |

| Remarks: |
| --- |

| Creditor:        (27962690)<br>Rodolfo Ramirez<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | Claim No: 15<br>Original Filed Date: 11/15/2010<br>Original Entered Date: 11/19/2010 | Status:<br>Filed by: CR<br>Entered by: Bever, Sabine<br>Modified: |
| --- | --- | --- |

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

*History:*

Details ⬥ 15-1    11/15/2010 Claim #15 filed by Rodolfo Ramirez, total amount claimed: $300000 (Bever, Sabine )

54    01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

*Description:*

*Remarks:*

| *Creditor:*    (27962692) Guadalupe Machado Law Office of Robert Starr 23277 Ventura Blvd Woodland Hills CA 91364 | **Claim No: 16** *Original Filed Date*: 11/15/2010 *Original Entered Date*: 11/19/2010 | *Status:* *Filed by:* CR *Entered by:* Bever, Sabine *Modified:* |
|---|---|---|

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

*History:*

Details ⬥ 16-1    11/15/2010 Claim #16 filed by Guadalupe Machado, total amount claimed: $300000 (Bever, Sabine )

54    01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

*Description:*

*Remarks:*

| *Creditor:*      (27963710)<br>Sandi Jones<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 17**<br>*Original Filed<br>Date:* 11/15/2010<br>*Original Entered<br>Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300000.00 |
|---|
| **Total        claimed: $300000.00** |

*History:*

| Details ⊙ | 17-<br>1 | 11/15/2010 Claim #17 filed by Sandi Jones, total amount claimed: $300000 (Bever, Sabine ) |
|---|---|---|
| | 54 | 01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

| *Description:* |
|---|
| *Remarks:* |

| *Creditor:*      (27963750)<br>Jorge Aguilar<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 18**<br>*Original Filed<br>Date:* 11/19/2010<br>*Original Entered<br>Date:* 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Bever, Sabine<br>*Modified:* |
|---|---|---|

| Unsecured claimed:  $300000.00 |
|---|
| **Total        claimed: $300000.00** |

*History:*

| Details ⊙ | 18-<br>1 | 11/19/2010 Claim #18 filed by Jorge Aguilar, total amount claimed: $300000 (Bever, Sabine ) |
|---|---|---|
| | 54 | 01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge* |

Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| Description: |
|---|
| Remarks: |

| Creditor:        (27963761) | Claim No: 19 | Status: |
|---|---|---|
| Bertha Fabela | Original Filed | Filed by: CR |
| C/O Law office of Robert Starr | Date: 11/15/2010 | Entered by: Cardoza, Helen |
| 23277 Ventura Blvd | Original Entered | Modified: |
| Woodland Hills CA 91364 | Date: 11/19/2010 | |

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

History:

Details 🔲 19-  11/15/2010 Claim #19 filed by Bertha Fabela, total amount claimed: $300000 (Cardoza,
        1                    Helen )

        54   01/31/2011 Motion RE: Objection to Claim Number
                         4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by
                         Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta,
                         Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian
                         Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka
                         Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario
                         Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge
                         Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin
                         Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria
                         Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with
                         Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau,
                         Lewis)

| Description: |
|---|
| Remarks: |

| Creditor:        (27963762) | Claim No: 20 | Status: |
|---|---|---|
| Elsa Arias | Original Filed | Filed by: CR |
| Guardian Esperanza Cortez | Date: 11/15/2010 | Entered by: Bever, Sabine |
| Law Office of Robert Starr | Original Entered | Modified: |
| 23277 Ventura Blvd | Date: 11/19/2010 | |
| Woodland Hills CA 91364 | | |

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

*History:*

| | | |
|---|---|---|
| Details ⬤ 20-1 | 11/15/2010 | Claim #20 filed by Elsa Arias, total amount claimed: $300000 (Bever, Sabine ) |
| 54 | 01/31/2011 | Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

