**Lewis R. Landau** (CA Bar No. 143391)
**Attorney at Law**
23564 Calabasas Road, Suite 104
Calabasas, California 91302
Voice and Fax: (888)822-4340
Email: Lew@Landaunet.com

Attorney for Debtor and
Debtor in Possession

FILED & ENTERED

JUN 08 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY remy       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Valley MHP, LLC,<br><br>Debtor. | Case No.: 1:10-bk-20599 GM<br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN AND SETTING POST-CONFIRMATION STATUS CONFERENCE**<br><br>Confirmation Hearing:<br>Date:     May 31, 2011<br>Time:    10:00 a.m.<br>Crtrm.:   303; 3rd Floor<br>              US Bankruptcy Court; Judge Mund<br>              21041 Burbank Blvd.<br>              Woodland Hills, CA 91367 |

On May 31, 2011 at 10:00 a.m. in the Courtroom of the Honorable Geraldine Mund, United States Bankruptcy Judge, the Court considered the matter of confirming the First Amended Chapter 11 Plan filed by Valley MHP, LLC ("Debtor") on March 5, 2011 [docket # 65] ("Plan"), pursuant to 11 U.S.C. § 1128 and 1129. Lewis R. Landau appeared for the Debtor.

The Court, having considered the Debtor's Plan, ballot tabulation [docket # 84], brief and evidence in support of confirmation [docket # 83] and finding notice properly given and good cause therefore, hereby enters the following findings and order.

///

///

The Court **FINDS**:

1. Pursuant to 11 U.S.C. § 1129(a)(1), the Plan complies with the applicable provisions of Title 11, United States Code.

2. Pursuant to 11 U.S.C. § 1129(a)(2), the proponent of the Plan has complied with the applicable provisions of Title 11, United States Code.

3. Pursuant to 11 U.S.C. § 1129(a)(3), the Plan has been proposed in good faith and not by any means prohibited by law.

4. Pursuant to 11 U.S.C. § 1129(a)(4), any payment made or to be made by the proponent, by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to court approval as reasonable.

5. Pursuant to 11 U.S.C. § 1129(a)(5): (A)(i) the proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and (B) the proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

6. Pursuant to 11 U.S.C. § 1129(a)(6), the Debtor's rates are not regulated.

7. Pursuant to 11 U.S.C. § 1129(a)(7), with respect to each impaired class of claims or interests: (A) each holder of a claim or interest of such class; (i) has accepted the Plan; or (ii) will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of this title on such date; or (B) if section 1111 (b)(2) of this title applies to the claims of such class, each holder of a claim of such class will receive or retain under the plan on account of such claim property of a value, as of the effective

date of the plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims.

8.   Pursuant to 11 U.S.C. § 1129(a)(8), with respect to each class of claims or interests: (A) such class has accepted the Plan; or (B) such class is not impaired under the Plan.

9.   Pursuant to 11 U.S.C. § 1129(a)(9), except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that: (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; (B) with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive: (i) if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim; (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in case: (i) of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under section 1122(b)); and (D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

10.   Pursuant to 11 U.S.C. § 1129(a)(10), at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11.   Pursuant to 11 U.S.C. § 1129(a)(11), confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

3

Case 1:10-bk-20599-GM    Doc 87    Filed 06/08/11    Entered 06/08/11 13:10:05    Desc
Main Document    Page 4 of 6


12. Pursuant to 11 U.S.C. § 1129(a)(12), all fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

13. Pursuant to 11 U.S.C. § 1129(a)(13), the Debtor has no retiree benefits.

14. Pursuant to 11 U.S.C. § 1129(a)(14), the Debtor has no domestic support obligations.

15. 11 U.S.C. § 1129(a)(15) is not applicable to this corporate Debtor.

16. Pursuant to 11 U.S.C. § 1129(a)(16) all transfers of property of the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

17. Pursuant to 11 U.S.C. § 1129(b) the Plan is fair and equitable to any non-accepting classes of creditors.

Based on the foregoing, the Court **ORDERS**:

18. That the Plan is confirmed.

19. The Debtor's discharge shall be deemed entered contemporaneously with the Plan effective date which is August 1, 2011.

20. A post-confirmation status conference is hereby set for August 30, 2011 at 10:00 a.m. in Courtroom 303, 3rd Floor, U.S. Bankruptcy Court 21041 Burbank Boulevard, Woodland Hills, California 91367. The Debtor shall file a post-confirmation status report not later than one week prior to the status conference containing the information set forth in Local Bankruptcy Rule 3020-1(b), unless the case is earlier concluded by final decree.

###

DATED: June 8, 2011

_____
United States Bankruptcy Judge

| In re:<br>Valley MHP, LLC,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 1:10-bk-20599 GM |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 23564 Calabasas Road, Suite 104 Calabasas, CA 91302

A true and correct copy of the foregoing document described **ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN AND SETTING POST-CONFIRMATION STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  6/1/11  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Via US Mail:
Judge Mund United States Bankruptcy Court 21041 Burbank Blvd Ste 342 Woodland Hills CA 91367-6606
Office of the US Trustee, 21051 Warner Center Lane, Suite 115, Woodland Hills CA 91367-6606
Christine Fitzgerald, Smith Campbell et al. 3424 Carson St., Suite 350, Torrance, CA 90503

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/1/11 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                **F 9013-3.1**

| In re:<br>Valley MHP, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:10-bk-20599 GM |

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN AND SETTING POST-CONFIRMATION STATUS CONFERENCE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** : Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 6/1/11 , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Scott C Clarkson on behalf of Creditor Remedy Investors, LLC sclarkson@lawcgm.com
Glen Dresser on behalf of Creditor Community Commerce Bank gombd@aol.com
Christine M Fitzgerald on behalf of Creditor Remedy Investors, LLC cfitzgerald@scckg.com
Lewis R Landau on behalf of Debtor Valley MHP, LLC. lew@landaunet.com
Eve A Marsella on behalf of Creditor Remedy Investors, LLC emarsella@lawcgm.com
John E Nuelle on behalf of Interested Party Courtesy NEF jnuelle@greenhall.com
Robert Reganyan on behalf of Debtor Valley MHP, LLC. reganyanlawfirm@gmail.com
S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV) margaux.ross@usdoj.gov
United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9021-1.1**