*Description:*

*Remarks:*

---

| *Creditor:*     (27963773)<br>Osmin Ramirez, by and through his<br>guardian ad litem, Bertha Fabela<br>C/O Law offices of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 21**<br>*Original Filed*<br>*Date*: 11/15/2010<br>*Original Entered*<br>*Date*: 11/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Cardoza, Helen<br>*Modified:* |
|---|---|---|

Unsecured claimed:  $300000.00

**Total       claimed: $300000.00**

*History:*

| | | |
|---|---|---|
| Details ⬤ 21-1 | 11/15/2010 | Claim #21 filed by Osmin Ramirez, by and through his, total amount claimed: $300000 (Cardoza, Helen ) |
| 54 | 01/31/2011 | Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

*Description:*

*Remarks:*

| Creditor:    (27963775) | Claim No: 22 | Status: |
|---|---|---|
| Michael Capps | Original Filed | Filed by: CR |
| Law Office of Robert Starr | Date: 11/15/2010 | Entered by: Bever, Sabine |
| 23277 Ventura Blvd | Original Entered | Modified: |
| Woodland Hills CA 91364 | Date: 11/19/2010 | |

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

*History:*

Details 🔒 22- 11/15/2010 Claim #22 filed by Michael Capps, total amount claimed: $300000 (Bever,
         1              Sabine )

54 01/31/2011 Motion RE: Objection to Claim Number
4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by
Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta,
Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian
Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka
Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario
Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge
Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin
Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria
Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with
Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau,
Lewis)

*Description:*

*Remarks:*

| Creditor:    (27963812) | Claim No: 23 | Status: |
|---|---|---|
| Rudy Ramirez, by and through his | Original Filed | Filed by: CR |
| guardian ad litem, Berth Fabela | Date: 11/15/2010 | Entered by: Cardoza, Helen |
| C/O Law offices of Robert Starr | Original Entered | Modified: |
| 23277 Ventura Blvd | Date: 11/19/2010 | |
| Woodland Hills Ca 91364 | | |

Unsecured claimed:  $300000.00

**Total        claimed: $300000.00**

*History:*

Details 🔒 23- 11/15/2010 Claim #23 filed by Rudy Ramirez, by and through his, total amount
         1              claimed: $300000 (Cardoza, Helen )

54 01/31/2011 Motion RE: Objection to Claim Number
4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by
Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta,
Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian
Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka
Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario
Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge*

Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| | |
|---|---|
| Description: | |
| Remarks: | |

| Creditor:       (27968284)<br>Maria Guzman<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills Ca 91364 | **Claim No: 24**<br>Original Filed<br>Date: 11/15/2010<br>Original Entered<br>Date: 11/19/2010 | Status:<br>Filed by: CR<br>Entered by: Briggs, Victoria<br>Modified: |
|---|---|---|

Unsecured claimed:  $200000.00

**Total        claimed: $200000.00**

History:

Details ⊡ 24-1  11/15/2010 Claim #24 filed by Maria Guzman, total amount claimed: $200000 (Briggs, Victoria )

54  01/31/2011 Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis)

| | |
|---|---|
| Description: | |
| Remarks: | |

| Creditor:       (27968338)<br>Keith Meinke<br>Law Office of Robert Starr<br>23277 Ventura Blvd<br>Woodland Hills CA 91364 | **Claim No: 25**<br>Original Filed<br>Date: 11/15/2010<br>Original Entered<br>Date: 11/19/2010 | Status:<br>Filed by: CR<br>Entered by: Briggs, Victoria<br>Modified: |
|---|---|---|

Unsecured claimed:  $200000.00

**Total        claimed: $200000.00**

*History:*

| | | | |
|---|---|---|---|
| Details | 25-1 | 11/15/2010 | Claim #25 filed by Keith Meinke, total amount claimed: $200000 (Briggs, Victoria ) |
| | 54 | 01/31/2011 | Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

*Description:*

*Remarks:*

---

| | | | |
|---|---|---|---|
| *Creditor:*      (27970943) Dilan Ramirez Law Office of Rober Starr 23277 Ventura Blvd Woodland Hills, CA 91364 | **Claim No: 26** *Original Filed Date*: 11/15/2010 *Original Entered Date*: 11/19/2010 | *Status:* *Filed by:* CR *Entered by:* Garcia, Patty *Modified:* | |

| | |
|---|---|
| Unsecured claimed:  $300.00 | |
| **Total**      **claimed: $300.00** | |

*History:*

| | | | |
|---|---|---|---|
| Details | 26-1 | 11/15/2010 | Claim #26 filed by Dilan Ramirez, total amount claimed: $300 (Garcia, Patty ) |
| | 54 | 01/31/2011 | Motion RE: Objection to Claim Number 4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26 by Claimant Dawn Couch et al.. *David Riggins, William Bill Bela Bosesta, Eric Arias, by guardian Esperanza Cortez, Luis Arias, by guardian Esperanza Cortez, William Strong, Lucian Bauer, Maria Carrion, aka Maria del Carmen Hernandez, Maxine Gacad, Esperanza Cortez, Mario Carrion, Rodolfo Ramirez, Guadalupe Machado, Sandi Jones, Jorge Aguilar, Bertha Fabela, Elsa Arias, by guardian Esperanza Cortez, Osmin Ramirez, by guardian Bertha Fabela, Michael Capps, Rudy Ramirez, Maria Guzman, Keith Meinke, Dilan Ramirez, by guardian Bertha Fabela with Notice and Proof of Service* Filed by Debtor Valley MHP, LLC. (Landau, Lewis) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (28566200)<br>LA COUNTY TREASURER<br>AND TAX COLLECTOR<br>POB 54110<br>LOS ANGELES CA 90054 | **Claim No: 27**<br>*Original Filed<br>Date:* 02/02/2011<br>*Original Entered<br>Date:* 02/09/2011 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Suarez, Mary<br>*Modified:* |

Secured claimed:  $24686.88

**Total     claimed: $24686.88**

*History:*

Details ☞ 27-1  02/02/2011 Claim #27 filed by LA COUNTY TREASURER, total amount claimed: $24686.88 (Suarez, Mary )

*Description:*

*Remarks:*

## Claims Register Summary

**Case Name:** Valley MHP, LLC.
**Case Number:** 1:10-bk-20599-GM
**Chapter:** 11
**Date Filed:** 08/25/2010
**Total Number Of Claims:** 27

| | Total Amount Claimed | Total Amount Allowed |
|---|---|---|
| **Unsecured** | $6421375.35 | |
| **Secured** | $1067995.78 | |
| **Priority** | $1720.68 | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | **$7491091.81** | **$0.00** |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/05/2011 12:42:57 | | | |
| **PACER Login:** | ll0312 | **Client Code:** | VMHP |
| **Description:** | Claims Register | **Search Criteria:** | 1:10-bk-20599-GM<br>Filed or Entered From:<br>2/11/2009 Filed or |

| In re: Valley MHP, LLC | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

23564 Calabasas Road, Suite 104
Calabasas, CA 91302

A true and correct copy of the foregoing document described as  Debtor's First Amended Disclosure Statement Etc.
_____  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  3/5/11  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  3/5/11  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Judge Mund, US Bankruptcy Court, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367
(Hand delivery on 3/7/11)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/5/11 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                     **F 9013-3.1**

In re: Valley MHP, LLC

Debtor(s).

CHAPTER: 11

CASE NUMBER: 1:10-bk-20599 GM

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Scott C Clarkson on behalf of Creditor Remedy Investors, LLC
sclarkson@lawcgm.com

Glen Dresser on behalf of Creditor Community Commerce Bank
gombd@aol.com

Christine M Fitzgerald on behalf of Creditor Remedy Investors, LLC
cfitzgerald@scckg.com

Lewis R Landau on behalf of Debtor Valley MHP, LLC.
lew@landaunet.com

Eve A Marsella on behalf of Creditor Remedy Investors, LLC
emarsella@lawcgm.com

John E Nuelle on behalf of Interested Party Courtesy NEF
jnuelle@greenhall.com

Robert Reganyan on behalf of Debtor Valley MHP, LLC.
reganyanlawfirm@gmail.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                **F 9013-3.1**